UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

*Plaintiffs*,

v.

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

*Defendant*.

Case No. 8:21-cv-00555-SDM-CPT

## ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TAMMY HEILMAN

Plaintiff Tammy Heilman hereby responds to Defendant Chris Nocco's First Set of Interrogatories as follows:

**INTERROGATORY 1:** State your full name, your social security number, your date of birth, and the name(s) of your spouse and all former spouses if you are or were ever married, and the names and ages of your children, if any.

**ANSWER:** Plaintiff objects that this interrogatory seeks private information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Private information such as Plaintiff's social security number, the names of former spouses, and the names of children not at issue in this case is not relevant to whether the Program violates the U.S. Constitution.

Subject to and without waiving these objections, Plaintiff answers as follows:

Full name: Tammy Lynn Heilman

1

Date of Birth: ███████████

My husband's name is Jeffrey Zander, but we are separated. Only two of my children are at issue in this lawsuit—Donnie and Anthony McDougall. Donnie's birthdate is ███████████, and Anthony's birthdate is ███████████.

**INTERROGATORY 2:** State if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were a plaintiff or defendant, the nature of the action, and the date and court in which such lawsuit was filed, and the case outcome.

**ANSWER:** Plaintiff objects that this interrogatory seeks information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Whether Plaintiff has been a party to other lawsuits, along with the details of those other lawsuits, is not relevant to whether the Program violates the U.S. Constitution.

Plaintiff additionally objects that this interrogatory is overbroad and seeks information that pre-dates the relevant timeframe in this case.

Subject to and without waiving these objections, Plaintiff answers as follows:

To the best of my recollection, I've been the Plaintiff in two car accident lawsuits, one in Pasco County and one in Pinellas County. The Pasco County lawsuit is still open. I can't remember when they were filed.

**INTERROGATORY 3:** State your educational background, including schools attended and diplomas/degrees obtained.

**ANSWER:** Plaintiff objects that this interrogatory seeks information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Plaintiff's educational background is not relevant to whether the Program violates the U.S. Constitution.

Plaintiff additionally objects that this interrogatory is overbroad and seeks information that pre-dates the relevant timeframe in this case.

Subject to and without waiving these objections, Plaintiff answers as follows:

I attended River Ridge High School in New Port Richey, but I didn't graduate.

**INTERROGATORY 4:** List the names, business addresses, dates of employment, job title and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten (10) years.

**ANSWER:** Plaintiff objects that this interrogatory seeks information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Plaintiff's employment history is not relevant to whether the Program violates the U.S. Constitution.

Plaintiff additionally objects that this interrogatory is overbroad and seeks information that pre-dates the relevant timeframe in this case.

Subject to and without waiving these objections, Plaintiff's employment information for the relevant timeframe in this case is as follows:

I haven't worked since I had my daughter twelve years ago.

**INTERROGATORY 5:** State the basis for your claim that you have lost income, benefits, or earning capacity in the past or future as a result of the incidents described in the Complaint and state the nature of the income, benefits, or earning capacity, and the amount and method that was used in computing the amount.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 6:** Identify every time you have been arrested, including the arresting agency for each arrest, the dates of each arrest, the nature of charges for each arrest, and the outcome of each arrest.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. Defendant has better relative access to the requested information. *See* Fed. R. Civ. P. 26(b)(1).

Plaintiff additionally objects that Defendant's use of the words "arrested" and "arrest" are vague and ambiguous. Defendant's interrogatories do not define what he means by those words.

See the documents previously produced at Plaintiffs00121–Plaintiffs00142 and Plaintiff's response to Interrogatory 12.

**INTERROGATORY 7:** Identify each and every medical care provider, including doctors, psychologists, psychiatrists, counselors, chiropractors, hospitals, clinics, first aid stations, or any other healthcare provider or facility, from whom you have received any medical care or treatment, including diagnosis, testing, medication, physical, psychological, psychiatric, or mental therapy in the past ten (10) years. For each such person or facility, list the last known name and address of said person or facility and also include the dates of treatment and any medications that were prescribed by each provider.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 8:** Describe each physical or psychological injury for which you are claiming damages in this case, specifying the part of your body which was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects of those injuries on you that you contend are permanent.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 9:** List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for any injuries for which you seek damages in this case.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 10:** List each item of expense or damage, including loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

**ANSWER:** In light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, Plaintiff answers as follows:

| Date | Expense or Damage | Entity Paid or Owed |
|---|---|---|
| 3/1/2016 | Code Enforcement Citation – R-4 Density Residential Use | Pasco County |
| 3/1/2016 | Code Enforcement Citation – Standards for Numbering | Pasco County |
| September 2016 | Bond cost after arrest by PCSO | PCSO |
| September 2016 | Impound fee for car after arrest by PCSO | Pasco County |
| 2016 | Attorney costs after arrest by PCSO | Tanner Law |
| 10/18/2017 | Code Enforcement Citation – Accumulation of Debris | Pasco County |
| 2016-2018 | Court costs after arrests by PCSO | Pasco County |
| 2018-2019 | Probation payments after arrests by PCSO | JPay |
| 2018-2019 | Payment for court-ordered anger management classes | Pasco County |
| 2015 – Present | Nominal damages | N/A |

**INTERROGATORY 11:** List the names and address of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

**ANSWER:** Plaintiff objects that this interrogatory is vague, overbroad, burdensome, and unlimited in time. In addition to the Plaintiffs, the primary individuals with knowledge about these incidents are the PCSO officials charged with the implementation of the Program. Visits to the Plaintiff's homes may also have been witnessed by members of Plaintiff's family, as well as neighbors and others either living or visiting the vicinity of their homes.

See also the individuals listed in Plaintiffs' Initial Disclosures.

**INTERROGATORY 12:** State the dates of all interactions you have had with the Pasco Sheriff's Office that you claim were caused as a result of the Intelligence-Led Policing Program, and state the outcome of any such interactions, including whether you were detained, searched and/or arrested.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. As Defendant maintains detailed records in connection with the matters identified in this interrogatory, Defendant has better relative access to the requested information. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs are seeking this information in their own discovery requests, which Defendant so far has not answered.

Subject to and without waiving these objections, Plaintiff answers as follows:

Deputies from the Pasco County Sheriff's Office visited my house repeatedly between 2015 and 2020 to check on my son. I don't remember the dates of each visit, but I remember they always wanted to talk to my son and they sometimes walked around my house trying to see if he was inside. They sometimes wrote up code violations during their visits—some in March 2016 one in October 2017. I remember I was arrested in September 2016, after I refused to talk to a deputy about my son and began driving away from my house. He followed my car down the road, pulled me over because he said we weren't wearing seatbelts, and tried to yank me out of my car. I was so scared I tried to call 9-1-1, but the deputy disconnected the call. They arrested me for battery on a law enforcement officer because I resisted being pulled out of my

car. And then in September 2018, I was arrested again after PCSO deputies came to my house asking for my son. They asked to come inside, and as I opened the screen door it hit the boots of the deputy right in front of the door. They arrested me for felony battery on a law enforcement officer, and I had to go to jail because I was already on probation. And in 2020, my younger son was arrested by PCSO deputies. When I picked him up, I was told he shouldn't have been arrested.

**INTERROGATORY 13:** For those incidents listed in your response to Question 12, state the factual basis for your claim that the Intelligence-Led Policing Program was the cause of the interactions you had had with the Pasco Sheriff's Office.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. As Defendant maintains detailed records in connection with the matters identified in this interrogatory, Defendant has better relative access to the requested information. Fed. R. Civ. P. 26(b)(1). Plaintiffs are seeking this information in their own discovery requests, which Defendant so far has not answered.

Subject to and without waiving these objections, Plaintiff answers as follows:

At some point I was told that my son was a prolific offender, but I can't remember which deputy told me that. I also asked the deputies to stop harassing me, but they said they couldn't. After my arrest in September 2016, on the way to the police station, Corporal Andrew Denbo explained that the Pasco County Sheriff's Office policy was to go visit the homes of people who have committed crimes—like my son—and enforce every single violation they see there.

**INTERROGATORY 14:** Identify any and all Pasco Sheriff's personnel who you contend informed you that they interacted with you due to the Intelligence-Led Policing Program, and the substance of and dates of any such statements.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. As Defendant maintains detailed records in connection with the matters identified in this interrogatory, Defendant has better relative access to the requested information. Fed. R. Civ. P. 26(b)(1). Plaintiffs are seeking this information in their own discovery requests, which Defendant so far has not answered.

Subject to and without waiving these objections, Plaintiff answers as follows:

Corporal Andrew Denbo explained how the Program works and why they had to keep visiting while I was riding in his squad car to the jail after I was arrested in September 2016. I can't remember the names of the other deputies that informed me that my son was a prolific offender and that they had to keep visiting my house.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the preceding interrogatory responses are true and correct to the best of my knowledge. Executed on July 22, 2021.

_____  
Tammy Heilman

7/22/21  
Date

**BRENDA LYNN ENDRES**
Notary Public - State of Florida
Commission # HH 015089
My Comm. Expires May 5, 2024

Brenda Lynn Endres 07/22/21
Brenda Lynn Endres

Dated: July 26, 2021.

/s/ Ari S. Bargil
Ari S. Bargil (FL Bar No. 71454)
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
abargil@ij.org

Joshua A. House (CA Bar No. 284856)*
Caroline Grace Brothers (DC Bar No. 1656094)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Fax: (703) 682-9321
jhouse@ij.org
cgbrothers@ij.org

Robert E. Johnson (OH Bar No. 0098498)*
INSTITUTE FOR JUSTICE
16781 Chagrin Boulevard, Suite 256
Shaker Heights, OH 44120
Tel.: (703) 682-9320
Fax: (703) 682-9321
rjohnson@ij.org

* Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26 day of July, 2021, a true and correct copy of the foregoing document was served via electronic mail to the following counsel of record:

Thomas W. Poulton
poulton@debevoisepoulton.com

Jeffrey K. Grant
grant@debevoisepoulton.com

Erin M. Tueche
tueche@debevoisepoulton.com

Robert D. Holborn, II
holborn@debevoisepoulton.com

DEBEVOISE & POULTON, PA
1035 S Semoran Blvd, Suite 1010
Winter Park, FL 32792-5512

/s/ Ari S. Bargil