UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DALANEA TAYLOR; TAMMY HEILMAN; DARLENE DEEGAN; and ROBERT A. JONES III, <br><br>*Plaintiffs*, <br><br>v. <br><br>CHRIS NOCCO, in his official capacity as Pasco County Sheriff, <br><br>*Defendant*. | Case No. 8:21-cv-00555-SDM-CPT |

## ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF DARLENE DEEGAN

Plaintiff Darlene Deegan hereby responds to Defendant Chris Nocco's First Set of Interrogatories as follows:

**INTERROGATORY 1:** State your full name, your social security number, your date of birth, and the name(s) of your spouse and all former spouses if you are or were ever married, and the names and ages of your children, if any.

**ANSWER:** Plaintiff objects that this interrogatory seeks private information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Private information such as Plaintiff's social security number, the names of former spouses, and the names of children not at issue in this case is not relevant to whether the Program violates the U.S. Constitution.

Subject to and without waiving these objections, Plaintiff answers as follows:

Full name: Darlene Deegan

1

Date of Birth: ███████████

I am not currently married. The only one of my children at issue in this case is Tyler Robert Paneson. His date of birth was ███████████.

**INTERROGATORY 2:** State if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were a plaintiff or defendant, the nature of the action, and the date and court in which such lawsuit was filed, and the case outcome.

**ANSWER:** Plaintiff objects that this interrogatory seeks information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Whether Plaintiff has been a party to other lawsuits, along with the details of those other lawsuits, is not relevant to whether the Program violates the U.S. Constitution.

Plaintiff additionally objects that this interrogatory is overbroad and seeks information that pre-dates the relevant timeframe in this case.

Subject to and without waiving these objections, Plaintiff answers as follows:

To the best of my recollection, I have been a part of several lawsuits. When I was working at Century 21, I had to sue people a few times to settle debts. I also had to sue my partner once to separate and open my own Century 21 office. That was in Pasco County around 1988 or 1989. In 1988, I divorced my children's father in Pasco County Circuit Court. In 2012, one of my properties on Beverly Drive in Pasco County was foreclosed. I contested the foreclosure on the grounds that it was fraudulent, but the court ultimately ruled against me. In 2016, I sued a person who hit me with her car to recoup my medical and automotive bills. That case is closed. I also have an open case in Pasco County where I'm suing Gulf Breeze Properties because they owe me money.

**INTERROGATORY 3:** State your educational background, including schools attended and diplomas/degrees obtained.

**ANSWER:** Plaintiff objects that this interrogatory seeks information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Plaintiff's educational background is not relevant to whether the Program violates the U.S. Constitution.

Plaintiff additionally objects that this interrogatory is overbroad and seeks information that pre-dates the relevant timeframe in this case.

Subject to and without waiving these objections, Plaintiff answers as follows:

I attended Crosby High School in Waterbury, Connecticut. I also obtained Associate Degrees from the School of Fashion Design and Chamberlain School of Retailing, both in Boston, Massachusetts. I received the training I needed for my real estate license at St. Petersburg College, and I received training to be a Notary Public and Certified Signing Agent from the National Notary Association. I also received training to obtain a Health and Life Insurance license, which I held between 2008 and 2020.

**INTERROGATORY 4:** List the names, business addresses, dates of employment, job title and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten (10) years.

**ANSWER:** Plaintiff objects that this interrogatory seeks information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Plaintiff's employment history is not relevant to whether the Program violates the U.S. Constitution.

Plaintiff additionally objects that this interrogatory is overbroad and seeks information that pre-dates the relevant timeframe in this case.

Subject to and without waiving these objections, Plaintiff's employment information for the relevant timeframe in this case is as follows:

Between 2012 and 2020, I was working as a customer service representative for Arise in Margate, Florida. Since 2014, I have worked as a Certified Signing Agent doing mortgage signings. I also work for Inspire Closing Services, located at 420 Rouser Road, Suite 500, Moon Twp, Pennsylvania, 15108.

**INTERROGATORY 5:** State the basis for your claim that you have lost income, benefits, or earning capacity in the past or future as a result of the incidents described in the Complaint and state the nature of the income, benefits, or earning capacity, and the amount and method that was used in computing the amount.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 6:** Identify every time you have been arrested, including the arresting agency for each arrest, the dates of each arrest, the nature of charges for each arrest, and the outcome of each arrest.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. Defendant has better relative access to the requested information. *See* Fed. R. Civ. P. 26(b)(1).

Plaintiff additionally objects that Defendant's use of the words "arrested" and "arrest" are vague and ambiguous. Defendant's interrogatories do not define what he means by those words.

Subject to and without waiving these objections, Plaintiff answers as follows:

I have never been arrested.

**INTERROGATORY 7:** Identify each and every medical care provider, including doctors, psychologists, psychiatrists, counselors, chiropractors, hospitals, clinics, first aid stations, or any other healthcare provider or facility, from whom you have received any medical care or treatment, including diagnosis, testing, medication, physical, psychological, psychiatric, or mental therapy in the past ten (10) years. For each such person or facility, list the last known name and address of said person or facility and also include the dates of treatment and any medications that were prescribed by each provider.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 8:** Describe each physical or psychological injury for which you are claiming damages in this case, specifying the part of your body which was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects of those injuries on you that you contend are permanent.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 9:** List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for any injuries for which you seek damages in this case.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 10:** List each item of expense or damage, including loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

**ANSWER:** In light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, Plaintiff answers as follows:

| Date | Expense or Damage | Entity Paid or Owed |
|---|---|---|
| 10/14/2017 | Canoes stolen after Tyler Paneson's eviction by PCSO | N/A |
| 10/14/2017 | Bicycles stolen after Tyler Paneson's eviction by PCSO | N/A |

| | | |
|---|---|---|
| 10/20/2017 | Impound Fee | Pasco County |
| 6/6/2018 | Code Enforcement Citation – Accumulation of Debris | Pasco County |
| 6/6/2018 | Code Enforcement Citation – Permitted Use Violation | Pasco County |
| 6/6/2018 | Code Enforcement Citation – Polluted Water Disharge | Pasco County |
| 6/6/2018 | Code Enforcement Citation – Parking/Storing Commercial | Pasco County |
| 6/6/2018 | Code Enforcement Citation – Standards for Numbering | Pasco County |
| 6/27/2019 | Code Enforcement Citation – Land Overgrown Conditions | Pasco County |
| 2016 – Present | Nominal damages | N/A |

**INTERROGATORY 11:** List the names and address of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

> **ANSWER:** Plaintiff objects that this interrogatory is vague, overbroad, burdensome, and unlimited in time. In addition to the Plaintiffs, the primary individuals with knowledge about these incidents are the PCSO officials charged with the implementation of the Program. Visits to the Plaintiff's homes may also have been witnessed by members of Plaintiff's family, as well as neighbors and others either living or visiting the vicinity of their homes.
>
> See also the individuals listed in Plaintiffs' Initial Disclosures.

**INTERROGATORY 12:** State the dates of all interactions you have had with the Pasco Sheriff s Office that you claim were caused as a result of the Intelligence-Led Policing Program, and state the outcome of any such interactions, including whether you were detained, searched and/or arrested.

> **ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. As Defendant maintains detailed records in connection with the matters identified in this interrogatory, Defendant has

6

better relative access to the requested information. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs are seeking this information in their own discovery requests, which Defendant so far has not answered.

Subject to and without waiving these objections, Plaintiff answers as follows:

Between 2016 and 2019, PCSO deputies visited my house regularly to try to talk to my son, Tyler, and ask me where he was. I don't remember the date of each visit, but the regular visits stopped after my son died in 2019. Police cars were frequently parked outside my house. They harassed my son, too, and during a raid in October 2017 on the house that he was staying in, which I owned and was in the process of selling, they evicted everyone staying at the house, arrested Tyler, and impounded the family dog. The deputies left the door open, and several pieces of my personal property that I kept there were stolen. They also wrote me multiple code citations during a visit in June 2018 and wrote another citation for overgrown grass during a visit in June 2019.

**INTERROGATORY 13:** For those incidents listed in your response to Question 12, state the factual basis for your claim that the Intelligence-Led Policing Program was the cause of the interactions you had had with the Pasco Sheriff's Office.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. As Defendant maintains detailed records in connection with the matters identified in this interrogatory, Defendant has better relative access to the requested information. Fed. R. Civ. P. 26(b)(1). Plaintiffs are seeking this information in their own discovery requests, which Defendant so far has not answered.

Subject to and without waiving these objections, Plaintiff answers as follows:

It felt like we were targeted for harassment because of all of the visits and code enforcement citations from PCSO deputies. At some point, a deputy told me Tyler was a "Top 5 Offender," but I didn't know what that meant at the time. I first heard about the Program from the Institute for Justice, and then I read the articles from the *Tampa Bay Times* and I found out that other people had been harassed like we were. And then I understood why we were being harassed, and it made me scared to live in this County.

7

**INTERROGATORY 14:** Identify any and all Pasco Sheriff's personnel who you contend informed you that they interacted with you due to the Intelligence-Led Policing Program, and the substance of and dates of any such statements.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. As Defendant maintains detailed records in connection with the matters identified in this interrogatory, Defendant has better relative access to the requested information. Fed. R. Civ. P. 26(b)(1). Plaintiffs are seeking this information in their own discovery requests, which Defendant so far has not answered.

Subject to and without waiving these objections, Plaintiff answers as follows:

I don't remember the names of the deputies who said they had to keep coming to my house to check on Tyler. One detective told me Tyler was a Top 5 Offender when they came looking for him one time. According to the business card he gave me, his name is Detective Eric Pfenninger.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the preceding interrogatory responses are true and correct to the best of my knowledge. Executed on July 22, 2021.

_____       7-22-2021
Darlene Deegan                                    Date

*Jasmine Marie Chanell Chillious* (signature)

JASMINE MARIE CHANELL CHILLIOUS
Notary Public - State of Florida
Commission # HH 084791
My Comm. Expires Jan 25, 2025
Bonded through National Notary Assn.

Dated: July 26, 2021.

/s/ Ari S. Bargil
Ari S. Bargil (FL Bar No. 71454)
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
abargil@ij.org

Joshua A. House (CA Bar No. 284856)*
Caroline Grace Brothers (DC Bar No. 1656094)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Fax: (703) 682-9321
jhouse@ij.org
cgbrothers@ij.org

Robert E. Johnson (OH Bar No. 0098498)*
INSTITUTE FOR JUSTICE
16781 Chagrin Boulevard, Suite 256
Shaker Heights, OH 44120
Tel.: (703) 682-9320
Fax: (703) 682-9321
rjohnson@ij.org

* Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26 day of July, 2021, a true and correct copy of the foregoing document was served via electronic mail to the following counsel of record:

Thomas W. Poulton
poulton@debevoisepoulton.com

Jeffrey K. Grant
grant@debevoisepoulton.com

Erin M. Tueche
tueche@debevoisepoulton.com

Robert D. Holborn, II
holborn@debevoisepoulton.com

DEBEVOISE & POULTON, PA
1035 S Semoran Blvd, Suite 1010
Winter Park, FL 32792-5512

/s/ Ari S. Bargil