UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DALANEA TAYLOR; TAMMY HEILMAN; DARLENE DEEGAN; and ROBERT A. JONES III,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHRIS NOCCO, in his official capacity as Pasco County Sheriff,<br><br>*Defendant*. | Case No. 8:21-cv-00555-SDM-CPT |

## ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF ROBERT A. JONES III

Plaintiff Robert A. Jones, III hereby responds to Defendant Chris Nocco's First Set of Interrogatories as follows:

**INTERROGATORY 1:** State your full name, your social security number, your date of birth, and the name(s) of your spouse and all former spouses if you are or were ever married, and the names and ages of your children, if any.

**ANSWER:** Plaintiff objects that this interrogatory seeks private information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Private information such as Plaintiff's social security number, the names of former spouses, and the names of children not at issue in this case is not relevant to whether the Program violates the U.S. Constitution.

Subject to and without waiving these objections, Plaintiff answers as follows:

Full name: Robert Arthur Jones III

1

Date of Birth: ███████████

My current spouse's name is Donna Jones. The only one of my children that is at issue in this case is Robert Arthur Jones IV, and his date of birth is ███████████.

**INTERROGATORY 2:** State if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were a plaintiff or defendant, the nature of the action, and the date and court in which such lawsuit was filed, and the case outcome.

**ANSWER:** Plaintiff objects that this interrogatory seeks information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Whether Plaintiff has been a party to other lawsuits, along with the details of those other lawsuits, is not relevant to whether the Program violates the U.S. Constitution.

Plaintiff additionally objects that this interrogatory is overbroad and seeks information that pre-dates the relevant timeframe in this case.

Subject to and without waiving these objections, Plaintiff answers as follows:

In 2016, I filed a lawsuit in Pinellas County against Citizens Insurance concerning corroded pipes at one of my properties. That case is still open. In 2008, my ex-wife and I filed for divorce in Wayne County, Georgia and the divorce was finalized the same year.

**INTERROGATORY 3:** State your educational background, including schools attended and diplomas/degrees obtained.

**ANSWER:** Plaintiff objects that this interrogatory seeks information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Plaintiff's educational background is not relevant to whether the Program violates the U.S. Constitution.

Plaintiff additionally objects that this interrogatory is overbroad and seeks information that pre-dates the relevant timeframe in this case.

Subject to and without waiving these objections, Plaintiff answers as follows:

I graduated from Clearwater High School in Clearwater, Florida. I also earned a general Associate of Arts degree and an Associate of Science degree in paralegal studies from Florida State College and a Bachelor of Science degree in paralegal studies from St. Petersburg College.

**INTERROGATORY 4:** List the names, business addresses, dates of employment, job title and rates of pay regarding all employers, including self-employment, for whom you have worked in the past ten (10) years.

**ANSWER:** Plaintiff objects that this interrogatory seeks information that is not relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). This action challenges the Defendant's Intelligence-Led Policing Program and its enforcement against Plaintiffs. For the reasons set forth in Plaintiffs' complaint, enforcing the Program against Plaintiffs violated their constitutional rights. Plaintiff's employment history is not relevant to whether the Program violates the U.S. Constitution.

Plaintiff additionally objects that this interrogatory is overbroad and seeks information that pre-dates the relevant timeframe in this case.

Subject to and without waiving these objections, Plaintiff's employment information for the relevant timeframe in this case is as follows:

I worked for Legacy Components as a Compliance Manager from 2014 to 2019. They are located at 4613 North Clark Ave., Tampa, Florida, 33614. Since 2019, I have been self-employed at Taxes Done 9-1-1. The business address is the same as my home address.

**INTERROGATORY 5:** State the basis for your claim that you have lost income, benefits, or earning capacity in the past or future as a result of the incidents described in the Complaint and state the nature of the income, benefits, or earning capacity, and the amount and method that was used in computing the amount.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 6:** Identify every time you have been arrested, including the arresting agency for each arrest, the dates of each arrest, the nature of charges for each arrest, and the outcome of each arrest.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. Defendant has better relative access to the requested information. *See* Fed. R. Civ. P. 26(b)(1).

Plaintiff additionally objects that Defendant's use of the words "arrested" and "arrest" are vague and ambiguous. Defendant's interrogatories do not define what he means by those words.

See the documents previously produced at Plaintiffs00161–Plaintiffs00180 and Plaintiff's response to Interrogatory 12.

**INTERROGATORY 7:** Identify each and every medical care provider, including doctors, psychologists, psychiatrists, counselors, chiropractors, hospitals, clinics, first aid stations, or any other healthcare provider or facility, from whom you have received any medical care or treatment, including diagnosis, testing, medication, physical, psychological, psychiatric, or mental therapy in the past ten (10) years. For each such person or facility, list the last known name and address of said person or facility and also include the dates of treatment and any medications that were prescribed by each provider.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 8:** Describe each physical or psychological injury for which you are claiming damages in this case, specifying the part of your body which was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects of those injuries on you that you contend are permanent.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 9:** List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for any injuries for which you seek damages in this case.

**ANSWER:** Plaintiff objects that in light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, this request for production does not seek information relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

**INTERROGATORY 10:** List each item of expense or damage, including loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

**ANSWER:** In light of the Plaintiffs' First Supplemental Initial Disclosures sent to Defendant on July 26, 2021, Plaintiff answers as follows:

| Date | Expense or Damage | Entity Paid or Owed |
|---|---|---|
| 10/9/2015 | Code Enforcement Citation – RVs, Boats, Trailers | Pasco County |
| 10/9/2015 | Bond payment after arrest by PCSO deputies | PCSO |
| 12/26/2015 | Code Enforcement Citation – RVs, Boats, Trailers | Pasco County |
| 12/26/2015 | Code Enforcement Citation – RVs, Boats, Trailers | Pasco County |
| 12/28/2015 | Bond payments after arrest by PCSO deputies | PCSO |
| 1/5/2016 | Bond payments after arrest by PCSO deputies | PCSO |
| 3/28/2016 | Code Enforcement Citation – Lack of Posted Address | Pasco County |

| 3/28/2016 | Code Enforcement Citation – Overgrown Conditions | Pasco County |
| --- | --- | --- |
| 3/28/2016 | Code Enforcement Citation – RVs, Boats, Trailers | Pasco County |
| 3/29/2016 | Multiple electronics seized and either never returned or returned in useless condition | T-Mobile |
| 3/30/2016 | Bond payments after arrest by PCSO deputies | PCSO |
| 4/5/2016 | Bond payments after arrest by PCSO deputies | PCSO |
| April 2016 | Moving expenses from moving out of Pasco County to escape harassment from PCSO deputies | N/A |
| 2015 – Present | Nominal damages | N/A |

**INTERROGATORY 11:** List the names and address of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

**ANSWER:** Plaintiff objects that this interrogatory is vague, overbroad, burdensome, and unlimited in time. In addition to the Plaintiffs, the primary individuals with knowledge about these incidents are the PCSO officials charged with the implementation of the Program. Visits to the Plaintiff's homes may also have been witnessed by members of Plaintiff's family, as well as neighbors and others either living or visiting the vicinity of their homes.

See also the individuals listed in Plaintiffs' Initial Disclosures.

**INTERROGATORY 12:** State the dates of all interactions you have had with the Pasco Sheriff s Office that you claim were caused as a result of the Intelligence-Led Policing Program, and state the outcome of any such interactions, including whether you were detained, searched and/or arrested.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. As Defendant maintains detailed records in connection with the matters identified in this interrogatory, Defendant has

better relative access to the requested information. *See* Fed. R. Civ. P. 26(b)(1). Plaintiffs are seeking this information in their own discovery requests, which Defendant so far has not answered.

Subject to and without waiving these objections, Plaintiff answers as follows:

I don't remember the dates of every visit that PCSO deputies visited my house asking about my son Bobby, but they regularly visited my house—sometimes as often as multiple times a day—when I lived in Pasco between 2015 and 2016. Sometimes they came to my house when I wasn't home and demanded that my young daughters let them in.

On September 22, 2015, PCSO deputies came to my house and asked to speak with Bobby. I let them in because I thought they would educate my son on the laws of Pasco County. Since there 18 officers, I could not keep an eye on all of them as they stormed my house. They left without arresting anyone that day, but then they came back a few days later and arrested Bobby claiming that they found sandwich bags with traces of marijuana on his bedroom floor. Bobby went to JDC for 21 days for possession of marijuana, but the court later found that the baggies didn't contain marijuana and that Bobby was not guilty. That is when the PCSO STAR Team started coming multiple times and started demanding to search the house. When I refused them entry because it was my constitutional right to deny them entry without a warrant, they weaponized ordinance violations.

During a visit on October 9, 2015, seventeen days later, after I denied PCSO deputies the ability to search my house, they wrote me a citation for a trailer in my yard and arrested me. I never received the code citation, though.

On December 26 and 27, 2015, PCSO deputies visited my house again. They gave me code citations for my boat and trailers again (which I didn't receive), and they saw my employee smoking inside my house. I refused to let them inside, so they arrested me for "contributing to the delinquency of a minor" and "resisting arrest without violence." Those charges were later dropped. But I was arrested again a few days later on January 5, 2016, for failing to appear to pay the fines for the code citations I never received.

On March 28 and 29, 2016, PCSO deputies executed a search warrant at my home. They ransacked the house, destroyed some of my furniture, and seized my family's laptops, tablets, and phones, some of which I used for my

business. Some of those were never returned, and the electronics they did return were useless after PCSO's examination of them. PCSO deputies arrested me during that visit for "possession of marijuana" and "child neglect." Both of those charges were later dropped. During that visit, PCSO deputies also wrote me code citations for my trailer, for overgrown grass, and for missing house numbers. I never saw those citations, so they arrested me again on April 5, 2016, for failing to appear to pay those fines.

**INTERROGATORY 13:** For those incidents listed in your response to Question 12, state the factual basis for your claim that the Intelligence-Led Policing Program was the cause of the interactions you had had with the Pasco Sheriff's Office.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. As Defendant maintains detailed records in connection with the matters identified in this interrogatory, Defendant has better relative access to the requested information. Fed. R. Civ. P. 26(b)(1). Plaintiffs are seeking this information in their own discovery requests, which Defendant so far has not answered.

Subject to and without waiving these objections, Plaintiff answers as follows:

After being arrested over and over again—and not being convicted for any of the charges—and having PCSO deputies regularly come to my house and give me code citations, it felt like my son and I were being targeted. I first saw the term "prolific offender" on some juvenile court records of my son's, and in 2015 and 2016 the deputies would say that he was a prolific offender, but I didn't find out what that term meant until I spoke with Kathleen at the *Tampa Bay Times*. That's when I found out that my son was on a list, and that PCSO deputies had a custom of harassing people on the list and their families.

**INTERROGATORY 14:** Identify any and all Pasco Sheriff's personnel who you contend informed you that they interacted with you due to the Intelligence-Led Policing Program, and the substance of and dates of any such statements.

**ANSWER:** Plaintiff objects that this interrogatory seeks information already in the possession of Defendant. As Defendant maintains detailed records in connection with the matters identified in this interrogatory, Defendant has better relative access to the requested information. Fed. R. Civ. P. 26(b)(1).

8

Plaintiffs are seeking this information in their own discovery requests, which Defendant so far has not answered.

Subject to and without waiving these objections, Plaintiff answers as follows:

The deputies always mentioned that they would continue to keep coming by to check on my son, Bobby. When I asked them to stop coming by, they made it a point to say that they couldn't stop because they were required to keep coming. But they never really explained why. I can't remember their names, but the names of some of the deputies that came to my house are in the records of code citations and arrests of both me and my son.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the preceding interrogatory responses are true and correct to the best of my knowledge. Executed on July 22, 2021.

_____
Robert A. Jones, III

7/22/2021
Date

Brenda Lynn Endres  07-22-2021

BRENDA LYNN ENDRES
Notary Public - State of Florida
Commission # HH 015089
My Comm. Expires May 5, 2024

10

Dated: July 26, 2021.

/s/ Ari S. Bargil
Ari S. Bargil (FL Bar No. 71454)
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
abargil@ij.org

Joshua A. House (CA Bar No. 284856)*
Caroline Grace Brothers (DC Bar No. 1656094)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Fax: (703) 682-9321
jhouse@ij.org
cgbrothers@ij.org

Robert E. Johnson (OH Bar No. 0098498)*
INSTITUTE FOR JUSTICE
16781 Chagrin Boulevard, Suite 256
Shaker Heights, OH 44120
Tel.: (703) 682-9320
Fax: (703) 682-9321
rjohnson@ij.org

* Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

11

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of July, 2021, a true and correct copy of the foregoing document was served via electronic mail to the following counsel of record:

Thomas W. Poulton
poulton@debevoisepoulton.com

Jeffrey K. Grant
grant@debevoisepoulton.com

Erin M. Tueche
tueche@debevoisepoulton.com

Robert D. Holborn, II
holborn@debevoisepoulton.com

DEBEVOISE & POULTON, PA
1035 S Semoran Blvd, Suite 1010
Winter Park, FL 32792-5512

/s/ Ari S. Bargil