# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DALANEA TAYLOR; TAMMY HEILMAN; DARLENE DEEGAN; and ROBERT A. JONES III,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHRIS NOCCO, in his official capacity as Pasco County Sheriff,<br><br>*Defendant*. | Case No. 8:21-cv-00555-SDM-CPT |

## JOINT STATUS REPORT

Plaintiffs and Defendant, by and through undersigned counsel and pursuant to the Court's Order of May 27, 2021 (Dkt. 29), hereby provide the Court with a status report concerning the progress of discovery.

The parties have exchanged written discovery as follows:  On May 21, the parties exchanged initial disclosures.  On June 4, Plaintiffs served four Interrogatories, which Defendant answered on July 6.  On June 4, Plaintiffs served four Requests for Production concerning Defendant's policies for the challenged Program. Defendant served initial sets of documents in response to these requests on July 6 and July 30.  In addition, Defendant sent a further production, culled from an initial search of 300 emails, on August 5. Defendant is continuing to run additional searches for responsive documents pursuant to this request.

On June 16, Defendant served each Plaintiff with fourteen Interrogatories and sixteen Requests for Production, which Plaintiffs answered on July 26.  On June 21, Plaintiffs served ten Requests for Production concerning Defendant's implementation of the challenged Program. Defendant responded to these requests on July 20 with objections but did not produce any additional documents. Defendant has not completed production on these requests.  On August 10, Plaintiffs served an additional Request for Production seeking information on over 125 specific interactions between these individual Plaintiffs and the PCSO, which Plaintiffs believe are traceable to the challenged Program. Defendant's response is due September 10.

1

Defendant has agreed to conduct additional searches for responsive documents, and the parties are working to enter into a confidentiality agreement to speed the pace of discovery. Plaintiffs will take an early 30(b)(6) deposition in September, with the goal of sharpening the issues and guiding further discovery, without prejudice to Plaintiffs taking a second 30(b)(6) deposition at a later date. The parties still dispute some issues:

<u>Plaintiffs' Remarks:</u> Plaintiffs are concerned with the pace of production by Defendant thus far. Over a period of two months, Defendant has not yet completed an initial review of 300 emails—at a pace of five emails per day. Much of what Plaintiffs have learned thus far has come through a public record request submitted to the Pasco County Sheriff's Office outside of discovery. Of particular note, Plaintiffs have obtained a copy of a spreadsheet reflecting the PCSO's review of underlying documents concerning the events alleged in the Complaint. While Plaintiffs were able to use that spreadsheet to craft their latest discovery request, neither that spreadsheet nor the underlying materials have been produced in discovery. Moreover, Plaintiffs are concerned by Defendant's position—described in a recent phone conversation—that Florida public records laws apply to dictate the scope of discovery in this federal action. Because this case involves a significant constitutional challenge to a significant law enforcement program, this case will necessarily involve significant amounts of discovery into the policies and procedures for that program, as well as the application

of that program to these specific Plaintiffs. Thus far, Defendant has failed to produce *both* general policy documents *and* Plaintiff-specific documents, although Defendant seemingly does not dispute that such documents are relevant and responsive. Indeed, Defendant has indicated that it intends to rely on such documents in mounting its defense. In order for the parties to conclude discovery by the deadline set by the Court, the Defendant's pace of production will have to significantly increase.

Defendant's Remarks: Defendant asks that the Court set a date certain by which Plaintiffs are required to specify: 1) the incidents which will actually be at issue in the case; and, 2) the underlying constitutional violation claimed in each, as in any *Monell* case. Plaintiffs' discovery to date has been burdensome and costly to the Defendant. Defendant anticipates continued disputes as to the scope of discovery under these circumstances, particularly ESI, because of the necessity of by hand review of each email, email attachment, or other document. Defendant may seek cost shifting or sharing to address these issues. Defendant maintains that the current case deadlines are unrealistic. Due to the time and resources spent answering discovery and theoretically still over 100 incidents at issue, Defendant and counsel have been unable to focus on the facts of any given incident so as to research the incident and raise appropriate defenses to the claimed constitutional violation in each.

August 23, 2021.

/s/ Thomas W. Poulton
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
poulton@debevoisepoulton.com

JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
grant@debevoisepoulton.com

DeBEVOISE & POULTON, P.A.
1035 S. Semoran Blvd., Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321 -203-4304

*Attorneys for Defendant*

Respectfully submitted,

/s/ Ari S. Bargil
Ari S. Bargil (FL Bar No. 71454)
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
abargil@ij.org

Joshua A. House (CA Bar No. 284856)*
Caroline Grace Brothers (DC Bar No. 1656094)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Fax: (703) 682-9321
jhouse@ij.org
cgbrothers@ij.org

Robert E. Johnson (OH Bar No. 0098498)*
INSTITUTE FOR JUSTICE
16781 Chagrin Boulevard, Suite 256
Shaker Heights, OH 44120
Tel.: (703) 682-9320
Fax: (703) 682-9321
rjohnson@ij.org

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of August, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon all counsel of record.

/s/ Ari S. Bargil