UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

       Plaintiffs,

v.                                    CASE NO.:  8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

       Defendant,
_____/

**JOINT STATUS REPORT**

Plaintiffs and Defendant, by and through undersigned counsel and pursuant to the Court's Order of May 27, 2021 (Dkt. 29), hereby provide the Court with a status report concerning the progress of discovery.

Following the hearing held on August 26, 2021, Defendant has produced the following documents: On September 7, Defendant produced incident and dispatch reports for approximately 138 incidents involving these Plaintiffs. On September 8, Defendant produced emails from a search of the inbox of Sheriff Chris Nocco. And on September 9, Defendant produced approximately 170 clips of body camera footage covering approximately 57 separate incidents, along with some documentation corresponding to those incidents.

On September 23, 2021, Plaintiffs took a deposition under Federal Rule of Civil Procedure 30(b)(6). The purpose of this deposition was to help focus the search for responsive documents, and Defendant agreed that this deposition would be without prejudice to Plaintiffs' ability to take a second Rule 30(b)(6) deposition later in discovery. On September 27, 2021, Plaintiffs provided Defendant with a list of thirteen items that Plaintiffs believe are responsive to their earlier RFPs and that Plaintiffs are asking to have produced. Defendant produced the first of these items on September 29, 2021. Defense counsel has consulted with Plaintiffs' counsel as to possible technical hurdles to production and substantive objections which might arise, including federal law enforcement privilege and proportionality under FRCP 26(b)(1).

<u>Plaintiffs' Remarks</u>: Plaintiffs are encouraged by the increased progress that has been made since the last discovery conference. The incident-related documentation that the Pasco County Sheriff's Office ("PCSO") has produced thus far confirms that practically all the 138 incidents that Plaintiffs identified as potentially relevant are, in fact, part of the course of conduct that has been challenged in this case.

However, significant issues remain, and discovery will have to continue at this recent pace for the parties to meet the discovery deadline. Following the recent 30(b)(6) deposition, Plaintiffs have identified a range of relevant documents that should have been previously produced. This includes, among other things, notes kept by the PCSO to document the prolific offender checks that are at issue in this litigation, as well as presentations made by PCSO analysts to coordinate the course of conduct that is the focus of this litigation. These materials include information relevant to these specific individual Plaintiffs (and Plaintiffs are unaware of seeking any "complex ESI for *Monell* policy and custom purposes," *infra* p. 3). Defendant, however, has not confirmed whether it will produce these materials.

Separately, prior to the next round of depositions, Plaintiffs will need to complete at least one additional round of written discovery, which will likely include contention interrogatories and related RFPs intended to flesh out Defendant's position. The parties also need to set a date for expert reports (if any). Approaching deadlines remain a concern but are theoretically manageable with Defendant's cooperation.

Defendant's Remarks: In recent discovery, Plaintiffs have sought information as to 138 total incidents. Plaintiffs have not committed that this is the universe of incidents they are suing upon – the final number could be higher or lower. In the meantime, Defendant and defense counsel have devoted substantial time, cost, and labor in responding to Plaintiffs' requests for production.

The defense has thus been unable to spend any time in investigating or preparing to defend against the undefined claims of the individual Plaintiffs. And, as the effort continues to address Plaintiffs' requests -- particularly for complex ESI for *Monell* policy and custom purposes -- litigation of the *actual claim*s languishes because the Plaintiffs are unwilling or unable to say "My Fourth Amendment rights were violated on X date in y manner."

Until that happens, the timeframes which currently exist for discovery, trial and other important deadlines in the case are completely unrealistic and are particularly unfair to the defense as it spends so much time on Plaintiffs' discovery requests, not knowing what the claims are of individual Plaintiffs. Defendant requests that the Court require that the Plaintiffs specify the incidents actually sued upon as to date and specific claim made, and that the Court then revisit the current case deadlines so that they conform to a reasonable schedule to allow investigation and discovery as to those specific incidents.

| | |
|---|---|
| October 1, 2021. | Respectfully submitted, |
| /s/ Thomas W. Poulton<br>THOMAS W. POULTON, ESQ.<br>Florida Bar No.: 0083798<br>poulton@debevoisepoulton.com | /s/ Ari S. Bargil<br>Ari S. Bargil (FL Bar No. 71454)<br>INSTITUTE FOR JUSTICE<br>2 S. Biscayne Boulevard, Suite 3180<br>Miami, FL 33131<br>Tel: (305) 721-1600<br>Fax: (305) 721-1601<br>abargil@ij.org |
| JEFFREY K. GRANT, ESQ.<br>Florida Bar No.: 0091197<br>grant@debevoisepoulton.com | |
| DeBEVOISE & POULTON, P.A.<br>1035 S. Semoran Blvd., Suite 1010<br>Winter Park, Florida 32792<br>Telephone: 407-673-5000<br>Facsimile: 321 -203-4304<br>*Attorneys for Defendant* | Joshua A. House (CA Bar No. 284856)*<br>Caroline Grace Brothers (DC Bar No. 1656094)*<br>INSTITUTE FOR JUSTICE<br>901 N. Glebe Road, Suite 900<br>Arlington, VA 22203<br>Tel.: (703) 682-9320<br>Fax: (703) 682-9321<br>jhouse@ij.org<br>cgbrothers@ij.org |
| | Robert E. Johnson (OH Bar No. 0098498)*<br>INSTITUTE FOR JUSTICE<br>16781 Chagrin Boulevard, Suite 256<br>Shaker Heights, OH 44120<br>Tel.: (703) 682-9320<br>Fax: (703) 682-9321<br>rjohnson@ij.org |
| | *Admitted *Pro Hac Vice* |
| | *Counsel for Plaintiffs* |

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of October, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon all counsel of record.

/s/ Ari S. Bargil