UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY HEILMAN; DARLENE DEEGAN; and ROBERT A. JONES III,

Plaintiffs,

v. CASE NO.: 8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official capacity as Pasco County Sheriff,

Defendant,

_________________________________/

**JOINT STATUS REPORT**

Plaintiffs and Defendant, by and through undersigned counsel and pursuant to the Court's Order of May 27, 2021 (Dkt. 29), hereby provide the Court with a status report concerning the progress of discovery. Following the hearing held on November 18, 2021, the parties have worked together in an effort to make progress on the three issues that were identified and discussed at the hearing.

First, with respect to the remaining email production, the parties have tentatively agreed to an approach under which counsel for both parties will jointly review the emails and attachments over Zoom. This approach should allow for timely and complete production while minimizing the burden on Defendant. The parties plan to review a first batch of documents under this approach on December 8.

Second, with respect to the Plaintiffs' request for data on prolific offender checks and code citations, this issue remains and may require Court resolution.

Third, with respect to depositions, the parties are in the process of scheduling depositions for the first two weeks of January. The individual Plaintiffs have confirmed their availability to be deposed the week of January 10. Counsel for Defendant has confirmed that either he or a colleague will be available both weeks, but Defendant has not yet confirmed the availability of the necessary PCSO employees.

Plaintiffs' Remarks: While the parties have made some progress on these issues since the last conference, significant work remains to ensure that discovery can be completed by the deadline set by the Court.

At this time, Defendant is refusing to produce requested data on prolific offender checks and code enforcement citations. The requested data can be readily generated through a simple database search, and in fact such data has previously been provided to members of the media. Defendant thus cannot argue the requests are unduly burdensome. On the other hand, the data is relevant to show a policy or practice, which is a requirement for liability under *Monell*. Defendant argues that Plaintiffs might seek to prove a policy or practice in other ways, but that is properly irrelevant absent some showing that the data would be difficult to produce.

With respect to depositions, Plaintiffs are concerned that Defendant has not yet confirmed the availability of individual witnesses in early January. In addition, Plaintiffs are concerned that Defendant has not yet identified the witnesses whom the Defendant may call at trial, and, in fact, Defendant's interrogatory responses indicate that Defendant may call any of the approximately 90 deputies who were involved in visits to Plaintiffs' homes. If Defendant cannot narrow the potential witnesses who may be called at trial, that will dramatically expand the number of depositions that will need to be scheduled in this case. Plaintiffs have asked Defendant to commit to a date to disclose potential witnesses, but, so far, Defendant has declined.

<u>Defendant's Remarks:</u> With regard to depositions of agency personnel, Plaintiffs have identified approximately ten persons to be deposed, including five road

patrol deputies. Efforts are underway to secure availability in specific narrow timeframes for ease of travel and efficiency.

As to global data production, Plaintiffs ask that the Defendant perform searches of certain forms and to then create lists, which do not already exist, of a) all prolific offender checks since 2015, including persons who are not Plaintiffs; and b) all issuance of code citations for approximately six different types of code violations, and again without being narrowed to the named Plaintiffs. Defendant objects to generating such lists first because they would not be specific to the named Plaintiffs, second because they are unnecessary (witnesses can describe any generic connection between prolific offender checks and code violations) and third because the data would be unreliable in that the manner in which such entries are made is not consistent over time. The data would be unreliable for any comparison purposes and again would not be specific to the named Plaintiffs.

With regard to possible trial witnesses, the problem is that Plaintiffs have identified approximately 90 incidents involving the named Plaintiffs and deputies. It is Defendant's understanding that Plaintiffs will not make an issue at trial of each such interaction. Until the named Plaintiffs commit to exactly which incidents they will rely upon at trial as evidence for their case, the Defendant cannot identify the deputies who might be called as witnesses to trial. Defendant expects that the issue will be crystalized for both sides once the Plaintiff are deposed in early to mid-January.

December 6, 2021.

Respectfully submitted,

/s/ Ari S. Bargil
Ari S. Bargil (FL Bar No. 71454)
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
abargil@ij.org

Joshua A. House (CA Bar No. 284856)*
Caroline Grace Brothers (DC Bar No. 1656094)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Fax: (703) 682-9321
jhouse@ij.org
cgbrothers@ij.org

Robert E. Johnson (OH Bar No. 0098498)*
INSTITUTE FOR JUSTICE
16781 Chagrin Boulevard, Suite 256
Shaker Heights, OH 44120
Tel.: (703) 682-9320
Fax: (703) 682-9321
rjohnson@ij.org

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

/s/ Thomas W. Poulton
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
poulton@debevoisepoulton.com

JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
grant@debevoisepoulton.com

DeBEVOISE & POULTON, P.A.
1035 S. Semoran Blvd., Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321 -203-4304
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of December, 2021, a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon all counsel of record.

/s/ Ari S. Bargil