UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

    Plaintiffs,

v.                                CASE NO.: 8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

    Defendant,
_____/

**JOINT STATUS REPORT**

Plaintiffs and Defendant, by and through undersigned counsel and pursuant to the Court's Order of May 27, 2021 (Dkt. 29), hereby provide the Court with a status report concerning the progress of discovery.

Following the previous status conference on December 9, 2021, the parties met and conferred regarding the dispute concerning the production of global data, and the parties were able to agree to the production of that data. The parties have also worked together to schedule and take depositions (including adjusting deposition schedules following a COVID exposure) and are close to finishing document discovery.

Notwithstanding this progress, there are still some matters that may require judicial attention, as set forth below:

<u>Timing of Expert Discovery</u>: After obtaining the global data, as noted above, Plaintiffs have conducted a preliminary analysis of that data and have determined that they will be disclosing an expert in this case. The Court's scheduling order in this case did not set a date for expert disclosures, and the default time for expert disclosures under Rule 26(a)(2)(D) is ninety days prior to trial (which, in this case, is currently set for July). Nonetheless, the parties agree that it would be helpful for the parties and the Court to complete expert disclosures—and to build in time for potential expert depositions—prior to summary judgment briefing. This may include the need for additional discovery or disclosures directed to issues raised by experts.

With that in mind, the parties propose a brief extension of the deadlines in this case for the limited purpose of facilitating expert discovery and related documentation or disclosures in reply to experts. Under the proposed extension, non-expert discovery would close on the current deadline of February 25, 2022; Plaintiffs' expert disclosures would be due February 25, 2022; expert disclosures from Defendant would be due March 25, 2022; expert depositions would be required to be completed by April 18, 2022; and motions for summary judgment would be due June 6, 2022.

Other Disclosures: The parties still have not fully resolved the issues discussed at the last status conference concerning the identification of potential witnesses at trial. The parties met, as directed, to discuss Plaintiffs' trial strategy, and Plaintiffs disclosed their current (non-binding) understanding of the incidents that will likely receive sustained attention in their presentation of the facts. At this time, Defendant continues to take the position that any deputy involved in any incident challenged by Plaintiffs might be called at trial.

Plaintiffs have also expressed concern—given the late stage of discovery—regarding Defendant's apparent intention to produce additional documentation concerning incidents in addition to those that Plaintiffs have identified as the focus of this litigation. Defendant, by contrast, takes the position that the timing of such disclosures is appropriate given the progress of discovery so far and the demands posed by the Plaintiffs' discovery requests.

Depending on the nature of Defendants' future disclosures of witnesses or documents, Plaintiffs may need to file a motion on these issues. Defendant reserves the right to respond to any such motion when filed.

<u>Juvenile Records</u>: Defendant is also seeking access to the juvenile court records of Plaintiff Dalanea Taylor, as well as Donnie McDougall (the son of Plaintiff Tammy Heilman) and Bobby Jones (the son of Plaintiff Robert Jones). Ms. Taylor is willing to sign a release to provide access to such records, but only if those records are subject to an appropriate confidentiality order, and Defendants agree to such request. On the other hand, because Donnie McDougall and Bobby Jones are not parties to the case and are no longer juveniles, it appears that Defendant may need to file a motion to seek a court order to obtain their juvenile records.

<u>Extension of Pages</u>: The parties have conferred regarding summary judgment and, considering the complexity of the issues, agree that resolution would be facilitated by a modest extension of the applicable page limits. Depending on the preference of the Court, the parties propose either:

- A 40-page limit for opening and response briefs, with *no* separate statement of undisputed material facts, and a 20-page limit for reply briefs; or
- A 30-page limit for opening and response briefs, with each party to file an additional separate statement of undisputed material facts (and response thereto), as well as a 20-page limit for reply briefs.

3

| | |
|---|---|
| January 20, 2022. | Respectfully submitted, |
| /s/ Thomas W. Poulton<br>THOMAS W. POULTON, ESQ.<br>Florida Bar No.: 0083798<br>poulton@debevoisepoulton.com<br><br>JEFFREY K. GRANT, ESQ.<br>Florida Bar No.: 0091197<br>grant@debevoisepoulton.com<br><br>DeBEVOISE & POULTON, P.A.<br>1035 S. Semoran Blvd., Suite 1010<br>Winter Park, Florida 32792<br>Telephone: 407-673-5000<br>Facsimile: 321 -203-4304<br>*Attorneys for Defendant* | /s/ Ari S. Bargil<br>Ari S. Bargil (FL Bar No. 71454)<br>INSTITUTE FOR JUSTICE<br>2 S. Biscayne Boulevard, Suite 3180<br>Miami, FL 33131<br>Tel: (305) 721-1600<br>Fax: (305) 721-1601<br>abargil@ij.org<br><br>Joshua A. House (CA Bar No. 284856)*<br>Caroline Grace Brothers (DC Bar No. 1656094)*<br>INSTITUTE FOR JUSTICE<br>901 N. Glebe Road, Suite 900<br>Arlington, VA 22203<br>Tel.: (703) 682-9320<br>Fax: (703) 682-9321<br>jhouse@ij.org<br>cgbrothers@ij.org<br><br>Robert E. Johnson (OH Bar No. 0098498)*<br>INSTITUTE FOR JUSTICE<br>16781 Chagrin Boulevard, Suite 256<br>Shaker Heights, OH 44120<br>Tel.: (703) 682-9320<br>Fax: (703) 682-9321<br>rjohnson@ij.org<br><br>*Admitted *Pro Hac Vice*<br><br>*Counsel for Plaintiffs* |

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January, 2022, a true and correct copy of the foregoing document was served via the Court's CM/ECF system upon all counsel of record.

<u>/s/ Ari S. Bargil</u>