UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

      Plaintiffs,

v.                             CASE NO.: 8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

      Defendant,
_____/

**MOTION TO ENLARGE CASE DEADLINES, TO
SET DEADLINES FOR EXPERT DISCLOSURES, AND TO ALTER PAGE
LIMITS FOR SUMMARY JUDGMENT MOTIONS,
BY ALL PARTIES**

      Plaintiffs Dalanea Taylor, Tammy Heilman, Darlene Deegan, and Robert A. Jones III, and Defendant Chris Nocco, in his official capacity as Pasco County Sheriff, by and through undersigned counsel and pursuant to the provisions of Federal Rule of Civil Procedure 6, hereby move the Court for entry of an Order which enlarges the current case deadlines, sets deadlines for expert disclosures, and alters page limits for motions for summary judgment, and state:

      1.    This is a §1983 action related to Plaintiffs' claims that the Pasco County Sheriff's Intelligence Led Policing (ILP) approach to certain types of interactions with Plaintiffs violated their constitutional rights. This is a bench trial.

2. The current deadline for discovery is February 25, 2022. The current deadline for motions for summary judgment is March 28, 2022. (Dkts. 24 and 28). There is no specific deadline for expert disclosures.[1]

3. The parties and counsel have worked diligently to complete discovery by the February 25, 2022 deadline, and have met several times with Magistrate Judge Tuite to streamline and expedite the process as much as possible. Tens of thousands of pages of reports, emails, and other Sheriff's documents have been produced. Thousands of emails and their attachments have been reviewed. Hundreds of reports specifically as to the Plaintiffs have been or are in process of being produced, along with any available body worn camera video of some of the incidents at issue. The volume of this discovery is large as there are approximately 400 interactions of varying types between the Plaintiffs and the Pasco County Sheriff's Office, spanning a period of years. Plaintiffs have also taken eight depositions, including a deposition under Rule 30(b)(6).

---

[1] There is some confusion for counsel for the parties because, upon review of the case deadlines, it is noted that the parties submitted a Case Management Report (CMR) with various proposed deadlines (some in 2023, including mediation and a final pretrial statement.) (Dkt. 22) This CMR did offer proposed deadlines for expert disclosures in August and September of 2022. (Dkt. 22, p. 2). The Court entered a Case Management Order (CMO) which adopted deadlines for joinder of parties, completion of discovery, and dispositive motions, and set trial for the May, 2022 docket. (The CMO was later amended (Dkt. 28) to extend those deadlines and the trial by 60 days). The CMO instructed the parties to otherwise adhere to the deadlines in the CMR, but many of the deadlines in the CMR are AFTER the trial date, even as amended by Dkt. 28. This includes expert disclosure deadlines, mediation, and final pretrial statement deadlines.

4. Despite the parties' diligent efforts, however, the parties have faced a number of unavoidable issues with the scheduling of depositions—including issues related to the ongoing COVID-19 pandemic. The depositions of Ms. Deegan and Mr. Jones were initially scheduled for January 20 and 21, but those depositions had to be rescheduled after one of the attorneys tested positive for COVID-19 immediately following another deposition in the case. Defense counsel had to cancel the deposition of Ms. Heilman on the day it was set to occur, January 28, 2022, due to a sudden family medical emergency in South Florida, and had to cancel the deposition of Ms. Taylor on February 2, 2022, due to that same continuing family medical emergency. The deposition of Ms. Deegan, which was rescheduled for February 3, 2022, also had to be cancelled a second time following another COVID-19 diagnosis and hospitalization. At this time, while Defendant has completed the deposition of Plaintiff Robert Jones III, these unavoidable medical issues have made it impossible to complete the depositions of the other three individual Plaintiffs. In addition, while Plaintiffs have taken a number of depositions, Plaintiffs may need to take additional depositions as well. The scheduling of future depositions is complicated by these medical issues, some of which remain ongoing.

5. At the same time, the parties are also working to obtain potentially-relevant court documents pertaining to the children of two of the Plaintiffs

(Heilman and Jones) that cover a period of time when the children were juveniles—and that are therefore confidential as a matter of state law. The parties cannot fully obtain those documents without a release from the now-adult children or a Court order. Plaintiffs are currently attempting to secure a release, but it may be necessary to move for a Court order.

6. Counsel are working to reset these depositions and to complete discovery; however, due to the demands of production of the documents, any redaction which must occur, and the need to reschedule depositions, counsel jointly request that the case deadlines be enlarged, as described below.

7. Additionally, Plaintiffs intend to disclose two expert witnesses in the case, which may necessitate retention of expert witnesses by the defense or production of additional data or documentation by the defense. While Plaintiffs are working diligently to complete expert reports as early as possible, significant underlying data relevant to the reports was not produced until December 17, 2020 (following negotiations between the parties to resolve a discovery dispute). There is not currently in place a deadline for expert disclosures. (see note 1, supra).

8. The parties thus jointly request that the Court enlarge and set deadlines as follows:

Discovery deadline April 18, 2022.

Plaintiff expert deadline February 25, 2022.

> Defense expert deadline March 25, 2022.
>
> Summary judgment deadline June 6, 2022.

9. Both Plaintiffs and Defendant intend to move for summary judgment. Counsel believe many basic facts can be stipulated to and will work in good faith to do so in advance of filing their respective summary judgment motions. However, this case does involve at least 100 main incidents, some (but not all) of which will require elaboration by the parties and extended discussion as to the legal issues inherent in them. Thus, the parties request that the Court enlarge the page limits for motions for summary judgment to allow each side to file a single motion of up to 40 pages, allow 30 pages for memoranda in opposition, and reply memoranda by each side of up to 10 pages.

10. **LOCAL RULE 3.01(G) CERTIFICATION – Counsel for all parties concur in this motion.**

WHEREFORE, Plaintiffs and Defendant Sheriff move the Court for entry of an Order altering case deadlines and page limits, as discussed herein.

Dated this 3rd day of February, 2022.

*s/ Ari S. Bargil*
**Ari S. Bargil, Esq**.
(FL Bar No. 71454)
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
*abargil@ij.org*

**Joshua A. House**, **Esq.**
(CA Bar No. 284856)*
**Caroline Grace Brothers, Esq**.
(DC Bar No. 1656094)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Fax: (703) 682-9321
*jhouse@ij.org* and *cgbrothers@ij.org*

**Robert E. Johnson, Esq.**
(OH Bar No. 0098498)*
INSTITUTE FOR JUSTICE
16781 Chagrin Boulevard, Suite 256
Shaker Heights, OH 44120
Tel.: (703) 682-9320
Fax: (703) 682-9321
*rjohnson@ij.org*

*Admitted *Pro Hac Vice*

Attorneys for Plaintiffs

*s/ Thomas W. Poulton*
**Thomas W. Poulton, Esq**.
Florida Bar No. 0083798
*poulton@debevoisepoulton.com*
**Jeffrey K. Grant, Esq**.
Florida Bar No. 0091197
*grant@debevoisepoulton.com*
**Erin M. Tueche, Esq.**
Florida Bar No. 0045104
*tueche@debevoisepoulton.com*
**Robert D. Holborn, Ii, Esq.**
Florida Bar No. 0044186
*holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Attorneys for Defendant Sheriff Nocco

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of February, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Ari S. Bargil, Esquire** (*abargil@ij.org*), Institute For Justice, 2 S. Biscayne Boulevard, Suite 3180, Miami, Florida 33131; **Joshua A. House, Esquire** (*jhouse@ij.org*) and **Caroline Grace Brothers, Esquire** (*cgbrothers@ij.org*), Institute For Justice, 901 N. Glebe Road, Suite 900, Arlington, Virginia 22203; and **Robert E. Johnson, Esquire** (*rjohnson@ij.org*), Institute For Justice, 16781 Chagrin Boulevard, Suite 256, Shaker Heights, Ohio 44120.

*s/ Thomas W. Poulton*
**Thomas W. Poulton, Esq**.
Florida Bar No. 0083798
*poulton@debevoisepoulton.com*
**Jeffrey K. Grant, Esq**.
Florida Bar No. 0091197
*grant@debevoisepoulton.com*
**Erin M. Tueche, Esq.**
Florida Bar No. 0045104
*tueche@debevoisepoulton.com*
**Robert D. Holborn, II, Esq.**
Florida Bar No. 0044186
*holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Attorneys for Defendant Sheriff Nocco