UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

   Plaintiffs,

v.              CASE NO.:  8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

   Defendant,
_____/

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER AS TO
PLAINTIFFS' SECOND REQUEST FOR ADMISSIONS**

  Defendant Chris Nocco, in his official capacity as Sheriff of Pasco County, Fla., by and through undersigned counsel and pursuant to the provisions of Federal Rule of Civil Procedure 26(c)(1), hereby moves the Court for entry of a protective order as to Plaintiffs' second set of requests for admissions, and states:

  1. Discovery ends on April 18, 2022.  On March 18, 2022, the last day to propound discovery, Plaintiffs served on the Defendant a Second Set of Requests for Admission, which are comprised of 303 different requests. [1]  A copy is attached as Exhibit A.

---

[1] The request begins with Number 23, which follows Plaintiffs' First Requests for Admission, and ends with Number 326.  Thus, the subject requests for admission are comprised of 303 separate new requests.

2. While Defendant does not object to the general inquiries with obvious import to the case, i.e. Request Number 23, that Sheriff Nocco is the final policymaker, or that the ILP manual generally describes policies (Request Number 27), the vast majority of these requests beginning with Number 30 are fact-specific questions about particular dates and locations of "prolific offender checks" as indicated in PSO incident or CAD reports or body worn camera (BWC) video. This is the case beginning at Request Number 30, and continuing to the last request, Number 326. These requests call for verification of Plaintiffs' characterization or recounting of events reflected in the reports, or even partial quotes within BWC videos on specific dates.

3. First, there is no question in the case as to authenticity of the subject documents or body worn camera. It should not be necessary for defense counsel to review hundreds of reports and videos to verify their content as would be represented by Plaintiffs in a request for admission. Moreover, in each such instance, the Defendant would almost certainly note that there is more context than the simple portion cited. For example, consider Plaintiffs' Request Number 44. In this request Plaintiffs ask that Defendant admit that body worn camera video shows that during a visit on August 30, 2017, deputies "asked Dalanea Taylor questions including if she was working, about her tattoos, who she was hanging out with, and whether she was staying out of trouble." Plaintiffs posit that partial description as favorable to them.

4. The Defendant would in fact partially admit the request, but add in the response that *in full context* Taylor stated that she had just gotten out of prison, voluntarily showed deputies a tattoo on her hand acknowledging that it related back to days when she was committing crime (in a gang of auto burglars), that the encounter lasted less than two minutes, and that at the conclusion Taylor thanked the deputies. On virtually every occasion Defendant's response would necessarily include pointing to facts to at least demonstrate to the Court that in virtually all instances there is "more to the story" than the RFA would suggest.

5. Second, to the extent Plaintiffs' counsel expects defense counsel in the next 30 days to review each report and video encompassed in approximately 300 requests, the number of requests is excessive and abusive. Plaintiffs' counsel have had these documents and videos for many months.[2] Plaintiffs' counsel is aware of the deposition discovery remaining in this case (approximately six to seven more depositions remain, all within the 30 day period for review of these RFAs), the defense upcoming expert disclosure deadline in this case (March 25), and defense counsel's

---

[2] For example, just a partial review of the requests for admission shows that the BWC videos which are the subject of requests 43, 44, 46, 52, 55, 58, 60, 63-66, 68, 71, 73, 102, 119, 137-139, 157, 163, 166, 209-211, 217, 219, 226, 230, 263, 264, 282, and 318-320 were all provided on September 9 and 10, 2021.

commitments in significant other matters.[3] If Plaintiffs' counsel expects a hand review and verification of the content of all such material, the service of so many requests for admission in the time remaining places an unworkable demand on defense counsel under these circumstances.

6. Defendant therefore seeks an Order which finds the requests to be excessive in number under these circumstances and either directs that the discovery not be had as to Requests 30 through 327 or, in the alternative, that the Defendant may simply respond that the record or video at issue is authentic. The parties may then point to the portions of the videos or documents they believe material on summary judgment or at trial, rather than piecemeal through qualified admissions.

7. **LOCAL RULE 3.01(G) CERTIFICATION.** Counsel for Plaintiffs, Rob Johnson (together with his co-counsel), was contacted by zoom and advises that Plaintiffs do not agree to the relief requested in this motion.

8. Undersigned counsel cannot speak for Plaintiffs of course but based on the 3.01(g) conference understand two of their reasons for objecting to the relief requested to be 1) that the purpose of the RFAs is to reduce the workload on the Court at summary judgment or trial stages, and 2) that Plaintiffs are willing to agree to an

---

[3] Defense counsel for example has oral argument in Atlanta on April 6, 2022, and must prepare a 60-page summary judgment motion in another matter with over 100,000 pages of documents, due on May 4,

4

extension of time even beyond the formal discovery close date for Defendant to respond.

9. With regard to the former reason, Plaintiffs chose to bring together the claims of four different Plaintiffs involving over 100 discrete interactions with law enforcement, involving entirely different circumstances, and that's just with the named Plaintiffs. Their desire to frame the facts in the dozens of videos or reports connected to these incidents in a way that is favorable to them, but without the full context, is an unacceptable consequence to the manner in which suit has been brought. It is unfairly prejudicial to the Defendant to have Plaintiffs bring all of these claims at once, then try to "short form" the complex facts by characterizing part of the facts as RFAs.

10. With regard to the proposed additional time, Defendant appreciates the suggestion but it does not help undersigned counsel given his schedule as he has so many other time-consuming commitments, as discussed above. As noted, Plaintiffs' counsel has had at least the bulk of the videos and reports in the RFAs for many months and if the desire was to "boil them down" to one sentence synopses (which are inaccurate and incomplete) then that should have been done long ago.

**WHEREFORE**, Defendant Sheriff Nocco moves the Court for entry of a protective order providing either that the objectionable discovery (Requests 30 through 327) not be had, or that the Defendant be permitted to respond simply that the documents and videos are authentic.

5

## **MEMORANDUM OF LAW**

Pursuant to Local Rule 3.01(a), Defendant submits the following Memorandum in support of the instant motion.

Fed.R.Civ.P. 36(a)(1) provides that a party may serve requests for admission relating to, among other things, facts or the genuineness of any described document. There are no specific numeric limits in Rule 36, but Rule 26(b)(1) "governs the scope of discovery in civil cases," including requests for admissions under Rule 36 where the burden to respond is excessive. *Wilson v. Jackson National Life Insurance Company*, Case No. 3:15-cv-926, 2017 WL 10402569 * 1 (M.D.Fla. February 17, 2017).

Defendant does not object to answering the first seven of these, requests 23 through 29, as those are reasonable requests primarily related to issues under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978). However, the remainder are all fact specific requests which ask the Defendant to admit the ***partial*** content of documents or videos taken from body worn camera. There is no question as to the authenticity of the documents or the videos and so there is fundamentally no need for the Defendant to review each one to note what has been left out of the request for admission, which Defendant would be compelled to do since the requests are so often missing important context.

Defendant above notes details omitted from Request 44, as tendered by Plaintiffs. Similar problems exist in other requests. For example, request Number

46 asks that the Defendant admit that video from a visit on September 29, 2017, shows deputies asking about whether Taylor planned to go to school, "who she was hanging out with, whether she knew anyone committing crimes, who the father of her babies was, and whether the father participated in criminal activity." Defendant's response would note that Taylor discussed going to school on-line, volunteered that she was trying to get her GED, was congratulated on her pregnancy, discussed how she has stopped associating with persons she used to commit scores of auto burglaries with, and that the encounter lasted less than three minutes.

Defendant would have to go through this exercise with each document and video, especially given the number of requests and from which Defendant seeks relief.  See e.g. *Wilson* (granting motion for protective order for 527 RFAs) (citing *Joseph L. v. Conn. Dept. of Children and Families*, 225 F.R.D. 400, 403 (D. Conn. 2005) (granting motion for protective order and finding that 163 requests for admission were "excessive to the point of being abusive"); *Medtronic, Inc.*, 2000 WL 1478476, at *4–5));  *Pendlebury v. Starbucks Coffee Company*, Case No. 04-80521, 2006 WL 8433856 (S.D.Fla. December 29, 2006) (granting motion for protective order  based on "unduly burdensome" number of requests for admission).

A back-and-forth jousting by the parties as to the content of documents and video which are not claimed to lack authenticity in the form of RFAs is wasteful and unnecessary.  Finally, under the circumstances, where Plaintiffs waited to the 11th

7

hour to submit the requests when they have had so much of this material for so long does not justify shifting the burden to defense counsel to review and respond to so many requests in such a compressed timeframe.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Ari S. Bargil, Esquire** (*abargil@ij.org*), Institute For Justice, 2 S. Biscayne Boulevard, Suite 3180, Miami, Florida 33131; **Joshua A. House, Esquire** (*jhouse@ij.org*) and **Caroline Grace Brothers, Esquire** (*cgbrothers@ij.org*), Institute For Justice, 901 N. Glebe Road, Suite 900, Arlington, Virginia 22203; and **Robert E. Johnson, Esquire** (*rjohnson@ij.org*), Institute For Justice, 16781 Chagrin Boulevard, Suite 256, Shaker Heights, Ohio 44120.

    *s/ Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  0083798
Email:  *poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.:  0091197
Email:  *grant@debevoisepoulton.com*
ERIN M. TUECHE, ESQ.
Florida Bar No.:  0045104
Email:  *tueche@debevoisepoulton.com*
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.:  0044186
Email:  *holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Attorneys for Defendant Sheriff Nocco