UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

      Plaintiffs,

v.                                   CASE NO.:  8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

      Defendant,
_____/

## MOTION TO ORDER RELEASE OF RECORDS
## BY DEFENDANT SHERIFF

COMES NOW Defendant CHRIS NOCCO, in his official capacity as Sheriff of Pasco County, Florida, by and through undersigned counsel, and hereby moves the Court for entry of an Order for the release of records regarding juveniles involved in the case, and states as follows:

1.     Plaintiffs in the operative complaint allege that there is no basis for Defendant's actions in conducting prolific offender checks of Dalanea Taylor, who was a juvenile at the time, or of children of the other named Plaintiffs, including in particular Donnie and Anthony McDougall and Robert Jones, IV.  All three of them are now adults.

2.      Plaintiffs allege that the checks were unconstitutional and a violation of Plaintiffs' right to be free from arbitrary and suspicionless police tactics. (Dkt 41, ¶ 4). Plaintiffs question Defendant's use of its Intelligence-Led Policing Program and specifically identifies prosecution of prolific offenders, including the then-juveniles, as part of their complaint. (Dkt 41, 2). Throughout the litigation, Plaintiffs have taken the position that the checks were unwarranted or out of proportion to the criminality of the juveniles.

3.      Thus, the reason that any given individual, including the juveniles at the time (Anthony and Donnie McDougall, and Robert Jones, IV) were designated as prolific offenders is relevant. Defendant must be permitted to explain to the Court the full circumstances as to why these persons were designated as prolific offenders so as to show that the need for increased focus on them as prolific offenders was justified and not unconstitutional.

4.      For example, in Count V of the Amended Complaint Plaintiffs bring a claim for equal protection, alleging in part that the focus on the juveniles or their residences was "arbitrary, irrational, and pretextual." (Dkt. 41, ¶ 282). However, as none of the Plaintiffs or their children were members of a suspect class, the test for equal protection is rational basis. (See prior Order on Motion to Dismiss, Dkt. 30, wherein the Court stated that deference is traditionally shown to state officials in enacting programs for government functions so long as the policy or action at issue

"bears a rational relation to some legitimate end." (Order, Dkt. 30, ¶ 8 (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)). A presumption exists in favor of a rational relationship between the government action and a legitimate end, and deterring crime "certainly constitutes 'some legitimate end.'" (Order, p. 8, quoting *Brumit v. City of Granite City, Illinois*, Case No. 19-cv-1090, 2021 WL 462624 * 5 (S.D. Illinois February 9, 2021).

5. By bringing such a claim and making such allegations, Plaintiffs have made relevant the reason for the prolific offender designation.

6. Florida Statute § 985.04 provides that information obtained under the juvenile justice chapter "is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution."

7. While the records are deemed confidential, Fla. Stat. §985.04 contains numerous exceptions to the types of records that are deemed confidential, such as arrest records involving a felony. The statute also contains numerous requirements for the records to be shared amongst different government agencies, licensed professionals, licensed community agencies, schools and their personnel, law enforcement, and personnel of the court.

8. Fla. Stat. § 985.04(1)(b) provides that this information may be disclosed upon order of the court. The statute does not require that the subject of the juvenile records be given notice before the records are disclosed.

9. Defendant sent subpoenas to the Florida Department of Juvenile Justice (Exhibit A – DJJ Subpoenas) and the Pasco County Clerk of Court. (Exhibit B – PCCC Subpoenas). In response each entity has requested either a waiver signed by the subject juvenile who are now adults, or a court order to fulfill the subpoena request. (Exhibit C – DJJ email, Exhibit D – PCCC email).

10. The records sought are for juvenile delinquency records and specifically excludes records related to medical or mental health evaluations, medical or mental health treatment, and residential placement. The limiting language for the records sought should minimize any personal and sensitive information that may be included within the records.[1]

11. On November 3, 2021, the parties entered into a confidentiality agreement covering confidential law enforcement records, including juvenile arrest records. (Exhibit E – 11-3-2021 Confidentiality Agreement). The parties then on February 11, 2022, signed an additional confidentiality agreement pertaining specifically to juvenile records. (Exhibit F – 2-11-2022 Confidentiality Agreement). The records sought by this motion would be covered by at least one of the confidentiality agreements.

---

[1] Counsel for Defendant prior to issuance of subpoenas, sought advice from both entities in crafting language that would minimize the number of records that would be considered sensitive and not related to the issues in this matter.

12. Defendant first requested assistance from Plaintiff's counsel to obtain waivers for the juvenile records for Plaintiff Dalanea Taylor, Robert Arthur Jones, IV (son of Plaintiff Jones), Anthony and Donnie McDougall (sons of Tammy Heilman).

13. Defendant through Plaintiff's counsel was able to secure Plaintiff Dalanea Taylor's signature on the required waivers to obtain her juvenile records. Both the Florida Department of Juvenile Justice and the Pasco County Clerk of Court have accepted the waiver and are processing the subpoena.

14. Plaintiff's counsel state that they are unable to assist in obtaining the waivers for the children of Heilman or Jones.

15. Defendant requests that this Court issue an order directing the Florida Department of Juvenile Justice and the Pasco County Clerk of Court to release records according to the subpoenas served by Defendant. These records are needed to defend the issues in this suit and Defendant provides below an example of why each of the specific children (not all children from Plaintiffs) are relevant to this case.

16. As to Plaintiff Tammy Heilman, she claims that her then minor son (Donnie McDougall) was identified as a targeted person by Defendant and that this subjected her to visits by deputies even if her son was not suspected of doing anything wrong. (Dkt 41, ¶ 28-29 and 38). She also alleges that her other minor son (Anthony McDougall) was arrested in order to retaliate against Heilman and her family for their perceived lack of compliance with Defendant's program. (Dkt. 41, ¶ 50). Plaintiff

claims that officers at the juvenile detention facility stated that Anthony should not have been arrested. (Dkt 41, ¶ 49). Obtaining the juvenile records for her children is necessary for the Defendant to defend itself from these claims.

17. Donnie McDougall is currently incarcerated at the Lake City Correctional Facility (DC Number E70210) related to three felony convictions in which he received a four-year sentence with a current release date of June 29, 2023.

18. According to the Pinellas Clerk of Court, on March 7, 2022, Anthony McDougall pled guilty to a felony and received probation. The court records reflect Anthony is currently residing at the home of Plaintiff Heilman.

19. As to Plaintiff Robert Jones III, he describes an incident involving deputies arresting his son Robert Jones IV for possession of marijuana. (Dkt 41, ¶ 71). Jones III then alleges that he stopped cooperating with the program based on this arrest and that his non-cooperation with the program led to numerous contacts and receiving property code citations. (Dkt 41, ¶ 72, 76, 79). In the litigation, Jones contends that the arrest was unfounded and that the charges were dismissed or that his son was otherwise factually exonerated. As the son was a juvenile at the time, Defendant needs to obtain the juvenile records related to the prosecution of this case to defend itself.

20. According to the Pasco County Clerk of Court records, Robert Jones IV most recent active criminal cases indicate that he is residing at 3114 Sandhill Dr, Holiday, FL 34691.

21. While notice is not required by Florida Statute, a copy of this motion has been sent to the last known address of Donnie McDougall, Anthony McDougall, and Robert Jones IV.

22. **Local Rule 3.01(g) Certification.** Undersigned counsel has communicated with Plaintiffs' counsel who advises that Plaintiffs takes no position as to the relief sought herein.

**WHEREFORE**, Defendant Sheriff Nocco moves the Court for an order directing the Florida Department of Juvenile Justice and the Pasco County Clerk of Court to release the records requested by Defendant in the subpoenas that were served.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01(a), Defendant submits the following Memorandum of Law in support of the instant motion.

The statutory provision at issue here is Fla.Stat. §985.04(1)(b) which allows state and local agencies to disclose criminal records of juveniles "upon order of the court." Defendant is unable to locate any case authority for the criteria that might be relevant to issuance of such an order. However, it is certainly the case that the Defendant should be permitted to obtain and to use in the litigation relevant records of the then-juveniles at issue to explain to the Court why it is that these persons were given the designation of prolific offender to begin with. The allegations of the

operative complaint and the course of the litigation have made the records relevant to the action.

    Additionally, the Defendant is certainly willing to enter into a confidentiality agreement to protect the records upon such terms as the Court might impose or to which the parties otherwise agree.  There is thus no reason not to order their production in the context of the litigation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of March, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Ari S. Bargil, Esquire** (*abargil@ij.org*), Institute For Justice, 2 S. Biscayne Boulevard, Suite 3180, Miami, Florida 33131; **Joshua A. House, Esquire** (*jhouse@ij.org*) and **Caroline Grace Brothers, Esquire** (*cgbrothers@ij.org*), Institute For Justice, 901 N. Glebe Road, Suite 900, Arlington, Virginia 22203; and **Robert E. Johnson, Esquire** (*rjohnson@ij.org*), Institute For Justice, 16781 Chagrin Boulevard, Suite 256, Shaker Heights, Ohio 44120.

    *s/ Robert D. Holborn, II*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  0083798
Email:  *poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.:  0091197
Email:  *grant@debevoisepoulton.com*
ERIN M. TUECHE, ESQ.
Florida Bar No.:  0045104
Email:  *tueche@debevoisepoulton.com*
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.:  0044186
Email:  *holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Attorneys for Defendant Sheriff Nocco