UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

**RECEIVED**

**NOV 0 3 2021**

**DEBEVOISE&POULTON**

Plaintiffs,

v.                                                        CASE NO.: 8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

Defendant,

_____/

## STIPULATED CONFIDENTIALITY AGREEMENT

Plaintiffs Dalanea Taylor, Tammy Heilman, Darlene Deegan and Robert A.

Jones III and Defendant Sheriff Chris Nocco, by their respective counsel of record,

enter into the following stipulated agreement to facilitate the production of

documents in this litigation.

### 1. Purpose

This agreement seeks to safeguard the confidentiality of potentially sensitive

law enforcement information that may be encompassed within otherwise relevant

documents produced in discovery. The purpose of the agreement is to allow for

documents to be disclosed in a timely fashion, while providing for a procedure

designed to safeguard the ultimate confidentiality of such information.

## 2. Scope

This agreement shall apply to the Defendant's production on November 4, 2021, including but not limited to Actionable Intelligence Meeting slides, Intelligence Led Policing unit files, and law enforcement tips.

## 3. Definition of Confidential Law Enforcement Information

The category "Confidential Law Enforcement Information" refers to information that concerns ongoing criminal investigations and law enforcement actions, as well as other information that Defendant is required to hold confidential. Such information includes:

- Active Criminal Intelligence or Investigative Info - FLA. STAT. § 119.071(2)(c)(l) (2021);

- FCIC/NCIC information – FLA. STAT. § 943.053(2) and (3)

- Information subject to federal law enforcement privilege.

- Driver's license information;

- Social Security Numbers - FLA. STAT. §119.071(5)(a)(5)(2021);

- Emergency Contact Information - FLA. STAT. § 119.0712(2)(d)(2021);

- Elder Abuse Records - FLA. STAT. §415.107 (2021);

- Medical and Mental Health Records and Information - Chapters 381, 394, 395, and 42 CFR Part 2 HIPAA. FLA. STAT.§ 455.229(2021);

- Juvenile Arrest Records - FLA. STAT. § 985.04 (2021);

- Name, address, and phone number of 911 reporter - FLA. STAT.

§ 365.171(12) (2020);

- Personal information as defined in 18 U.S.C. § 2725, contained in a motor vehicle record is confidential - Federal Driver's Privacy Protection Act of 1994. 18 U.S.C § 2721.

- Bank account, debit and credit card account numbers - FLA. STAT. § 119.071 (5)(b) (2021);

- Victim identify information – Marsy's Law, Art. 1 § 16, Florida Constitution.

## 4. Protection of Confidential Law Enforcement Information

The parties agree that the following procedures shall apply to the documents

identified in Section 2 of this agreement:

- All such documents shall remain at all times in the control and custody of counsel and those individuals directly working on Plaintiffs' counsel's team (*e.g.*, counsel, paralegals, investigators, experts, litigation support personnel, and secretarial staff).

- Plaintiffs' counsel will notify counsel for Defendant prior to disclosing any such document to any individual other than individuals directly working on Plaintiffs' counsel's team, so that Defendant may review the document for Confidential Law Enforcement Information.

- Within 14 days after Plaintiffs' counsel notifies Defendant that they intend to disclose a document to individuals beyond Plaintiffs' counsel's team, Defendant will either notify Plaintiffs' counsel that the document does not contain any Confidential Law Enforcement Information or will produce to Plaintiffs' counsel a version of the document that redacts all Confidential Law Enforcement Information. The Defendant may also notify the Plaintiff's team that additional time is needed for review and Plaintiffs' team will work with the Defendant to accommodate those needs; conversely, if faster review is required (for instance, because of upcoming briefing deadlines), then Plaintiffs may so notify Defendant, and Defendant's counsel will

likewise work to accommodate such requests. If Defendant fails to respond within 14 days to such a request, that failure will be treated as a statement that the document does not contain any Confidential Law Enforcement Information.

- If Defendant notifies Plaintiffs' counsel that a document does not contain any Confidential Law Enforcement Information, the document will not be subject to any further confidentiality obligation under this agreement. Likewise, any redacted version of a document produced by Defendant pursuant to this agreement will not be subject to any further confidentiality obligation under this agreement.

- If Plaintiffs' counsel believes that Defendant has improperly redacted information as Confidential Law Enforcement Information, then Plaintiffs' counsel may inform Defendant that Plaintiffs dispute the redaction. The parties shall endeavor to resolve such a dispute without involving the Court. If the parties are unable to agree, however, Plaintiffs may move the Court for an order that the information has been improperly redacted.

- If Plaintiffs seek to rely in this litigation on portions of documents that Defendant has redacted as Confidential Law Enforcement Information, then Plaintiffs shall move the Court to file the unredacted document under seal. The ultimate decision whether to seal a filing—or to instead place it on the public docket—will necessarily rest with the Court.

## 5. Other Provisions

Counsel shall take appropriate measures to ensure that each person to whom counsel discloses documents encompassed within the scope of this agreement (as identified in Section 2), including representatives and employees of counsel, is provided with a copy of this agreement and understands the limited purpose for which the material is disclosed and the prohibition against further dissemination.

Any notes or recorded notations of any kind that counsel, their secretaries,

clerical workers, paralegals, investigators, or experts make relating to the contents of documents within the scope of this agreement (as identified in Section 2) shall be subject to the same confidentiality obligations as the underlying documents.

All documents within the scope of this agreement (as identified in Section 2) and all copies thereof shall be destroyed after this action is concluded. This obligation shall not apply to documents that Defendant's counsel has stated do not contain Confidential Law Enforcement Information or to documents that have been redacted pursuant to this agreement.

Documents described in Section 2 shall not be shown to nor the contents discussed with any person outside of Plaintiffs' counsel's offices, including the Plaintiffs or their family members without first going through the process described in Section 4, above.

November 3, 2021.

/s/ Thomas W. Poulton

THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
poulton@debevoisepoulton.com

JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
grant@debevoisepoulton.com

DeBEVOISE & POULTON, P.A.
1035 S. Semoran Blvd., Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000

Respectfully submitted,

/s/ Robert E. Johnson

Ari S. Bargil (FL Bar No. 71454)
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
abargil@ij.org

Joshua A. House (CA Bar No. 284856)*
Caroline Grace Brothers (DC Bar No. 1656094)*

Facsimile: 321 -203-4304
*Attorneys for Defendant*

INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Fax: (703) 682-9321
jhouse@ij.org
cgbrothers@ij.org

Robert E. Johnson (OH Bar No.
0098498)*
INSTITUTE FOR JUSTICE
16781 Chagrin Boulevard, Suite 256
Shaker Heights, OH 44120
Tel.: (703) 682-9320
Fax: (703) 682-9321
rjohnson@ij.org

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*