UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

        Plaintiffs,

v.                                CASE NO.:  8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

        Defendant,

_____/

## STIPULATED CONFIDENTIALITY AGREEMENT
## REGARDING JUVENILE INFORMATION

Plaintiffs Dalanea Taylor, Tammy Heilman, Darlene Deegan and Robert A. Jones III and Defendant Sheriff Chris Nocco, by their respective counsel of record, enter into the following stipulated agreement to facilitate the production of documents in this litigation.

### 1.  Purpose

This agreement seeks to safeguard the confidentiality of sensitive juvenile information. The purpose of the agreement is to allow for documents to be produced for potential use in this litigation—to the extent that they are ultimately deemed relevant—while also preventing their broader dissemination.

## 2. Scope

This agreement shall apply to the production of any public records (including arrest records, detention records, and court records obtained from non-party governmental agencies via court order, subpoena, and/or a signed and notarized request for release of juvenile records) that contain the confidential juvenile information of Dalanea Taylor, Robert "Bobby" Jones IV, Donnie McDougall, and Anthony McDougall.

## 3. Definition of Confidential Juvenile Information

The category "Confidential Juvenile Information" refers to the information identified in Fla. Stat. § 985.04(1)(a) required by Florida state law to be kept confidential.

## 4. Protection of Confidential Juvenile Information

The parties agree that the following procedures shall apply to the documents identified in Section 2 of this agreement:

- All such documents shall remain at all times in the control and custody of counsel and those individuals directly working on Plaintiffs' and Defendant's counsels' teams (e.g., counsel, paralegals, investigators, experts, litigation support personnel, and secretarial staff).

- Counsel and the parties also will refrain from publicly disseminating the contents of such documents, except to the extent that such information was also independently obtained from some other source not subject to this agreement.

- Counsel may show documents containing confidential juvenile

information to the individual Plaintiffs and other fact witnesses in the case, in order to refresh their recollection concerning the events at issue in this case, but in doing so counsel shall retain custody and control over the documents as set forth in the paragraph above.

- If Plaintiffs or Defendant seek to use documents or portions of documents that contain confidential juvenile information as exhibits to a deposition, then the party seeking to use those documents or portions of documents as exhibits shall ensure those exhibits are held as confidential. Any such confidential deposition exhibits—as well as any portion of the deposition transcript discussing those exhibits—shall be subject to the same confidentiality obligation as the documents themselves.

- If Plaintiffs or Defendant seek to rely in this litigation on documents or portions of documents that contain confidential juvenile information, then the party seeking to rely on those documents or portions of documents shall move the Court to file the unredacted document under seal. The ultimate decision whether to seal a filing—or to instead place it on the public docket—will necessarily rest with the Court.

## 5. Other Provisions

Counsel shall take appropriate measures to ensure that each person to whom counsel discloses documents encompassed within the scope of this agreement (as identified in Section 2), including representatives and employees of counsel, is provided with a copy of this agreement and understands the limited purpose for which the material is disclosed and the prohibition against further dissemination.

Any notes or recorded notations of any kind that counsel, their secretaries, clerical workers, paralegals, investigators, or experts make relating to the contents of documents within the scope of this agreement (as identified in Section 2) shall

be subject to the same confidentiality obligations as the underlying documents.

All documents within the scope of this agreement (as identified in Section 2) and all copies thereof shall be destroyed after this action is concluded.

[This space intentionally left blank.]

February 11, 2022.

/s/ Thomas W. Poulton

THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
poulton@debevoisepoulton.com

JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
grant@debevoisepoulton.com

DeBEVOISE & POULTON, P.A.
1035 S. Semoran Blvd., Suite 1010
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
*Attorneys for Defendant*

Respectfully submitted,

/s/ Robert E. Johnson

Ari S. Bargil (FL Bar No. 71454)
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
abargil@ij.org

Joshua A. House (CA Bar No.
284856)*
Caroline Grace Brothers (DC Bar No.
1656094)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Fax: (703) 682-9321
jhouse@ij.org
cgbrothers@ij.org

Robert E. Johnson (OH Bar No.
0098498)*
INSTITUTE FOR JUSTICE
16781 Chagrin Boulevard, Suite 256
Shaker Heights, OH 44120
Tel.: (703) 682-9320
Fax: (703) 682-9321
rjohnson@ij.org

*Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*