UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

          Plaintiffs,

v.                              CASE NO.:  8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

          Defendant,
_____/

## SUPPPLEMENTAL MEMORANDUM TO MOTION TO ORDER RELEASE OF RECORDS AND PROPOSED ORDER BY DEFENDANT SHERIFF

COMES NOW Defendant CHRIS NOCCO, in his official capacity as Sheriff of Pasco County, Florida, by and through undersigned counsel, and pursuant to the Court's Order (Dkt. 83) hereby submits this supplemental memorandum to Defendant's Motion to Order Release of Records and proposed court Order (Ex. "A" - Proposed Order for Dkt 78), and states as follows:

Defendant filed on March 28, 2022, its Motion to Order Release of Records related to Donnie and Anthony McDougall, and Robert Jones, IV, who are the children of three of the named Plaintiffs.  The Court on April 5, 2022, directed Defendant to file

a supplemental memorandum setting forth case authority and any additional information it believes support its request for relief.

The records Defendant seek are otherwise public records that fall under §985.04, Fla. Stat., which provides that information obtained under the juvenile justice statutory chapter "is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution." However, Fla. Stat. §985.04(1)(b) allows state and local agencies to disclose criminal records of juveniles "upon order of the court."

Defendant is unable to locate any case authority that provides the standard for this Court to issue the order releasing confidential information under §985.04. However, Florida Attorney General Opinion 94-86 discusses the release of library information under Fla. Stat. §257.261 which is confidential and exempt from disclosure under Fla. Stat. §119.07(1). (Ex. "B" - FL AGO 94-86). This opinion gives the definition of "order of court" as the "judgment or conclusion of a court on any motion or proceeding by which affirmative relief is granted or denied."

Section 985.04, Fla. Stat., which governs the records sought by Defendant does not contain further restrictions, requirements, or any other additional standards for release and merely allows release "upon order of the court." Other Florida statutes that impose confidentiality and an exemption to the public records release requirements have varying additional restrictions or standards that dictate their release. One example is §984.06, Fla. Stat., which relates to juvenile dependency and similar to the statute at

2

issue here, provides that records under this chapter are confidential and exempt.  While containing the same "upon order of the court" requirement, this chapter adds "by a person deemed by the court to have a proper interest therein" to the requirements to obtain the court order.

Another example is §63.162, Fla. Stat., which covers confidentiality of records related to adoptions. Subsection (4)(b) includes an exception allowing for an "order of the court for good cause shown" and then provides the court the standard for determining whether good cause is shown.

The statute at issue in this matter does not include any additional requirements or standards for a court to issue an order releasing the records. The plain language of the statute makes it clear that regarding the release of confidential juvenile records under Fla. Stat. §985.04, the threshold is low.  There is no specific requirement that good cause be shown, that the subject of the juvenile records be given notice before the records are disclosed, nor even a showing of interest in the matter.  But, those steps have been taken here.

Defendant has met the low threshold requirement for release and has taken steps and offered additional protections to limit the exposure of this confidential information. Defendant has shown good cause because the release of the subject records is important to defend against claims made by Plaintiffs.  Plaintiffs in this case question whether the Defendant's increased attention to Plaintiffs or their children was justified.

Dalanea Taylor was a minor at the time and has agreed to release of her records already. Plaintiffs Heilman and Jones, IV, sometimes interacted with deputies as they performed prolific offender checks on their children, which necessitates understanding why those children were designated as prolific offenders to begin with.[1]

Defendant has also sent copies of the motion to the interested parties so that they are afforded the option of filing a motion to quash the subpoenas and present testimony to this Court as why the records should not be released. Additionally, the Defendant is willing to enter into a confidentiality agreement to protect the records upon such terms as the Court might impose or to which the parties otherwise agree. Defendant will provide copies of the records to Plaintiffs' counsel, as well, under a similar agreement.  Finally, Defendant has gone to great lengths to limit what records the subpoenas would produce, excluding records related to medical or mental health evaluations, medical or mental health treatment, and residential placement.  According to representatives of the Department of Juvenile Justice and Pasco County Clerk of Court, this limiting language of the subpoenas is acceptable to them and will minimize any personal and sensitive information to only those directly related to juvenile

---

[1] To be clear, not every interaction between the Plaintiffs and deputies occurred in tandem with a prolific offender check.  Many times the Plaintiffs themselves called the Sheriff's Office for assistance. On other occasions deputies served warrants or investigated specific reports of crimes.

delinquency matters.  There is thus no reason not to order their production in the context of the litigation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __12th__ day of April, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Ari S. Bargil, Esquire** (*abargil@ij.org*), Institute For Justice, 2 S. Biscayne Boulevard, Suite 3180, Miami, Florida 33131; **Joshua A. House, Esquire** (*jhouse@ij.org*) and **Caroline Grace Brothers, Esquire** (*cgbrothers@ij.org*), Institute For Justice, 901 N. Glebe Road, Suite 900, Arlington, Virginia 22203; and **Robert E. Johnson, Esquire** (*rjohnson@ij.org*), Institute For Justice, 16781 Chagrin Boulevard, Suite 256, Shaker Heights, Ohio 44120.

<div style="margin-left: 45%;">

*s/ Robert D. Holborn, II*
THOMAS W. POULTON, ESQ.
Florida Bar No.:  0083798
Email:  *poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.:  0091197
Email:  *grant@debevoisepoulton.com*
ERIN M. TUECHE, ESQ.
Florida Bar No.:  0045104
Email:  *tueche@debevoisepoulton.com*
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.:  0044186
Email:  *holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:  321-203-4304
Attorneys for Defendant Sheriff Nocco

</div>

6