# Florida Attorney General
# Advisory Legal Opinion

**Number: AGO 94-86**
**Date: October 12, 1994**
**Subject: Access to confidential registration/circulation records**

Ms. Phyllis Slater
General Counsel
Florida Department of State
The Capitol
Tallahassee, Florida 32399-0250

RE: PUBLIC RECORDS--LIBRARIES--SUBPOENAS--EVIDENCE--access to confidential registration and circulation records of public library by subpoena duces tecum. s. 257.261, F.S.

Dear Ms. Slater:

You ask substantially the following question:

Is a subpoena duces tecum considered "proper judicial order" for purposes of releasing confidential registration and circulation records of a public library under the provisions of section 257.261, Florida Statutes?

In sum:

While a subpoena duces tecum is not an order signed by a judge, the custodian of confidential registration and circulation records of a public library may not ignore a subpoena for production of such records based upon the confidentiality provisions in section 257.261, Florida Statutes. In the event the custodian takes the position that such records should not be released, he or she may assert the confidentiality provisions in a motion to quash the subpoena.

Section 257.261, Florida Statutes, in pertinent part, provides:

"All registration and circulation records of every public library, except statistical reports of registration and circulation, shall be confidential and exempt from the provisions of s. 119.07(1). *Except in accordance with proper judicial order*, no person shall make known in any manner any information contained in such records. . . ." (e.s.)

The plain language of the statute states that the manner in which information contained in the registration and circulation records of a public library may be released is in accordance with "proper judicial order." The term "proper judicial order," however, is not defined for purposes of Chapter 257, Florida Statutes.

Generally, the term "judicial order" has been defined[1] as "[o]ne which involves exercise of judicial discretion and affects final result of litigation."[2] While this definition may appear more related to a final judgment in a proceeding, the common characterization of its being "judicial" in nature would lead to the conclusion that "proper judicial order" is one that originates from the court. An "order of court" has been defined as the "judgment or conclusion of a court on any motion or proceeding by which affirmative relief is granted or denied."[3]

Thus, a broad term such as "proper judicial order" would include the exercise of judicial discretion by a judge in reaching a conclusion on a motion or proceeding in which affirmative relief is sought. In this instance, the custodian of confidential material contained in registration and circulation records of a public library may release such information upon the direction of a court order.

Section 27.04, Florida Statutes, provides:

"The state attorney shall have summoned all witnesses required on behalf of the state; and he is allowed the process of his court to summon witnesses from through-out the state to appear before him in or out of term time at such convenient places in the state attorney's judicial circuit and at such convenient times as may be designated in the summons, to testify before him as to any violation of the criminal law upon which they may be interrogated, and he is empowered to administer oaths to all witnesses summoned to testify by the process of his court or who may voluntarily appear before him to testify as to any violation or violations of the criminal law."

The state attorney has been characterized as a "one man grand jury" and is the investigatory and accusatory arm of the judicial system, subject only to limitations imposed by the Constitution, common law and statutes for the protection of individual rights.[4] This office has determined that the word "process," as used in section 27.04, Florida Statutes, means a subpoena or subpoena duces tecum.[5] Thus, the state attorney is authorized to issue a subpoena duces tecum independently of a court, but in doing so appears to be operating as a part of the judicial system.

A subpoena duces tecum commands the person to whom it is directed to produce the books, papers, documents or tangible things designated therein.[6] While a subpoena duces tecum is not an order issued by a judge, it is process of the court enforceable by contempt proceedings.[7] Thus, the custodian of confidential library registration and circulation records may not ignore the subpoena duces tecum based upon the provisions of section 257.261, Florida Statutes. However, in asserting a claim that the records should not be released due to their confidentiality, the custodian make seek to have the subpoena duces tecum quashed by a court of competent jurisdiction.

Under a similar situation, section 213.053, Florida Statutes, makes all information contained in returns, reports, accounts, or declarations received by the Florida Department of Revenue confidential and exempt from the provisions of section 119.07(1),Florida Statutes. The department must provide such information pursuant to an order of a judge of a court of

competent jurisdiction or pursuant to a subpoena duces tecum only when the subpoena is:

"(a) Issued by a state attorney, a United States attorney, or a court in a criminal investigation or a criminal judicial proceeding;
(b) Issued by a state or federal grand jury; or
(c) Issued by a state attorney, the Department of Legal Affairs, a United States attorney, or a court in the course of a civil investigation or a civil judicial proceeding under the state or federal racketeer influenced and corrupt organization act or under chapter 896."[8]

Thus, the Legislature has recognized that an order of a judge of a court of competent jurisdiction and a subpoena duces tecum may be used to gain access to confidential records.[9]

The Legislature's use of the term "proper judicial order" in section 257.261, Florida Statutes, would appear to be broad enough to encompass a subpoena duces tecum. Thus, the custodian of registration and circulation records of a public library, in asserting the confidentiality provisions in section 257.261, Florida Statutes, against a demand for production of such records by a subpoena duces tecum, would do so through a motion to quash the subpoena to a court of competent jurisdiction. This conclusion guarantees the continued viability of the Public Records Law, while respecting the powers of the judiciary.

Sincerely,

Robert A. Butterworth
Attorney General

RAB/tls

-----------------------------------------------------------------

[1] *See, e.g., Southeastern Fisheries Association, Inc. v. Department of Natural Resources*, 453 So. 2d 1351 (Fla. 1984) (where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning); *Citizens of State v. Public Service Commission*, 425 So. 2d 534 (Fla. 1982).

[2] Black's Law Dictionary 761 (5th ed. 1979).

[3] 37 Fla .Jur.2d *Motions and Orders* section 6, p.508.

[4] *Imparato v. Spicola*, 238 So. 2d 503 (Fla. 2d DCA 1970).

[5] Op. Att'y. Gen. Fla. 67-56 (1967).

[6] *See State ex rel. Everglades Cypress Co. v. Smith*, 139 So. 794 (Fla. 1932).

[7] *See* Fla. R. Civ. P. 1.410(e) and Fla. R. Crim. P. 3.220(n).

[8] Section 213.053(8), Fla. Stat. (1993).

[9] *See also, e.g.,* s. 395.3025(4), Fla. Stat. (1993), providing that confidential patient records may be disclosed "[i]n any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records to the patient or his legal representative." *Cf. Hunter v. State*, 19 Fla. L. Weekly D1136 (Fla. 5th DCA May 20, 1994), in which the court held that the state attorney may use an investigative subpoena to compel disclosure of a patient's medical records, but the patient must first be given notice before the subpoena is issued.