UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

               Plaintiffs,

v.                              CASE NO.:  8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

               Defendant,

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT BY SHERIFF NOCCO

COME NOW Defendant CHRIS NOCCO, in his official capacity as Pasco County Sheriff, by and through undersigned counsel and answers the Amended Complaint (Doc. 41) as follows:

1.     Denied.

2.     Denied.

3.     Denied.

4.     Any allegation of liability is denied.

5.     Jurisdiction over the claims as stated by Plaintiffs in the Amended Complaint is admitted.  Liability is denied.  It is also denied that the Court has jurisdiction over the actual relief sought by Plaintiffs on the true facts of the case.

6.    Liability is denied.  It is also denied that the Court has jurisdiction over the actual relief sought by Plaintiffs on the true facts of the case.

7.    Liability is denied.

8.    Jurisdiction under 28 U.S.C §1341 is appropriate.  Otherwise denied.

9.    Admitted.

10.    Admitted.

11.    Denied as framed.  It is admitted that Plaintiff Taylor committed a long series of criminal acts, at least some of which involved "violence."

12.    Admitted Taylor served a prison sentence, otherwise without knowledge and denied as irrelevant.

13.    Admitted Taylor is a mother.  Otherwise without knowledge and denied.

14.    Denied Taylor was designated a "Targeted Person."

15.    Denied Taylor was designated a "Targeted Person."

16.    It is admitted that deputies visited Taylor to encourage her to stay away from criminal activity and to encourage her to obtain employment or education. Citation to the Tampa Bay Times article should be stricken as irrelevant.

17.    Denied.

18.    Denied.

19.    Denied.

20.     Denied.

21.     Denied.

22.     Denied.  Vague as to the word "probing."

23.     Denied.  Vague as to the word "aggressive."

24.     Denied.

25.     Denied.

26.     Denied.

27.     Admitted.

28.     Denied that the son was designated a "Targeted Person."

29.     It is admitted that a small portion of the total interactions between Pasco deputies and Plaintiff or her son were in association with the prolific offender designation.   Citation to the Tampa Bay Times article should be stricken as irrelevant.

30.     Denied as framed.   It is admitted that a small portion of the total interactions between Pasco deputies and Plaintiff or her son were in association with the prolific offender designation and occurred at different times of day.

31.     Denied.

32.     Denied.

33.     Denied.

3

34.     Denied.  It is admitted that on occasion deputies attempted to located Tammy's son and ask residents of the home about his location.  It is denied that this was improper or always in connection to his status as a prolific offender.

35.     Denied.

36.     Denied.

37.     Denied as out of context.

38.     Denied.

39.     It is admitted that Plaintiff Heilman pled guilty and was convicted; otherwise denied.

40.     It is admitted that Plaintiff Heilman committed a battery upon a deputy, was arrested, and was convicted; otherwise denied.

41.     It is admitted that Plaintiff Heilman committed a battery upon a deputy, was arrested, and was convicted; otherwise denied.

42.     Denied.

43.     Denied.

44.     It is admitted that Plaintiff Heilman has received objectively justified code citation violations.

45.     It is admitted that Plaintiff Heilman has received objectively justified code citation violations;  the specific allegation here is denied.

46.     Denied.

4

47.    It is admitted that Plaintiff Heilman's other son has been arrested, with probable cause.

48.    Without knowledge and therefore denied.

49.    Denied.

50.    Denied.  Denied that this Plaintiff has a claim for this incident, in any event.

51.    Admitted.

52.    It is admitted that Deegan's son frequently used illegal drugs, otherwise without knowledge and denied.

53.    Admitted that the son committed numerous crimes, warranting increased focus for deterrence purposes;  denied that the son was designated a "Targeted Person."

54.    Denied.

55.    It is admitted that deputi9es visited Deegan's residence on successive days when attempting to locate the son on the basis of probable cause for his arrest, not based on his status as a prolific offender or other designation.

56.    Denied as framed.

57.    Denied.

58.    Denied.

59.    Denied.

60.   Denied.

61.   Denied.

62.   Denied as framed.   It is admitted that Plaintiff Deegan received objectively justified code violation citations and negotiated a payment with the County Attorney to resolve them.  Otherwise denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Without knowledge and therefore denied.

67.   Denied that the son was designated a "Targeted Person."

68.   Denied as vague.

69.   Denied;  Plaintiff Jones gave consent to entry and search.

70.   It is admitted that after obtaining consent deputies performed a search and found illegal drugs.

71.   It is admitted that after obtaining consent deputies performed a search and found illegal drugs.

72.   Denied.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   It is admitted that Plaintiff Jones received objectively justified citations for code violations and that he did not contest them, allowing them to be paid on various bases, including fines against him for multiple criminal failures to appear.

80.   Denied.  As above with regard to the search, the evidence clearly demonstrates that this allegation is patently false.

81.   Denied. As above with regard to the search, the evidence clearly demonstrates that this allegation is patently false.

82.   Denied. As above with regard to the search, the evidence clearly demonstrates that this allegation is patently false.

83.   Without knowledge and denied.

84.   It is admitted that Plaintiff Jones was arrested based on objective probable cause.

85.   Denied.

86.   Denied.

87.   Denied.

88.   Denied.

89.   Denied.

90.   Denied.

91.   Denied.

92.   It is admitted that Jones moved out of the area; the reason alleged is denied.

93.   It is admitted that Jones moved out of the area; the reason alleged is denied.

94.   Denied.

95.   Denied.

96.   Denied.

97.   Denied.

98.   Denied.

99.   It is admitted that Chris Nocco is the Sheriff.

100.   Capacity of suit is admitted.   Liability is denied.

101.   Denied as framed.   It is admitted that the Sheriff is a state constitutional officer.

102.   It is admitted that Chris Nocco is the Sheriff and is the final policymaker for the Sheriff's Office.

103.   Denied as framed.   It is admitted that the Sheriff is a state constitutional officer.

104.   It is admitted that the Sheriff's Office receives a portion of its funding from the County; otherwise denied.

105.   Admitted.

106.   It is admitted that Chris Nocco is the Sheriff and is the final policymaker for the Sheriff's Office.

107.   Denied as framed.  Versions of the principles of ILP are used by every police agency in the country and have been for many decades.

108.   It is admitted that Chris Nocco is the Sheriff and is the final policymaker for the Sheriff's Office.

109.   It is admitted that Chris Nocco is the Sheriff and is the final policymaker for the Sheriff's Office.

110.   It is admitted that Chris Nocco is the Sheriff and is the final policymaker for the Sheriff's Office.

111.   It is denied that the ILP Manual or any other policy or custom of the Sheriff, as defined by *Monell v. New York Dep't of Soc. Sv*s., and its progeny, directs deputies as to their actions in any given situation.

112.   It is denied that the ILP Manual or any other policy or custom of the Sheriff, as defined by *Monell v. New York Dep't of Soc. Sv*s., and its progeny, directs deputies as to their actions in any given situation.

113.   It is denied that the ILP Manual or any other policy or custom of the Sheriff, as defined by *Monell v. New York Dep't of Soc. Sv*s., and its progeny, directs deputies as to their actions in any given situation.

114.   Denied as out of context.

115.   Denied as out of context.

116.   Denied, particularly as vague as to the phrase "disproportionate."

117.   Denied as out of context and irrelevant.  Reference to the Tampa Bay Times articles should be stricken.

118.   Denied.

119.   It is admitted that the Sheriff's Office uses the prolific offender designation; otherwise denied.

120.   Admitted this is a portion of the relevant criteria;  otherwise denied as out of context.

121.   Admitted this is a portion of the relevant criteria;  otherwise denied as out of context.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied as out of context.  The key relevant criterion is whether a subject is believed to be actively contributing to certain criminal activity in Pasco County.

126.   Denied.

127.   Denied as out of context.  The key relevant criterion is whether a subject is believed to be actively contributing to certain criminal activity in Pasco County.

128.   Denied.

129.   Denied.

130.   Denied as out of context.  The key relevant criterion is whether a subject is believed to be actively contributing to certain criminal activity in Pasco County.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   It is admitted that no approach to reducing crime is a "guarantee," as referenced in the allegation.

137.   It is admitted that a prolific offender pool is identified and a determination is made as to whether a given subject is believed to be actively contributing to certain criminal activity in Pasco County.

138.   Denied.

139.   Denied as phrased.  Admitted that the ILP manual speaks in terms of checks every quarter to encourage the subject not to commit crime, to obtain employment, offer services, and to dissuade further criminal activity.

140.   Admitted that such interactions may be called "prolific offender checks."

141.   It is denied that the ILP Manual or any other policy or custom of the Sheriff, as defined by *Monell v. New York Dep't of Soc. Sv*s., and its progeny, directs deputies as to the specific frequency with which they might have interaction with a subject or the deputies' actions in any given situation.

142.   Denied.

143.   Denied.

144.   Denied as framed and as out of context.

145.   It is denied that the ILP Manual or any other policy or custom of the Sheriff, as defined by *Monell v. New York Dep't of Soc. Sv*s., and its progeny, directs deputies as to the specific frequency with which they might have interaction with a subject or the deputies' actions in any given situation;  no policy or custom of the Sheriff directs deputies as to what specifically to say to a given subject on a particular occasion.

146.   It is admitted that the ILP manual states that there is a zero-tolerance policy with regard to prolific offenders where probable cause exists.  It is denied that

there is an official policy or custom and deputies are not given any particular instruction as to how to conduct prolific offender checks or otherwise interact with prolific offenders as it is case-by-case basis.  Denied that there is a custom or policy to prosecute minors as adults and this decision is ultimately up to prosecutors, not the Sheriff or his deputies.

147.   Denied.  Plaintiffs Heilman and Jones were lawfully arrested based on objective probable cause.  Moreover, any claim by Heilman on this basis is barred by *Heck v. Humphrey* and any claim by Jones is barred by *Heck v. Humphrey*, and both may be barred by the statute of limitations.

148.   Denied as out of context.

149.   Denied as out of context.  All arrests of any Plaintiff in the case were justified by objective probable cause.

150.   Denied as to the word "interrogate."

151.   Denied in that no warrant is required.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.  Denied.

159.  Denied.

160.  Denied.

161.  Denied.

162.  Denied.

163.  Denied.

164.  Denied.

165.  Denied.

166.  Denied.

167.  Denied.

168.  Denied.

169.  Denied.

170.  Denied.

171.  Denied.

172.  Denied.  There is no allegation or evidence that any citation issued to any Plaintiff was objectively incorrect, unjustified, or unlawful.  These claims are all barred by abstention doctrines.

173.  It is admitted that code enforcement, not just as to prolific offenders, is generally a tool by which law enforcement or other government agencies address criminal activity.  Otherwise denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied.

195.   It is admitted that Taylor was released form prison; otherwise without knowledge and denied.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.   Denied.

202.   Denied that Taylor is currently a prolific offender or that she has been "harassed."

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

207.   Denied.

208.   Denied.

209.   Denied.

210.   Denied.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

215.   Denied.

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   Denied.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

231.   Denied.

## Count One:  Fourth Amendment Claim

232.    Defendant incorporates his responses to paragraphs 1-231 by reference.

233.    This is a generally correct summary of the Fourth Amendment;  denied that Plaintiffs' rights were violated or that any particular violation of the Fourth Amendment was caused, in a *Monell* sense, by an official custom or policy of the Sheriff.

234.  Denied.

235.  Denied.

236.  Denied.

237.  Denied.

238.  Denied.

239.  Denied.

240.  Denied.

241.  Denied.

242.  Denied.

243.  Denied.

244.  Denied that any constitutional violation has occurred or that Plaintiffs are entitled to any relief.

## Count Two:  First Amendment Claim

245.   Defendant incorporates his responses to paragraphs 1-231 by reference.

246.   Denied.  It is also denied that Plaintiffs' rights were violated or that any particular violation of the First Amendment was caused, in a *Monell* sense, by an official custom or policy of the Sheriff.

247.   Denied.

248.   Denied.

249.   Denied.

250.   Denied.

251.   Denied.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied that any constitutional violation has occurred or that Plaintiffs are entitled to any relief.

## Count Three: 14th Amendment Procedural Due Process Claim

257.   Defendant incorporates his responses to paragraphs 1-231 by reference.

258.   This is a generally correct summary of a portion of the Fourteenth Amendment;   denied that Plaintiffs' rights were violated or that any particular

violation of the Fourteenth Amendment was caused, in a *Monell* sense, by an official custom or policy of the Sheriff.

259.    Denied.

260.    Denied.

261.    Denied.

262.    Denied.

263.    Denied.

264.    Denied.

265.    Denied.

266.    Denied that any constitutional violation has occurred or that Plaintiffs are entitled to any relief.

## Count Four:  14th Amendment Substantive Due Process Claim

267.    Defendant incorporates his responses to paragraphs 1-231 by reference.

268.    Denied as an oversimplistic and misleading summary of the Fourteenth Amendment.

269.    Denied that Plaintiffs have such a claim in this case.

270.    Denied.

271.    Denied.

272.    Denied.

273.    Denied.

274.   Denied.

275.   Denied.

276.   Denied.

277.   Denied.

278.   Denied.

279.   Denied that any constitutional violation has occurred or that Plaintiffs are entitled to any relief.

<h2 style="text-align:center"><u>Count Five:  14th Amendment Equal Protection Claim</u></h2>

This Count has previously been dismissed by the Court and so no response is necessary.  However, Defendant denies any violation of the rights described in the count and denies liability.

<h2 style="text-align:center"><u>Prayer for Relief</u></h2>

Defendant denies liability for any of the damages or relief claimed in paragraphs A through J.  Defendant also notes that Plaintiffs have dropped their claims for any monetary damages for claimed non-economic losses.

<h2 style="text-align:center"><u>General Denial</u></h2>

Any allegation of the Amended Complaint not expressly admitted herein is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The initial Complaint was filed on March 10, 2021.  Any claim for damages or other relief based on an incident which occurred more than four years prior to the filing of the initial Complaint is barred by Florida's residual statute of limitations statute, made applicable to federal claims under §1983.  *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 1990).

### Second Affirmative Defense

Defendant denies that Plaintiffs have standing to challenge or to seek relief as to any part of the ILP or other law enforcement action not applied directly to them. Defendant denies that Plaintiffs have standing to seek injunctive relief for any aspect of ILP or other law enforcement action where there is an absence of evidence that there is a real and immediate threat that it will be applied to them in the future.

### Third Affirmative Defense

Plaintiffs' claims are barred by applicable abstention doctrines.  This includes any claim that a given Plaintiff was arrested without probable cause or cited for a code violation, where that plaintiff pled guilty, was adjudicated guilty, or paid a fine, under *Heck v. Humphrey*, 512 U.S. 477 (1994).  It also includes claims based on issuance of code violations or citations under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971).

22

## **Fourth Affirmative Defense**

Plaintiffs' claims for injunctive and declaratory relief in this case raise political or policy issues, not legal ones.  The Sheriff is an elected, local law enforcement official exercising his discretion as to that function.  Pursuant to the doctrines of sovereign immunity and separation of powers the Court should decline Plaintiffs' request that the Court substitute its judgment on those discretionary matters for the Sheriff's.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  **Ari S. Bargil, Esquire** (*abargil@ij.org*), Institute For Justice, 2 S. Biscayne Boulevard, Suite 3180, Miami, Florida 33131; **Joshua A. House, Esquire** (*jhouse@ij.org*) and **Caroline Grace Brothers, Esquire** (*cgbrothers@ij.org*), Institute For Justice, 901 N. Glebe Road, Suite 900, Arlington, Virginia 22203; and **Robert E. Johnson, Esquire** (*rjohnson@ij.org*), Institute For Justice, 16781 Chagrin Boulevard, Suite 256, Shaker Heights, Ohio 44120.

> *s/ Thomas W. Poulton*
> THOMAS W. POULTON, ESQ.
> Florida Bar No.:  0083798
> Email:  *poulton@debevoisepoulton.com*
> JEFFREY K. GRANT, ESQ.
> Florida Bar No.:  0091197
> Email:  *grant@debevoisepoulton.com*
> ERIN M. TUECHE, ESQ.
> Florida Bar No.:  0045104
> Email:  *tueche@debevoisepoulton.com*
> ROBERT D. HOLBORN, II, ESQ.
> Florida Bar No.:  0044186
> Email:  *holborn@debevoisepoulton.com*
> DeBEVOISE & POULTON, P.A.
> Lakeview Office Park, Suite 1010
> 1035 S. Semoran Boulevard
> Winter Park, Florida  32792
> Telephone:  407-673-5000
> Facsimile:  321-203-4304
> Attorneys for Defendant Sheriff Nocco