## RULE 2.420. PUBLIC ACCESS TO JUDICIAL BRANCH RECORDS

**(a) Scope and Purpose.** Subject to the rulemaking power of the Florida Supreme Court provided by article V, section 2, Florida Constitution, the following rule shall govern public access to the records of the judicial branch of government. The public shall have access to all records of the judicial branch of government, except as provided below.

**(b) Definitions.**

(1) "Records of the judicial branch" are all records, regardless of physical form, characteristics, or means of transmission, made or received in connection with the transaction of official business by any judicial branch entity and consist of:

(A) "court records," which are the contents of the court file, including the progress docket and other similar records generated to document activity in a case, transcripts filed with the clerk, documentary exhibits in the custody of the clerk, and electronic records, videotapes, or stenographic tapes of depositions or other proceedings filed with the clerk, and electronic records, videotapes, or stenographic tapes of court proceedings; and

(B) "administrative records," which are all other records made or received pursuant to court rule, law, or ordinance, or in connection with the transaction of official business by any judicial branch entity.

(2) "Judicial branch" means the judicial branch of government, which includes the state courts system, the clerk of court when acting as an arm of the court, The Florida Bar, the Florida Board of Bar Examiners, the Judicial Qualifications Commission, and all other entities established by or operating under the authority of the supreme court or the chief justice.

(3) "Custodian." The custodian of all administrative records of any court is the chief justice or chief judge of that court, except that each judge is the custodian of all records that are solely within the possession and control of that judge. As to all other records, the custodian is the official charged with the responsibility of maintaining the office having the care, keeping, and supervision of such records. All references to "custodian" mean the custodian or the custodian's designee.

(4) "Confidential," as applied to information contained within a record of the judicial branch, means that such information is exempt from the public right of access under article I, section 24(a) of the Florida Constitution and may be released only to the persons or organizations designated by law, statute, or court order. As applied to information contained within a court record, the term "exempt" means that such information is confidential. Confidential information includes information that is confidential under this rule or under a court order entered pursuant to this rule. To the extent reasonably practicable, restriction of access to confidential information shall be implemented in a manner that does not restrict access to any portion of the record that is not confidential.

(5) "Affected non-party" means any non-party identified by name in a court record that contains confidential information pertaining to that non-party.

(6) "Filer" means any person who files a document in court records, except "filer" does not include the clerk of court or designee of the clerk, a judge, magistrate, hearing officer, or designee of a judge, magistrate or hearing officer.

**(c) Confidential and Exempt Records.** The following records of the judicial branch shall be confidential:

(1) Trial and appellate court memoranda, drafts of opinions and orders, court conference records, notes, and other written materials of a similar nature prepared by judges or court staff acting on behalf of or at the direction of the court as part of the court's judicial decision-making process utilized in disposing of cases and controversies before Florida courts unless filed as a part of the court record;

(2) Memoranda or advisory opinions that relate to the administration of the court and that require confidentiality to protect a compelling governmental interest, including, but not limited to, maintaining court security, facilitating a criminal investigation, or protecting public safety, which cannot be adequately protected by less restrictive measures. The degree, duration, and manner of confidentiality imposed shall be no broader than necessary to protect the compelling governmental interest involved, and a finding shall be made that no less restrictive measures are available to protect this interest. The decision that confidentiality is required with respect to such administrative memorandum or written advisory opinion shall be made by the chief judge;

(3) (A) Complaints alleging misconduct against judges until probable cause is established;

(B) Complaints alleging misconduct against other entities or individuals licensed or regulated by the courts, until a finding of probable cause or no probable cause is established, unless otherwise provided. Such finding should be made within the time limit set by law or rule. If no time limit is set, the finding should be made within a reasonable period of time;

(4) Periodic evaluations implemented solely to assist judges in improving their performance, all information gathered to form the bases for the evaluations, and the results generated therefrom;

(5) Only the names and qualifications of persons applying to serve or serving as unpaid volunteers to assist the court, at the court's request and direction, shall be accessible to the public. All other information contained in the applications by and evaluations of persons applying to serve or serving as unpaid volunteers shall be confidential unless made public by court order based upon a showing of materiality in a pending court proceeding or upon a showing of good cause;

(6) Copies of arrest and search warrants and supporting affidavits retained by judges, clerks, or other court personnel until execution of said warrants or until a determination is made by law enforcement authorities that execution cannot be made;

(7) All records made confidential under the Florida and United States Constitutions and Florida and federal law;

(8) All records presently deemed to be confidential by court rule, including the Rules for Admission to the Bar, by Florida Statutes, by prior case law of the State of Florida, and by the rules of the Judicial Qualifications Commission;

(9) Any court record determined to be confidential in case decision or court rule on the grounds that

  (A) confidentiality is required to
   (i) prevent a serious and imminent threat to the fair, impartial, and orderly administration of justice;

   (ii) protect trade secrets;

   (iii) protect a compelling governmental interest;

   (iv) obtain evidence to determine legal issues in a case;

   (v) avoid substantial injury to innocent third parties;

   (vi) avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of proceeding sought to be closed;

   (vii) comply with established public policy set forth in the Florida or United States Constitution or statutes or Florida rules or case law;

  (B) the degree, duration, and manner of confidentiality ordered by the court shall be no broader than necessary to protect the interests set forth in subdivision (A); and

  (C) no less restrictive measures are available to protect the interests set forth in subdivision (A).

(10) The names and any identifying information of judges mentioned in an advisory opinion of the Judicial Ethics Advisory Committee.

**(d) Procedures for Determining Confidentiality of Court Records.**

(1) The clerk of the court shall designate and maintain the confidentiality of any information contained within a court record that is described in subdivision (d)(1)(A) or (d)(1)(B) of this rule. The following information shall be maintained as confidential:

  (A) information described by any of subdivisions (c)(1) through (c)(6) of this rule; and

(B) except as provided by court order, information subject to subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution as specifically stated in any of the following statutes or as they may be amended or renumbered:

(i) Chapter 39 records relating to dependency matters, termination of parental rights, guardians ad litem, child abuse, neglect, and abandonment. §§ 39.0132(3), 39.0132(4)(a), Fla. Stat.

(ii) Adoption records. § 63.162, Fla. Stat.

(iii) Social Security, bank account, charge, debit, and credit card numbers. § 119.0714(1)(i)–(j), (2)(a)-(e), Fla. Stat. (Unless redaction is requested pursuant to § 119.0714(2), Fla. Stat., this information is exempt only as of January 1, 2012.)

(iv) HIV test results and the identity of any person upon whom an HIV test has been performed. § 381.004(3)(e), Fla. Stat.

(v) Records, including test results, held by the Department of Health or its authorized representatives relating to sexually transmissible diseases. § 384.29, Fla. Stat.

(vi) Birth records and portions of death and fetal death records. §§ 382.008(6), 382.025(1), Fla. Stat.

(vii) Information that can be used to identify a minor petitioning for a waiver of parental notice when seeking to terminate pregnancy. § 390.01116, Fla. Stat.

(viii) Clinical records under the Baker Act. § 394.4615(7), Fla. Stat.

(ix) Records of substance abuse service providers which pertain to the identity, diagnosis, and prognosis of and service provision to individuals. § 397.501(7), Fla. Stat.

(x) Clinical records of criminal defendants found incompetent to proceed or acquitted by reason of insanity. § 916.107(8), Fla. Stat.

(xi) Estate inventories and accountings. § 733.604(1), Fla. Stat.

(xii) The victim's address in a domestic violence action on petitioner's request. § 741.30(3)(b), Fla. Stat.

(xiii) Protected information regarding victims of child abuse or sexual offenses. §§ 119.071(2)(h), 119.0714(1)(h), Fla. Stat.

(xiv) Gestational surrogacy records. § 742.16(9), Fla. Stat.

        (xv) Guardianship reports, orders appointing court monitors, and orders relating to findings of no probable cause in guardianship cases. §§ 744.1076, 744.3701, Fla. Stat.

        (xvi) Grand jury records. §§ 905.17, 905.28(1), Fla. Stat.

        (xvii) Records acquired by courts and law enforcement regarding family services for children. § 984.06(3)-(4), Fla. Stat.

        (xviii) Juvenile delinquency records. §§ 985.04(1), 985.045(2), Fla. Stat.

        (xix) Records disclosing the identity of persons subject to tuberculosis proceedings and records held by the Department of Health or its authorized representatives relating to known or suspected cases of tuberculosis or exposure to tuberculosis. §§ 392.545, 392.65, Fla. Stat.

        (xx) Complete presentence investigation reports. Fla. R. Crim. P. 3.712.

  (2) The filer of any document containing confidential information described in subdivision (d)(1)(B) shall, at the time of filing, file with the clerk a "Notice of Confidential Information within Court Filing" in order to indicate that confidential information described in subdivision (d)(1)(B) of this rule is included within the document being filed and also indicate that either the entire document is confidential or identify the precise location of the confidential information within the document being filed. If an entire court file is maintained as confidential, the filer of a document in such a file is not required to file the notice form. A form Notice of Confidential Information within Court Filing accompanies this rule.

  (1)  If any document in a court file contains confidential information as described in subdivision (d)(1)(B), the filer, a party, or any affected non-party may file the Notice of Confidential Information within Court Filing if the document was not initially filed with a Notice of Confidential Information within Court Filing and the confidential information is not maintained as confidential by the clerk. The Notice of Confidential Information within Court Filing filed pursuant to this subdivision must also state the title and type of document, date of filing (if known), date of document, docket entry number, indicate that either the entire document is confidential or identify the precise location of the confidential information within the document, and provide any other information the clerk may require to locate the confidential information.

  (2)  The clerk of court shall review filings identified as containing confidential information to determine whether the purported confidential information is facially subject to confidentiality under subdivision (d)(1)(B). If the clerk determines that filed information is not subject to confidentiality under subdivision (d)(1)(B), the clerk shall notify the filer of the Notice of Confidential Information within Court Filing in writing within 5 days of filing the notice and thereafter shall maintain the information as confidential for 10 days from the date such

notification by the clerk is served. The information shall not be held as confidential for more than that 10 day period, unless a motion has been filed pursuant to subdivision (d)(3).

   (3) The filer of a document with the court shall ascertain whether any information contained within the document may be confidential under subdivision (c) of this rule notwithstanding that such information is not itemized at subdivision (d)(1) of this rule. If the filer believes in good faith that information is confidential but is not described in subdivision (d)(1) of this rule, the filer shall request that the information be maintained as confidential by filing a "Motion to Determine Confidentiality of Court Records" under the procedures set forth in subdivision (e), (f), or (g), unless

   (A) the filer is the only individual whose confidential information is included in the document to be filed or is the attorney representing all such individuals; and

   (B) a knowing waiver of the confidential status of that information is intended by the filer. Any interested person may request that information within a court file be maintained as confidential by filing a motion as provided in subdivision (e), (f), or (g).

   (4) If a notice of confidential information is filed pursuant to subdivision (d)(2), or a motion is filed pursuant to subdivision (e)(1) or (g)(1) seeking to determine that information contained in court records is confidential, or pursuant to subdivision (e)(5) or (g)(5) seeking to vacate an order that has determined that information in a court record is confidential or seeking to unseal information designated as confidential by the clerk of court, then the person filing the notice or motion shall give notice of such filing to any affected non-party. Notice pursuant to this provision must:

   (A) be filed with the court;

   (B) identify the case by docket number;

   (C) describe the confidential information with as much specificity as possible without revealing the confidential information, including specifying the precise location of the information within the court record; and

   (D) include:

   (i) in the case of a motion to determine confidentiality of court records, a statement that if the motion is denied then the subject material will not be treated as confidential by the clerk; and

   (ii) in the case of a motion to unseal confidential records or a motion to vacate an order deeming records confidential, a statement that if the motion is granted, the subject material will no longer be treated as confidential by the clerk.

Any notice described herein must be served pursuant to subdivision (k), if applicable, together with the motion that gave rise to the notice in accordance with subdivision (e)(5) or (g)(5).

(5) Except when the entire court file is maintained as confidential, if a judge, magistrate, or hearing officer files any document containing confidential information, the confidential information within the document must be identified as "confidential" and the title of the document must include the word "confidential." The clerk must maintain the confidentiality of the indentified confidential information. A copy of the document edited to omit the confidential information shall be provided to the clerk for filing and recording purposes.

**(e) Request to Determine Confidentiality of Trial Court Records in Noncriminal Cases.**

(1) A request to determine the confidentiality of trial court records in noncriminal cases under subdivision (c) must be made in the form of a written motion captioned "Motion to Determine Confidentiality of Court Records." A motion made under this subdivision must:

(A) identify the particular court records or a portion of a record that the movant seeks to have determined as confidential with as much specificity as possible without revealing the information subject to the confidentiality determination;

(B) specify the bases for determining that such court records are confidential without revealing confidential information; and

(C) set forth the specific legal authority and any applicable legal standards for determining such court records to be confidential without revealing confidential information. Any written motion made under this subdivision must include a signed certification by the party or the attorney for the party making the request that the motion is made in good faith and is supported by a sound factual and legal basis. Information that is subject to such a motion must be treated as confidential by the clerk pending the court's ruling on the motion. A response to a written motion filed under this subdivision may be served within 10 days of service of the motion. Notwithstanding any of the foregoing, the court may not determine that the case number, docket number, or other number used by the clerk's office to identify the case file is confidential.

(2) Except when a motion filed under subdivision (e)(1) represents that all parties agree to all of the relief requested, the court must, as soon as practicable but no later than 30 days after the filing of a motion under this subdivision, hold a hearing before ruling on the motion. Whether or not any motion filed under subdivision (e)(1) is agreed to by the parties, the court may in its discretion hold a hearing on such motion. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c). Any person may request expedited consideration of and ruling on the motion. The movant shall be responsible for ensuring that a complete record of any hearing held pursuant to this subdivision is created, either by use of a court reporter or by any recording device that is provided as a matter of right by the court. The court may in its discretion require prior public notice of the hearing on such a motion in accordance with the procedure for providing public notice of court orders set forth in

subdivision (e)(4) or by providing such other public notice as the court deems appropriate. The court must issue a ruling on the motion within 30 days of the hearing.

(3) Any order granting in whole or in part a motion filed under subdivision (e) must state the following with as much specificity as possible without revealing the confidential information:

(A) The type of case in which the order is being entered;

(B) The particular grounds under subdivision (c) for determining the information is confidential;

(C) Whether any party's name determined to be confidential and, if so, the particular pseudonym or other term to be substituted for the party's name;

(D) Whether the progress docket or similar records generated to document activity in the case are determined to be confidential;

(E) The particular information that is determined to be confidential;

(F) Identification of persons who are permitted to view the confidential information;

(G) That the court finds that: (i) the degree, duration, and manner of confidentiality ordered by the court are no broader than necessary to protect the interests set forth in subdivision (c); and (ii) no less restrictive measures are available to protect the interests set forth in subdivision (c); and

(H) That the clerk of the court is directed to publish the order in accordance with subdivision (e)(4).

(4) Except as provided by law or court rule, notice must be given of any written order granting in whole or in part a motion made under subdivision (e)(1) as follows:

(A) within 10 days following the entry of the order, the clerk of court must post a copy of the order on the clerk's website and in a prominent public location in the courthouse; and

(B) the order must remain posted in both locations for no less than 30 days. This subdivision shall not apply to orders determining that court records are confidential under subdivision (c)(7) or (c)(8).

(5) If a nonparty requests that the court vacate all or part of an order issued under subdivision (e) or requests that the court order the unsealing of records designated as confidential under subdivision (d), the request must be made by a written motion, filed in that court, that states with as much specificity as possible the bases for the motion. The motion must set forth the specific legal authority and any applicable legal standards supporting the motion. The movant must serve all parties and all affected non-parties with a copy of the motion. Except when a

motion filed under this subdivision represents that all parties and affected non-parties agree to all of the relief requested, the court must, as soon as practicable but no later than 30 days after the filing of a motion under this subdivision, hold a hearing on the motion. Regardless of whether any motion filed under this subdivision is agreed to by the parties and affected non-parties, the court may in its discretion hold a hearing on such motion. Any person may request expedited consideration of and ruling on the motion. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c). The court must issue a ruling on the motion within 30 days of the hearing. The movant shall be responsible for ensuring that a complete record of any hearing held under this subdivision be created, either by use of a court reporter or by any recording device that is provided as a matter of right by the court. This subdivision shall not apply to orders determining that court records are confidential under subdivision (c)(7) or (c)(8).

### (f) Request to Determine Confidentiality of Court Records in Criminal Cases.

(1) Subdivisions (e) and (h) shall apply to any motion by the state, a defendant, or an affected non-party to determine the confidentiality of trial court records in criminal cases under subdivision (c), except as provided in subdivision (f)(3). As to any motion filed in the trial court under subdivision (f)(3), the following procedure shall apply:

(A) Unless the motion represents that the State, defendant(s), and all affected non-parties subject to the motion agree to all of the relief requested, the court must hold a hearing on the motion filed under this subdivision within 15 days of the filing of the motion. Any hearing held under this subdivision must be an open proceeding, except that any person may request that the court conduct all or part of the hearing in camera to protect the interests set forth in subdivision (c)(9)(A).

(B) The court shall issue a written ruling on a motion filed under this subdivision within 10 days of the hearing on a contested motion or within 10 days of the filing of an agreed motion.

(2) Subdivision (g) shall apply to any motion to determine the confidentiality of appellate court records under subdivision (c), except as provided in subdivision (f)(3). As to any motion filed in the appellate court under subdivision (f)(3), the following procedure shall apply:

(A) The motion may be made with respect to a record that was presented or presentable to a lower tribunal, but no determination concerning confidentiality was made by the lower tribunal, or a record presented to an appellate court in an original proceeding.

(B) A response to a motion filed under this subdivision may be served within 10 days of service of the motion.

(C) The court shall issue a written ruling on a motion filed under this subdivision within 10 days of the filing of a response on a contested motion or within 10 days of the filing of an uncontested motion.

(3) Any motion to determine whether a court record that pertains to a plea agreement, substantial assistance agreement, or other court record that reveals the identity of a confidential informant or active criminal investigative information is confidential under subdivision (c)(9)(A)(i), (c)(9)(A)(iii), (c)(9)(A)(v), or (c)(9)(A)(vii) of this rule may be made in the form of a written motion captioned "Motion to Determine Confidentiality of Court Records." Any motion made pursuant to this subdivision must be treated as confidential and indicated on the docket by generic title only, pending a ruling on the motion or further order of the court. As to any motion made under this subdivision, the following procedure shall apply:

(A) Information that is the subject of such motion must be treated as confidential by the clerk pending the court's ruling on the motion. Filings containing the information must be indicated on the docket in a manner that does not reveal the confidential nature of the information.

(B) The provisions of subdivisions (e)(3)(A)–(G), (g)(7), (h), and (j), shall apply to motions made under this subdivision. The provisions of subdivisions (e)(1), (e)(2), (e)(3)(H), (e)(4), and (e)(5) shall not apply to motions made under this subdivision.

(C) No order entered under this subdivision may authorize or approve the sealing of court records for any period longer than is necessary to achieve the objective of the motion, and in no event longer than 120 days. Extensions of an order issued hereunder may be granted for 60-day periods, but each such extension may be ordered only upon the filing of another motion in accordance with the procedures set forth under this subdivision. In the event of an appeal or review of a matter in which an order is entered under this subdivision, the lower tribunal shall retain jurisdiction to consider motions to extend orders issued hereunder during the course of the appeal or review proceeding.

(D) The clerk of the court shall not publish any order of the court issued hereunder in accordance with subdivision (e)(4) or (g)(4) unless directed by the court. The docket shall indicate only the entry of the order.

(4) This subdivision does not authorize the falsification of court records or progress dockets.

### (g) Request to Determine Confidentiality of Appellate Court Records in Noncriminal Cases.

(1) Subdivision (e)(1) shall apply to any motion filed in the appellate court to determine the confidentiality of appellate court records in noncriminal cases under subdivision (c). Such a motion may be made with respect to a record that was presented or presentable to a lower tribunal, but no determination concerning confidentiality was made by the lower tribunal, or a record presented to an appellate court in an original proceeding.

(2) A response to a motion filed under subdivision (g)(1) may be served within 10 days of service of the motion. The court shall issue a written ruling on a written motion filed

under this subdivision within 30 days of the filing of a response on a contested motion or within 30 days of the filing of an uncontested written motion.

(3) Any order granting in whole or in part a motion filed under subdivision (g)(1) must be in compliance with the guidelines set forth in subdivisions (e)(3)(A)-(H). Any order requiring the sealing of an appellate court record operates to also make those same records confidential in the lower tribunal during the pendency of the appellate proceeding.

(4) Except as provided by law, within 10 days following the entry of an order granting a motion under subdivision (g)(1), the clerk of the appellate court must post a copy of the order on the clerk's website and must provide a copy of the order to the clerk of the lower tribunal, with directions that the clerk of the lower tribunal shall seal the records identified in the order. The order must remain posted by the clerk of the appellate court for no less than 30 days.

(5) If a nonparty requests that the court vacate all or part of an order issued under subdivision (g)(3), or requests that the court order the unsealing of records designated as confidential under subdivision (d), the request must be made by a written motion, filed in that court, that states with as much specificity as possible the bases for the request. The motion must set forth the specific legal authority and any applicable legal standards supporting the motion. The movant must serve all parties and all affected non-parties with a copy of the motion. A response to a motion may be served within 10 days of service of the motion.

(6) The party seeking to have an appellate record sealed under this subdivision has the responsibility to ensure that the clerk of the lower tribunal is alerted to the issuance of the order sealing the records and to ensure that the clerk takes appropriate steps to seal the records in the lower tribunal.

(7) Upon conclusion of the appellate proceeding, the lower tribunal may, upon appropriate motion showing changed circumstances, revisit the appellate court's order directing that the records be sealed.

(8) Records of a lower tribunal determined to be confidential by that tribunal must be treated as confidential during any review proceedings. In any case where information has been determined to be confidential under this rule, the clerk of the lower tribunal shall so indicate in the index transmitted to the appellate court. If the information was determined to be confidential in an order, the clerk's index must identify such order by date or docket number. This subdivision does not preclude review by an appellate court, under Florida Rule of Appellate Procedure 9.100(d), or affect the standard of review by an appellate court, of an order by a lower tribunal determining that a court record is confidential.

**(h) Oral Motions to Determine Confidentiality of Trial Court Records.**

(1) Notwithstanding the written notice requirements of subdivision (d)(2) and written motion requirements of subdivisions (d)(3), (e)(1), and (f), the movant may make an oral motion to determine the confidentiality of trial court records under subdivision (c), provided:

   (A) except for oral motions under subdivision (f)(3), the oral motion otherwise complies with subdivision (e)(1);

   (B) all parties and affected non-parties are present or properly noticed or the movant otherwise demonstrates reasonable efforts made to obtain the attendance or any absent party or affected non-party;

   (C) the movant shows good cause why the movant was unable to timely comply with the written notice requirements as set forth in subdivision (d)(2) or the written motion requirement as set forth in subdivision (d)(3), (e)(1), or (f), as applicable;

   (D) the oral motion is reduced to written form in compliance with subdivision (d), (e)(1), or (f), as applicable, and is filed within 5 days following the date of making the oral motion;

   (E) except for oral motions under subdivisions (f)(3), the provisions of subdivision (e)(2) shall apply to the oral motion, procedure and hearing;

   (F) the provisions of subdivision (f)(1)(A) and (B) and (f)(3) shall apply to any oral motion under subdivision (f)(3); and

   (G) oral motions are not applicable to subdivision (f)(2) or (g) or extensions of orders under subdivision (f)(3)(C).

  (2) The court may deny any oral motion made pursuant to subdivision (h)(1) if the court finds that that movant had the ability to timely comply with the written notice requirements in subdivision (d) or the written motion requirements of (d)(3), (e)(1), or (f), as applicable, or the movant failed to provide adequate notice to the parties and affected non-parties of the confidentiality issues to be presented to the court.

  (3) Until the court renders a decision regarding the confidentiality issues raised in any oral motion, all references to purported confidential information as set forth in the oral motion shall occur in a manner that does not allow public access to such information.

  (4) If the court grants in whole or in part any oral motion to determine confidentiality, the court shall issue a written order that does not reveal the confidential information and complies with the applicable subdivision of this rule as follows:

   (A) For any oral motion under subdivision (e) or (f)(1), except subdivisions (f)(1)(A) and (B), the written order must be issued within 30 days of the hearing and must comply with subdivision (e)(3).

   (B) For any oral motion under subdivision (f)(3), the written order must be issued within 10 days of the hearing on a contested motion or filing of an agreed motion and must comply with subdivision (f)(3).

**(i) Sanctions.** After notice and an opportunity to respond, and upon determining that a motion, filing, or other activity described below was not made in good faith and was not supported by a sound legal or factual basis, the court may impose sanctions against any party or non-party and/or their attorney, if that party or non-party and/or their attorney, in violation of the applicable provisions of this rule:

(1) seeks confidential status for non-confidential information by filing a notice under subdivision (d)(2);

(2) seeks confidential status for non-confidential information by making any oral or written motion under subdivision (d)(3), (e), (f), (g), or (h);

(3) seeks access to confidential information under subdivision (j) or otherwise;

(4) fails to file a Notice of Confidential Information within Court Filing in compliance with subdivision (d)(2);

(5) makes public or attempts to make public by motion or otherwise information that should be maintained as confidential under subdivision (c), (d), (e), (f), (g) or (h); or

(6) otherwise makes or attempts to make confidential information part of a non-confidential court record.

Nothing in this subdivision is intended to limit the authority of a court to enforce any court order entered pursuant to this rule.

**(j) Procedure for Obtaining Access to Confidential Court Records.**

(1) The clerk of the court must allow access to confidential court records to persons authorized by law, or any person authorized by court order.

(2) A court order allowing access to confidential court records may be obtained by filing a written motion which must:

(A) identify the particular court record(s) or a portion of the court record(s) to which the movant seeks to obtain access with as much specificity as possible without revealing the confidential information;

(B) specify the bases for obtaining access to such court records;

(C) set forth the specific legal authority for obtaining access to such court records; and

(D) contain a certification that the motion is made in good faith and is supported by a sound factual and legal basis.

(3) The movant must serve a copy of the written motion to obtain access to confidential court records on all parties and reasonably ascertainable affected non-parties and the court must hold a hearing on the written motion within a reasonable period of time.

(4) Any order granting access to confidential court records must:

(A) describe the confidential information with as much specificity as possible without revealing the confidential information, including specifying the precise location of the information within the court records;

(B) identify the persons who are permitted to view the confidential information in the court records;

(C) identify any person who is permitted to obtain copies of the confidential court records; and

(D) state the time limits imposed on such access, if any, and any other applicable terms or limitations to such access.

(5) The filer of confidential court records, that filer's attorney of record, or that filer's agent as authorized by that filer in writing may obtain access to such confidential records pursuant to this subdivision.

(6) Unless otherwise provided, an order granting access to confidential court records under this subdivision shall not alter the confidential status of the record.

**(k) Procedure for Service on Victims and Affected Non-parties and When Addresses Are Confidential.**

(1) In criminal cases, when the defendant is required to serve any notice or motion described in this rule on an alleged victim of a crime, service shall be on the state attorney, who shall send or forward the notice or motion to the alleged victim.

(2) Except as set forth in subdivision (k)(1), when serving any notice or motion described in this rule on any affected non-party whose name or address is not confidential, the filer or movant shall use reasonable efforts to locate the affected non-party and may serve such affected non-party by any method set forth in Florida Rule of Judicial Administration 2.516.

(3) Except as set forth in subdivision (k)(1), when serving any notice or motion described in this rule and the name or address of any party or affected non-party is confidential, the filer or movant must state prominently in the caption of the notice or motion "Confidential Party or Confidential Affected Non-Party — Court Service Requested." When a notice or motion so designated is filed, the court shall be responsible for providing a copy of the notice or motion to the party or affected non-party, by any method permitted in Florida Rule of Judicial Administration 2.516, in such a way as to not reveal the confidential information

**(l) Denial of Access Request for Administrative Records.** Expedited review of denials of access to administrative records of the judicial branch shall be provided through an action for mandamus or other appropriate relief, in the following manner:

(1)  When a judge who has denied a request for access to records is the custodian, the action shall be filed in the court having appellate jurisdiction to review the decisions of the judge denying access. Upon order issued by the appellate court, the judge denying access to records shall file a sealed copy of the requested records with the appellate court.

(2)  All other actions under this rule shall be filed in the circuit court of the circuit in which such denial of access occurs.

**(m) Procedure for Public Access to Judicial Branch Records.** Requests and responses to requests for access to records under this rule shall be made in a reasonable manner.

(1)  Requests for access to judicial branch records shall be in writing and shall be directed to the custodian. The request shall provide sufficient specificity to enable the custodian to identify the requested records. The reason for the request is not required to be disclosed.

(2)  The custodian shall be solely responsible for providing access to the records of the custodian's entity. The custodian shall determine whether the requested record is subject to this rule and, if so, whether the record or portions of the record are exempt from disclosure. The custodian shall determine the form in which the record is provided. If the request is denied, the custodian shall state in writing the basis for the denial.

(3)  Fees for copies of records in all entities in the judicial branch of government, except for copies of court records, shall be the same as those provided in section 119.07, Florida Statutes.

**Committee Note**

**1995 Amendment.** This rule was adopted to conform to the 1992 addition of article I, section 24, to the Florida Constitution. Amendments to this rule were adopted in response to the 1994 recommendations of the Study Committee on Confidentiality of Records of the Judicial Branch.

Subdivision (b) has been added by amendment and provides a definition of "judicial records" that is consistent with the definition of "court records" contained in rule 2.075(a)(1) [renumbered as 2.430(a)(1) in 2006] and the definition of "public records" contained in chapter 119, Florida Statutes. The word "exhibits" used in this definition of judicial records is intended to refer only to documentary evidence and does not refer to tangible items of evidence such as firearms, narcotics, etc. Judicial records within this definition include all judicial records and data regardless of the form in which they are kept. Reformatting of information may be necessary to protect copyrighted material. *Seigle v. Barry*, 422 So. 2d 63 (Fla. 4th DCA 1982), *review denied*, 431 So. 2d 988 (Fla. 1983).

The definition of "judicial records" also includes official business information transmitted via an electronic mail (e-mail) system. The judicial branch is presently experimenting with this new technology. For example, e-mail is currently being used by the judicial branch to transmit between judges and staff multiple matters in the courts including direct communications between judges and staff and other judges, proposed drafts of opinions and orders, memoranda concerning pending cases, proposed jury instructions, and even votes on proposed opinions. All of this type of information is exempt from public disclosure under rules 2.051(c)(1) and (c)(2) [renumbered as 2.420(c)(1) and (c)(2) in 2006]. With few exceptions, these examples of e mail transmissions are sent and received between

judicial officials and employees within a particular court's jurisdiction. This type of e-mail is by its very nature almost always exempt from public record disclosure pursuant to rule 2.051(c). In addition, official business e-mail transmissions sent to or received by judicial officials or employees using dial-in equipment, as well as the use of on-line outside research facilities such as Westlaw, would also be exempt e-mail under rule 2.051(c). On the other hand, we recognize that not all e-mail sent and received within a particular court's jurisdiction will fall into an exception under rule 2.051(c). The fact that a non-exempt e-mail message made or received in connection with official court business is transmitted intra-court does not relieve judicial officials or employees from the obligation of properly having a record made of such messages so they will be available to the public similar to any other written communications. It appears that official business e-mail that is sent or received by persons outside a particular court's jurisdiction is largely non-exempt and is subject to recording in some form as a public record. Each court should develop a means to properly make a record of non-exempt official business e-mail by either electronically storing the mail or by making a hard copy. It is important to note that, although official business communicated by e-mail transmissions is a matter of public record under the rule, the exemptions provided in rule 2.051(c) exempt many of these judge/staff transmissions from the public record. E-mail may also include transmissions that are clearly not official business and are, consequently, not required to be recorded as a public record. Each court should also publish an e-mail address for public access. The individual e-mail addresses of judicial officials and staff are exempt under rule 2.051(c)(2) to protect the compelling interests of maintaining the uninterrupted use of the computer for research, word-processing, preparation of opinions, and communication during trials, and to ensure computer security.

Subdivision (c)(3) was amended by creating subparts (a) and (b) to distinguish between the provisions governing the confidentiality of complaints against judges and complaints against other individuals or entities licensed or regulated by the Supreme Court.

Subdivision (c)(5) was amended to make public the qualifications of persons applying to serve or serving the court as unpaid volunteers such as guardians ad litem, mediators, and arbitrators and to make public the applications and evaluations of such persons upon a showing of materiality in a pending court proceeding or upon a showing of good cause.

Subdivision (c)(9) has also been amended. Subdivision (c)(9) was adopted to incorporate the holdings of judicial decisions establishing that confidentiality may be required to protect the rights of defendants, litigants, or third parties; to further the administration of justice; or to otherwise promote a compelling governmental interest. *Barron v. Florida Freedom Newspapers, Inc.*, 531 So.2d 113 (Fla.1988); *Miami Herald Publishing Co. v. Lewis*, 426 So.2d 1 (Fla.1982). Such confidentiality may be implemented by court rule, as well as by judicial decision, where necessary for the effective administration of justice. *See, e.g.*, Fla.R.Crim.P. 3.470, (Sealed Verdict); Fla.R.Crim.P. 3.712, (Presentence Investigation Reports); Fla.R.Civ.P. 1.280(c), (Protective Orders).

Subdivision (c)(9)(D) requires that, except where otherwise provided by law or rule of court, reasonable notice shall be given to the public of any order closing a court record. This subdivision is not applicable to court proceedings. Unlike the closure of court proceedings, which has been held to require notice and hearing prior to closure, *see Miami Herald Publishing Co. v. Lewis*, 426 So. 2d 1 (Fla.1982), the closure of court records has not required prior notice. Requiring prior notice of closure of a court record may be impractical and burdensome in emergency circumstances or when closure of a court record requiring confidentiality is requested during a judicial proceeding. Providing reasonable notice to the public of the entry of a closure order and an opportunity to be heard on the closure issue adequately protects the competing interests of confidentiality and public access to judicial records. *See Florida Freedom Newspapers, Inc. v. Sirmons*, 508 So.2d 462 (Fla. 1st DCA 1987), approved, *Barron v. Florida Freedom Newspapers, Inc.*, 531 So.2d 113 (Fla.1988); *State ex rel. Tallahassee Democrat v. Cooksey*, 371 So.2d 207 (Fla. 1st DCA 1979). Subdivision (c)(9)(D), however, does not preclude the giving of prior notice of closure of a court record, and the court may elect to give prior notice in appropriate cases.

### 2002 Court Commentary

The custodian is required to provide access to or copies of records but is not required either to provide information from records or to create new records in response to a request. Op. Atty. Gen. Fla. 80-57 (1980); *Wootton v. Cook*, 590 So.2d 1039 (Fla. 1st DCA 1991); *Seigle v. Barry*, 422 So.2d 63 (Fla. 4th DCA 1982).

The writing requirement is not intended to disadvantage any person who may have difficulty writing a request; if any difficulty exists, the custodian should aid the requestor in reducing the request to writing.

It is anticipated that each judicial branch entity will have policies and procedures for responding to public records requests.

The 1995 commentary notes that the definition of "judicial records" added at that time is consistent with the definition of "court records" contained in rule 2.075(a)(1) [renumbered as 2.430(a)(1) in 2006] and the definition of "public records" contained in chapter 119, Florida Statutes. Despite the commentary, these definitions are not the same. The definitions added in 2002 are intended to clarify that records of the judicial branch include court records as defined in rule 2.075(a)(1) and administrative records. The definition of records of the judicial branch is consistent with the definition of "public records" in chapter 119, Florida Statutes.

### 2005 Court Commentary

Under courts' inherent authority, appellate courts may appoint a special magistrate to serve as commissioner for the court to make findings of fact and oversee discovery in review proceedings under subdivision (d) of this rule. Cf. *State ex rel. Davis v. City of Avon Park*, 158 So. 159 (Fla. 1934) (recognizing appellate courts' inherent authority to do all things reasonably necessary for administration of justice within the scope of courts' jurisdiction, including the appointment of a commissioner to make findings of fact); *Wessells v. State*, 737 So. 2d 1103 (Fla. 1st DCA 1998) (relinquishing jurisdiction to circuit court for appointment of a special master to serve as commissioner for court to make findings of fact).

### 2007 Court Commentary

New subdivision (d) applies only to motions that seek to make court records in noncriminal cases confidential in accordance with subdivision (c)(9).

### 2007 Committee Commentary

Subdivision (d)(2) is intended to permit a party to make use of any court-provided recording device or system that is available generally for litigants' use, but is not intended to require the court system to make such devices available where they are not already in use and is not intended to eliminate any cost for use of such system that is generally borne by a party requesting use of such system.

# APPENDIX TO RULE 2.420

IN THE (NAME OF COURT)....., FLORIDA

CASE NO.: _____

_____
Plaintiff/Petitioner,

v.

_____
Defendant/Respondent. /

**NOTICE OF CONFIDENTIAL INFORMATION WITHIN COURT FILING**

Pursuant to Florida Rule of Judicial Administration 2.420(d)(2), I hereby certify:

◯ 1) I am filing herewith a document containing confidential information as described in Rule 2.420(d)(1)(B) and that:

(a) The title/type of document is _____, and :

(b) ◯ the entire document is confidential, or

( ) the confidential information within the document is precisely located at :
_____.

OR

◯ 2) A document was previously filed in this case that contains confidential information as described in Rule 2.420(d)(1)(B), but a Notice of Confidential Information within Court Filing was not filed with the document and the confidential information was not maintained as confidential by the clerk of the court. I her[e]by notify the clerk that this confidential information is located as follows:

(a) Title/type of document: _____;
(b) Date of filing (if known): _____;
(c) Date of document: _____;
(d) Docket entry number: _____;
(e) ◯ Entire document is confidential, or
    ◯ Precise location of confidential information in document: _____

_____
Filer's Signature

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by (e-mail) (delivery) (mail) (fax) on: (All parties and Affected Non-Parties. Note: If the name or address of a Party or Affected Non-Party is confidential DO NOT include such information in this Certificate of Service. Instead, serve the State Attorney or request Court Service. See Rule 2.420(k)) _____, on _____, 20 .

                                                   Name ..............................................
                                                   Address ...........................................
                                                   Phone ............................................
                                                   Florida Bar No. (if applicable)................
                                                   E-mail address ................................

Note: The clerk of court shall review filings identified as containing confidential information to determine whether the information is facially subject to confidentiality under (d)(1)(B). The clerk shall notify the filer in writing within 5 days if the clerk determines that the information is NOT subject to confidentiality, and the records shall not be held as confidential for more than 10 days, unless a motion is filed pursuant to subdivision (d)(3) of the Rule. Fla. R Jud. Admin 2.420(d)(2).