UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

   Plaintiffs,
v.              CASE NO.: 8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

   Defendant.
             /

**PARTIES' JOINT MOTION
TO MAKE NON-ELECTRONIC FILING AND TO FILE UNDER SEAL**

  COME NOW Plaintiffs TAYLOR, HEILMAN, DEEGAN, and JONES III, and Defendant Sheriff NOCCO, by and through undersigned counsel, and pursuant to Section III of the Administrative Procedures for Electronic Filing, Middle District of Florida (June 5, 2015) and Local Rule 1.11, move the Court for entry of an Order permitting the non-electronic filing of flash drives containing video and documentary evidence, and as grounds state:

  1. This is a §1983 claim brought by Plaintiffs against Defendant Pasco County Sheriff Nocco relating in part to numerous interactions the Plaintiffs had with Pasco Sheriff's Deputies. Summary judgment motions in this case are due to be filed on June 6, 2022.

2. Some, though not all, of the relevant interactions were captured on body worn camera (BWC) video. Because BWC video footage cannot be electronically filed through ECF, both parties are seeking leave to file flash drives containing that video footage.

In addition, some, though not all, of the documentary evidence relevant to this case contains sensitive confidential information, including information pertaining to juveniles as well as information pertaining to confidential law enforcement procedures. Defendant is seeking permission to include such documentary evidence on the same flash drive(s) containing its BWC footage, and Defendant is seeking permission to file that flash drive *under seal*. Plaintiffs intend to publicly file their flash drive(s) of BWC footage, but do not oppose Defendant's proposed sealed filing.

3. In addition, both parties intend to file current PSO policy documents. Defendant claims that these documents are appropriate for sealed filing because they are subject to a valid claim of law enforcement privilege, and Defendant thus takes the position that those documents should be filed under seal and so moves the Court.

### Motion to make Non-Electronic Filing

4. Both Plaintiffs and Defendant intend to file summary judgment motions on or before June 6, 2022, and both motions will reference BWC video pertaining to

various interactions between Plaintiffs and Pasco Sheriff's deputies. This material cannot be uploaded through the CM/ECF system.

5. In support of his motion, Defendant Sherriff seeks permission to lodge with the Court one or more flash drives containing both BWC video, and for each incident for which there is BWC-associated computer aided dispatch (CAD) or incident report material, those records as well. Defendant Sheriff believes that, given the number of interactions at issue, it would assist the Court if the paperwork for an incident and the BWC for that video were submitted to the Court in one file for that incident.

6. In support of their motion, Plaintiffs seek permission to lodge with the Court one or more flash drives containing four video files, each consisting of relevant excerpts from the BWC. Plaintiffs have created one video file for each of the Plaintiffs, containing excerpted BWC video footage relevant to interactions involving that Plaintiff. Given the overall volume of BWC video footage produced in this case, Plaintiffs believe that the filing of video excerpts will likewise assist the Court.

7. Thus, Plaintiffs propose to file *non-sealed* drive(s) containing BWC video, only. Defendant's non-electronic filing would be comprised of files for each Plaintiff, with the video and documentation for each deputy interaction together in one subfile for each incident. As discussed below, Defendant proposes to file his

3

flash drive(s) under seal given that the documentation contains reference to otherwise confidential information, such as juvenile arrests, dates of birth, etc. Plaintiffs do not object to Defendant's intended method of filing and Defendant does not object to Plaintiffs' intended method of filing.

**Motion to File Under Seal**

8. The documents that Defendants would file as exhibits to its Motion for Summary Judgment in connection with the above-referenced BWC often contain sensitive materials such as confidential personal data and juvenile criminal history records of plaintiffs and or their children. This is over and above the usual concerns for redaction of dates of birth and the like.

9. The effort to redact each of these reports, which number in the hundreds, cannot be accomplished timely through normal redaction, in part because the records contain juvenile arrest information (and sometimes of juveniles not related to the Plaintiffs or their families). Some of that information cannot simply be redacted because Defendant contends that it is relevant to the arguments that he intends to make in his motion for summary judgment.

10. Plaintiffs acknowledge the confidentiality issues with regard to these documents, which often include information pertaining to juveniles, dates of birth, and other personal identifying information. In discovery, Defendant has produced versions of a large number of these documents that have been reviewed, reacted, and

approved for public filing, and Plaintiffs intend to *publicly* file the approved versions of many documents. At the same time, Plaintiffs recognize that there may be other documents that have not been so reviewed—which cannot be reviewed in time for filing—and which Defendant regards as relevant to its case. Plaintiffs also have no objection to Defendant making a sealed filing containing unredacted versions of the documents that Plaintiffs will be publicly filing.[1]

11. Additionally, both Plaintiffs and Defendant intend to file two particular documents reflecting current PCSO policies. They are a) a 2021 directive of the Sheriff's Office, concerning the agency's Intelligence Led Policing approach to reducing crime, and b) a 2021 STAR manual, discussing deployment of resources in certain high crime areas in Pasco County. Unlike former versions of the ILP and STAR documents, which are no longer in effect, because these documents are currently in force they contain information the Defendant considers to include *active* law enforcement techniques and so, in defendant's view, are protected from public dissemination under the law enforcement privilege. See e.g. *FEC v. Rivera*, 335 F.R.D. 541, 547 (S.D.Fla. 2020) (identifying as one purpose of the privilege protecting against disclosure of "law enforcement techniques and procedures…").

---

[1] Plaintiff may attach as exhibits some documents that Defendant has flagged as confidential in discovery, and that have not (or cannot, given their nature) be reviewed and redacted for confidentiality. For those documents, Plaintiffs will follow the procedure set out in Local Rule 11.11(d), which provides an opportunity for Defendant to move to seal the filing of those documents.

As a result, the documents were produced to Plaintiffs' counsel, but pursuant to a confidentiality agreement providing that the parties would move to file them under seal. Defendant requests leave to include the documents on one of the flash drives containing the BWC, prominently designated, for ease of reference by the Court. If sealed filing is approved by the Court, Plaintiffs propose to file these documents under seal in paper form.[2]

12. No prejudice will result to any party or the Court by the granting of this motion. In addition, given the large volume of information that has already been reviewed and redacted, in order to allow for public filing, the limited sealed filing proposed here should have no adverse impact on the public's right of access to these judicial proceedings.

WHEREFORE, Plaintiffs and Defendant respectfully request that the Court enter an Order permitting the non-electronic filing of flash drives as described above, and that the flash drives be submitted under seal, so as to preserve confidential material.

---

[2] Plaintiffs entered into the confidentiality agreement, under which the parties agreed to move to file these documents under seal, in order to facilitate the production of these documents in discovery notwithstanding Defendant's claim of law enforcement privilege. Plaintiffs take no position as to the merits of Defendant's claim of privilege and, if the motion to seal is denied, will file these documents on the public docket.

## MEMORANDUM OF LAW

Electronic filing is mandatory, unless otherwise provided by the Administrative Procedures, the Local Rules or a Court Order. See Section III.A.1., Administrative Procedures for Electronic Filing, Middle District of Florida (June 5, 2015). "If an E-filer is unable to file a document or item electronically because the document or item cannot be scanned, the E-filer must file that document or item with the Clerk's Office and submit a Notice of Filing Electronically." *Id.* at Section III.A.1.b. The current iteration of the Court's Administrative Procedures for Electronic Filing do not specify a procedure. This motion requests authorization for the non-electronic filing of video and audio evidence pursuant to the Court's former Administrative Procedures for Electronic Filing.

Plaintiffs intended to publicly file one or more flash drives containing BWC video, only. Plaintiffs also wish to file the 2021 ILP directive and 2021 STAR manual, which the parties have agreed to move to file under seal. Defendant intends to file under seal one or more flash drives which will contain BWC video along with police reports associated with the individual BWCs submitted, and the 2021 directive and 2021 STAR manual.

As to the flash drives and other documents being filed under seal:

> In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245

7

(11th Cir.2007) (citing *Landmark Commc'ns, Inc. v.Virginia,* 435 U.S. 829, 839, 98 S.Ct. 1535, 56 L.Ed.2d 1 (1978)). The public's right "includes the right to inspect and copy public records and documents." *Chicago Tribune Co. et al. v. Bridgestone/Firestone, Inc.* 263 F.3d 1304, 1311 (11th Cir.2001).

Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions. " '[T]here is a presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith.' " *Romero,* 480 F.3d at 1246 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 164 (3d Cir.1993)). Thus, there is a presumptive right of public access to the information the parties wish to seal.

"The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero,* 480 F.3d at 1245 (quoting *Chicago Tribune,* 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246. "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." *Vista India, Inc. v. Raaga, LLC,* Case No. 07–1262, 2008 WL 834399 *2 (D.N.J. Mar.27, 2009).

*Breedlove v. Hartford Life and Acc. Ins. Co.*, 2013 WL 193251, *1-2 (M.D.Fla. May 9, 2013)

Here, no party opposes the requested relief because throughout the litigation all parties have recognized that the documents surrounding the litigation, generally, and documents specific to the Plaintiffs and their children, include confidential

8

information. The submission of Defendant's flash drives under seal will enable the Defendant to present the documents to the Court in a timely manner in association with its summary judgment motion and also will provide for ease of reference to those documents by the parties in their summary judgment motions.

In addition, the limited sealed filing proposed here will not prejudice the right of the public to access information pertaining to the litigation. While many documents were produced subject to a confidentiality agreement, that agreement allowed Plaintiffs to identify documents for review and redaction by Defendant, so that they can be publicly filed. Voluminous documents have been so reviewed, and Plaintiffs intend to file the majority of their exhibits publicly over ECF. While BWC footage cannot be filed through ECF, Plaintiffs also propose to lodge the footage relevant to their motion on a separate flash drive that would not be sealed. As a result, only a limited set of materials would be filed under seal by the Defendant, and the impact on the public's right of access would be minimal.

Dated this 3rd day of June, 2022.

*s/ Ari S. Bargil*
**Ari S. Bargil, Esq**.
(FL Bar No. 71454)
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
*abargil@ij.org*

**Joshua A. House**, **Esq.**
(CA Bar No. 284856)*
**Caroline Grace Brothers, Esq**.
(DC Bar No. 1656094)*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel.: (703) 682-9320
Fax: (703) 682-9321
*jhouse@ij.org* and *cgbrothers@ij.org*

**Robert E. Johnson, Esq.**
(OH Bar No. 0098498)*
INSTITUTE FOR JUSTICE
16781 Chagrin Boulevard, Suite 256
Shaker Heights, OH 44120
Tel.: (703) 682-9320
Fax: (703) 682-9321
*rjohnson@ij.org*

*Admitted *Pro Hac Vice*

Attorneys for Plaintiffs

*s/ Thomas W. Poulton*
**Thomas W. Poulton, Esq**.
Florida Bar No. 0083798
*poulton@debevoisepoulton.com*
**Jeffrey K. Grant, Esq**.
Florida Bar No. 0091197
*grant@debevoisepoulton.com*
**Erin M. Tueche, Esq.**
Florida Bar No. 0045104
*tueche@debevoisepoulton.com*
**Robert D. Holborn, Ii, Esq.**
Florida Bar No. 0044186
*holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Attorneys for Defendant Sheriff Nocco

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Ari S. Bargil, Esquire** (*abargil@ij.org*), Institute For Justice, 2 S. Biscayne Boulevard, Suite 3180, Miami, Florida 33131; **Joshua A. House, Esquire** (*jhouse@ij.org*) and **Caroline Grace Brothers, Esquire** (*cgbrothers@ij.org*), Institute For Justice, 901 N. Glebe Road, Suite 900, Arlington, Virginia 22203; and **Robert E. Johnson, Esquire** (*rjohnson@ij.org*), Institute For Justice, 16781 Chagrin Boulevard, Suite 256, Shaker Heights, Ohio 44120.

*s/ Thomas W. Poulton*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
Email: *poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
Email: *grant@debevoisepoulton.com*
ERIN M. TUECHE, ESQ.
Florida Bar No.: 0045104
Email: *tueche@debevoisepoulton.com*
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.: 0044186
Email: *holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone: 407-673-5000
Facsimile: 321-203-4304
Attorneys for Defendant Sheriff Nocco