UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

        Plaintiffs,

v.

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

        Defendant.

CASE NO.:  8:21-cv-00555-SDM-CPT

## AFFIDAVIT OF LARRY KRAUS

On this day, Larry Kraus, appeared before me using audio-video communication, the undersigned authority, and after being placed under oath, attests to the following:

1.    My name is Larry Kraus, I am a citizen of the United States and a resident of Florida. I am over 18 years of age and am otherwise competent. I have personal knowledge of the facts set forth in this affidavit.

2.    I am currently the Captain of the Research and Analysis Division of the Pasco County Sheriff's Office and part of my duties since October of 2017 has been

to oversee the Intelligence Led Policing unit of the Sheriff's Office. This includes overseeing the process by which prolific offenders are designated.

3.    Scoring to identify the initial pool for prolific offenders is done every 90 days and is, as discussed in the ILP manual and now directive, purely objective without regard to race, gender, or any other personal identifier. While a given prolific offender list for a period of time may show where a person was on the list after the scoring was done, the agency does not maintain the data of the scoring, itself. The designation of prolific offenders is a rolling process, and in the final step involves the judgment of the crime analyst, reviewing reports and discussing individuals that have come to their attention with the law enforcement officers. But, no file is maintained on a prolific offender, there is no checklist or the like, and so for any given prolific offender it is not possible to state with certainty why that person, on that given day, was ultimately selected as a prolific offender, other than that the person was in the prolific offender pool, scored in approximately the top 100, and was determined on review by an analyst for that district to be contributing to the active criminal environment.

4.    Just because a person is in the prolific offender pool and has a score does not mean that the person will ever be identified as a prolific offender. The process of designation is by a crime analyst from one of the three districts in Pasco County. The score is only used when approximately the top 100 are pulled from the

2

pool and sent to the analysts for review. The score has no determinative value to the analyst, the analyst does not verify the score but instead reviews the incidents of the individual to determine whether that individual should be designated a prolific offender.

5.     The ILP manual requires that deputies perform at least one prolific offender check on each prolific offender every quarter. It does not specify a number that must be done and other than general performance expectations it does not direct deputies as to how to conduct the checks, when or how to conduct searches of persons or property, or when to make arrests or on what basis to make arrests given probable cause in any given situation.

6.     The ILP approach is used nationwide, by many agencies. Their own approach may be different than ours and they may focus on different types of crime in their assessment of persons or locations that require more focus by their own agencies. For example, our process places a higher emphasis on certain type of property crimes, such as auto burglaries and thefts, because that has been a particular problem for Pasco County. Other jurisdictions may choose to focus on drug activity, or domestic violence, or any other crime problem which in their judgment is a problem for them. However, in the end, the theory is the same: by letting prolific offenders know that local law enforcement is aware of their activities, by encouraging them to stay out of crime, and by gathering intelligence from prolific

3

offenders about others engaged in crime, we hope to dissuade offenders from reoffending.

7.      Well-recognized statistics show that approximately 6% of criminals commit 60% of the crime.  Property crime offenders, in particular, tend to repeat their criminal activity if there is no intervention.  ILP does not punish people for crimes they may commit in the future:  it tries to influence the offender not to continue to re-offend, and therefore is directed at those persons that agency records show are contributing to the active criminal environment at the time of the prolific offender designation.

8.      Target of the Month is not related to prolific offender designation, and instead identified an individual with a warrant for his or her arrest.  Top 5 designations are no longer used and were not part of prolific offender designations.

9.      Anthony McDougall was a Target of the Month because he had a warrant for his arrest.  However, this lasted for only 8 minutes and he was removed from being the Target of the Month when he was apprehended on the warrant.

10.     Plaintiff Dalanea Taylor; Plaintiff Tammy Heilman and her children Anthony McDougall and Donnie McDougall; Plaintiff Robert Jones III and his son Robert Jones IV; and Plaintiff Darlene Deegan are not currently designated as prolific offenders.

4

FURTHER AFFIANT SAYETH NAUGHT.

s/ _Larry Kraus_
LARRY KRAUS

STATE OF FLORIDA }

COUNTY OF ORANGE }

BEFORE ME, the undersigned Notary Public, this day appeared LARRY KRAUS via audio-video communication, who has provided proper identification in the form of _Fl Drivers License_ and he acknowledged under oath that he executed the foregoing affidavit freely and voluntarily.

SWORN AND SUBSCRIBED TO before me this _10th_ day of _June_ , 2022.

NOTARY PUBLIC

Signature of Notary

_Erin D. Cook_
Printed Name of Notary
My Commission Expires: _10/5/22_

ERIN D. COOK
MY COMMISSION # GG 263412
EXPIRES: October 5, 2022
Bonded Thru Notary Public Underwriters

5