# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DALANEA TAYLOR; TAMMY HEILMAN; DARLENE DEEGAN; and ROBERT A. JONES III,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHRIS NOCCO, in his official capacity as Pasco County Sheriff,<br><br>*Defendant*. | Case No. 8:21-cv-00555-SDM-CPT |

### DECLARATION OF ARI BARGIL IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY AND INCORPORATED MEMORANDUM OF LAW

I, Ari Bargil, hereby declare as follows:

1. I am a citizen of the United States, a resident of Florida, over the age of 18 years old, and fully competent to make this declaration. I knowingly and voluntarily make this declaration based on my personal knowledge. If called as a witness, I could and would testify competently under oath as to the facts set forth below.

2. I am a member of the Florida Bar (No. 71454) in good standing. I am an attorney at the law firm the Institute for Justice, and I am one of the attorneys representing the Plaintiffs in this case.

3. Attached as Exhibit 1 is a true and correct copy of the Pasco County Sheriff's Office ("PSO") 2018 ILP Manual, which was produced by Defendant during discovery.

4. Attached as Exhibit 2 is a true and correct copy of the PSO's 2015 STAR Manual, which was produced by Defendant during discovery.

5. Attached as Exhibit 3 are true and correct copies of data extracted from the PSO's Offender Notes database for Plaintiff Dalanea Taylor, two children of Plaintiff Tammy Heilman, Donnie and Anthony McDougall, and Plaintiff Dolly Deegan. These notes were extracted from the PSO's internal databases by Defendant during discovery.

6. Exhibit 4 to this declaration consists of excerpts of body-worn camera videos depicting some, but not all, of the PSO's interactions with Plaintiff Dalanea Taylor. This body-worn camera footage was produced by Defendant during discovery. Pursuant to the Court's Order granting the parties' joint request [Dkt. 114], Plaintiffs have submitted flash drives containing video files of relevant interactions between PSO deputies and Dalanea Taylor.

7. Exhibit 5 to this declaration consists of excerpts of body-worn camera videos depicting some, but not all, of the PSO's interactions with Plaintiff Tammy Heilman. This body-worn camera footage was produced by Defendant during discovery. Pursuant to the Court's Order granting the parties' joint request [Dkt.

114], Plaintiffs have submitted flash drives containing video files of relevant interactions between PSO deputies and Tammy Heilman.

8. Exhibit 6 to this declaration consists of excerpts of body-worn camera videos depicting some, but not all, of the PSO's interactions with Plaintiff Darlene Deegan. This body-worn camera footage was produced by Defendant during discovery. Pursuant to the Court's Order granting the parties' joint request [Dkt. 114], Plaintiffs have submitted flash drives containing video files of relevant interactions between PSO deputies and Darlene Deegan.

9. Exhibit 7 to this declaration consists of excerpts of body-worn camera videos depicting some, but not all, of the PSO's interactions with Plaintiff Robert Jones. This body-worn camera footage was produced by Defendant during discovery. Pursuant to the Court's Order granting the parties' joint request [Dkt. 114], Plaintiffs have submitted flash drives containing video files of relevant interactions between PSO deputies and Robert Jones.

10. Attached as Exhibit 8 are true and correct copies of computer aided dispatch ("CAD") reports associated with visits to the address of Plaintiff Dalanea Taylor. These reports were generated by PSO deputies, were stored by a private contractor hired by PSO, and were produced by Defendant in discovery.

11. Attached as Exhibit 9 are true and correct copies of computer aided dispatch ("CAD") reports associated with visits to the address of Plaintiff Tammy

Heilman. These reports were generated by PSO deputies, were stored by a private contractor hired by PSO, and were produced by Defendant in discovery.

12. Attached as Exhibit 10 are true and correct copies of computer aided dispatch ("CAD") reports associated with visits to the address of Plaintiff Darlene Deegan. These reports were generated by PSO deputies, were stored by a private contractor hired by PSO, and were produced by Defendant in discovery.

13. Attached as Exhibit 11 are true and correct copies of computer aided dispatch ("CAD") reports associated with visits to the address of Plaintiff Robert Jones, III. These reports were generated by PSO deputies, were stored by a private contractor hired by PSO, and were produced by Defendant in discovery.

14. Attached as Exhibit 12 are true and correct copies of Incident Reports associated with visits to the house of Plaintiff Tammy Heilman. These Incident Reports were stored by PSO in its RMS database and were produced by Defendant in discovery.

15. Attached as Exhibit 13 are true and correct copies of Incident Reports associated with visits to the house of Plaintiff Darlene Deegan. These Incident Reports were stored by PSO in its RMS database and were produced by Defendant in discovery.

16. Attached as Exhibit 14 are true and correct copies of Incident Reports associated with visits to the house of Plaintiff Robert Jones, III. These Incident

Reports were stored by PSO in its RMS database and were produced by Defendant in discovery.

17. Attached as Exhibit 15 are true and correct copies of Incident Reports associated with visits to the house of Plaintiff Dalanea Taylor. These Incident Reports were stored by PSO in its RMS database and were produced by Defendant in discovery.

18. Attached as Exhibit 16 are true and correct excerpts from PowerPoint slides that were used for PSO's Actionable Intelligence Meetings ("AIM Meetings"). These documents were produced by Defendant in discovery. The date associated with each document was indicated in the electronic file name of the document (as produced by Defendant), so Plaintiffs have indicated the original electronic file name of each document in the cover for each excerpt.

19. Attached as Exhibit 17 is a true and correct copy of the transcript of the first deposition of Defendant's Rule 30(b)(6) representative, Larry Kraus, dated September 23, 2021.

20. Attached as Exhibit 18 is a true and correct copy of the transcript of the second deposition of Defendant's Rule 30(b)(6) representative, Larry Kraus, dated January 26, 2022.

21. Attached as Exhibit 19 is a true and correct copy of the deposition transcript of Defendant's Rule 30(b)(6) representative, Tait Sanborn, dated September 23, 2021.

22. Attached as Exhibit 20 is a true and correct copy of the deposition transcript of Defendant's Rule 30(b)(6) representative, Justin Ross, dated January 26, 2022.

23. Attached as Exhibit 21 is a true and correct copy of the deposition transcript of Andrew Denbo, dated January 4, 2022.

24. Attached as Exhibit 22 is a true and correct copy of the deposition transcript of Paul Reagan, dated January 11, 2022.

25. Attached as Exhibit 23 is a true and correct copy of the deposition transcript of Mark Celeste, dated January 4, 2022.

26. Attached as Exhibit 24 is a true and correct copy of the deposition transcript of Pedro Ojeda, dated January 12, 2022.

27. Attached as Exhibit 25 is a true and correct copy of the deposition transcript of Timothy Brock, dated January 5, 2022.

28. Attached as Exhibit 26 is a true and correct copy of the deposition transcript of Stephen Hiebert, dated January 12, 2022.

29. Attached as Exhibit 27 is a true and correct copy of the deposition transcript of Shelley Gardner, dated January 11, 2022.

30. Attached as Exhibit 28 is a true and correct copy of the deposition transcript of Ashley Burch, dated January 5, 2022.

31. Attached as Exhibit 29 are true and correct copies of Member Performance Reviews for some, but not all, relevant PSO personnel.

32. Attached as Exhibit 30 is a true and correct copy of a job posting for the STAR unit, which was produced by Defendant in discovery.

33. Attached as Exhibit 31 is a true and correct copy of PSO's "Five Point Plan," which was produced by Defendant in discovery.

34. Attached as Exhibit 32 is a true and correct copy of PSO's 2021 ILP Directive, which was produced by Defendant in discovery. Pursuant to the parties' agreement, this document is submitted under seal; however, Plaintiffs do not concede that the document is protected by any valid claim of law enforcement privilege.

35. Attached as Exhibit 33 is a true and correct copy of PSO's 2021 STAR Manual, which was produced by Defendant in discovery. Pursuant to the parties' agreement, this document is submitted under seal; however, Plaintiffs do not concede that the document is protected by any valid claim of law enforcement privilege.

36. Attached as Exhibit 34 is a true and correct copy of the PSO's 2016 ILP Manual, which was produced by Defendant in discovery.

37. Attached as Exhibit 35 is a true and correct copy of the PSO's 2013 ILP Manual, which was produced by Defendant in discovery.

38. Attached as Exhibit 36 is a true and correct copy of an internal PSO memo, dated January 29, 2018, regarding the "new" (2018) ILP Manual, which was produced by Defendant in discovery.

39. Attached as Exhibit 37 is a true and correct copy of the ILP Training Powerpoint, which was produced by Defendant in discovery.

40. Attached as Exhibit 38 is a true and correct copy of a PSO document regarding the prolific offender selection process, which was produced by Defendant in discovery.

41. Attached as Exhibit 39 is a true and correct copy of a "ProwlName" spreadsheet. This spreadsheet was generated by Defendant during discovery, by extracting prolific offender "flag" data from the PSO's RMS database.

42. Attached as Exhibit 40 is a true and correct copy of a "list summary" spreadsheet. This spreadsheet was generated by Defendant by surveying the agency's lists of prolific offenders and was produced by Defendant in discovery.

43. Attached as Exhibit 41 is a true and correct copy of excerpts from the PSO's lists of prolific offenders, which were produced by Defendant in discovery.

44. Attached as Exhibit 42 is a true and correct copy of a PSO document regarding a "tip," dated July, 2, 2015. This document was extracted by Defendant from PSO's tip database and was produced by Defendant in discovery.

45. Attached as Exhibit 43 is a true and correct copy of a PSO document regarding a "tip," dated May 26, 2017. This document was extracted by Defendant from PSO's tip database and was produced by Defendant in discovery.

46. Attached as Exhibit 44 is a true and correct copy of an email thread between PSO officials and Jerry Ratcliff between March 3, 2017 and March 5, 2017. This email thread was produced by Defendant in discovery.

47. Attached as Exhibit 45 is a true and correct copy of an email thread between PSO officials and Sgt. Justin Ross between November 16, 2015 and November 17, 2015. This email thread was produced by Defendant in discovery.

48. Attached as Exhibit 46 is a true and correct copy of an email thread between PSO officials regarding the STAR Team's activity of September 17, 2019. This email thread was produced by Defendant in discovery.

49. Attached as Exhibit 47 is a true and correct copy of an email thread between PSO officials between September 8, 2015 and September 15, 2015. This email thread was produced by Defendant in discovery.

50. Attached as Exhibit 48 is a true and correct copy of an email from Larry Kraus to PSO officials, dated August 25, 2020. This email was produced by Defendant in discovery.

51. Attached as Exhibit 49 is a true and correct copy of an email exchange between Tiffany Bronson and Paul Reagan, dated September 10, 2018. This email exchange was produced by Defendant in discovery.

52. Attached as Exhibit 50 is a true and correct copy of an email thread between PSO officials between March 27, 2015 and March 30, 2015. This email thread was produced by Defendant in discovery.

53. Attached as Exhibit 51 is a true and correct copy of an email thread between PSO officials, dated May 15, 2015. This email thread was produced by Defendant in discovery.

54. Attached as Exhibit 52 is a true and correct copy of an email thread between Chris Thomas and James Law, dated March 31, 2016. This email thread was produced by Defendant in discovery.

55. Attached as Exhibit 53 is a true and correct copy of a PSO Daily Activity Report, dated September 19, 2018, which was produced by Defendant in discovery.

56. Attached as Exhibit 54 is a true and correct copy of a STAR Team nightly report referencing the arrest of Plaintiff Tammy Heilman, which was produced by Defendant in discovery.

57. Attached as Exhibit 55 is a true and correct portion of a file regarding a citizen complaint submitted by Plaintiff Darlene Deegan to the Florida Department of Law Enforcement on September 15, 2018, which was produced by Defendant in discovery.

58. Attached as Exhibit 56 is a true and correct copy of an email from Tyler Martinez to PSO's "Customer Service Specialist" address, dated September 18, 2018. This email was produced by Defendant in discovery.

59. Attached as Exhibit 57 is a true and correct copy of Defendant's Response to Plaintiffs' Request for Admission, dated November 15, 2021.

60. Attached as Exhibit 58 is a true and correct copy of Defendant's Response to Plaintiffs' Request for Admission, dated May 13, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 6th, 2022.

_____
Ari Bargil