UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DALANEA TAYLOR; TAMMY HEILMAN; DARLENE DEEGAN; and ROBERT A. JONES III,<br><br>    *Plaintiffs*,<br><br>v.<br><br>CHRIS NOCCO, in his official capacity as Pasco County Sheriff,<br><br>    *Defendant*. | Case No. 8:21-cv-00555-SDM-CPT |

### DECLARATION OF ROBERT A. JONES III IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT SHERIFF NOCCO'S AMENDED MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS

I, Robert A. Jones III, hereby declare as follows:

1. I was born in January 1977. I am a citizen of the United States, a resident of Florida, over the age of 18 years old, and fully competent to make this declaration. I knowingly and voluntarily make this declaration based on my personal knowledge. If called as a witness, I could and would testify competently under oath as to the facts set forth below.

2. I lived in Pasco County from April 2015 until April 2016, and from December 2020 to the present.

3. None of my arrests led to a conviction. The charges from my December 2015 and March 2016 arrests were dropped. My January 2016 arrest—

1

for failure to appear at a hearing for code citations issued by PSO—was resolved when the fines for the citations were satisfied by applying the bond payment made at the time of my arrest.

4. I was aware that I and my family were being harassed by PSO in 2015 and 2016, but I did not know about PSO's ILP Program or the official policies within the Program until 2020 when I spoke with a *Tampa Bay Times* reporter and read the article she published. I did not know that my son had been placed on a list; that he had been placed without notice or the opportunity to contest his placement; that we were receiving warrantless visits because he was on a list; that I was being targeted because of my association with someone on the list; or that I was arrested and received code citations pursuant to PSO's policy of heightened enforcement for listed people and their associates. I did not know that the harassment of me and my family by PSO deputies was carried out based on those policies until 2020.

5. Now that I'm living in Pasco County again, I'm fearful that the PSO's behavior will resume, and that deputies will harass, punish, or even arrest me again if they believe that I am not sufficiently complying with their demands.

6. The stress caused by PSO's constant harassment of me and my family harmed my relationship with my son, Bobby. It also caused my wife to move out of my home back in December 2015—after I was arrested the first time—because she could not handle the stress of PSO's visits and she was worried about being

arrested herself. I am still trying to put the pieces of my marriage and family together today.

7. Bobby lives and works in Tampa, Florida now. I stay in touch with him over the phone and talk with him at least three times a week, but I am afraid to go visit him because I worry that I'll be stopped and harassed by PSO. I've only visited him at his place once in the past two years. I'm also afraid to have my son visit me and the rest of his family at my home in Pasco County because I'm concerned that will invite more harassment from PSO.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 15, 2022.

_____
Robert A. Jones III