UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

        Plaintiffs,

v.                                       CASE NO.: 8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

        Defendant.
_____/

**UNOPPOSED MOTION FOR LEAVE TO FILE AFFIDAVIT IN SUPPORT OF DEFENDANT SHERIFF NOCCO'S RESPONSE IN OPPOSITION TO PLAINTIFFS' CORRECTED MOTION FOR SUMMARY JUDGMENT**

      Defendant Chris Nocco, in his official capacity as Pasco County Sheriff, requests the Court to accept the filing of the affidavit of Ross Brummett in support of Defendant's Response in Opposition to Plaintiffs' Corrected Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 7(b), 56 (c)(1)(a), 56(e), and states:

      1.     Plaintiffs filed their Corrected Motion for Summary Judgment on June 27, 2022. (Dkt. 160). Defendant filed his Amended Motion for Summary Judgment on June 28, 2022. (Dkt. 161). The Court then granted the request of the parties to extend the deadline for responses to these motions to July 25, 2022. (Dkt. 163).

2.     Defendant filed his Response in Opposition to Plaintiff's Corrected Motion for Summary Judgment on July 25, 2022. (Dkt. 182).

3.     On July 25, 2022 Defendant attempted to obtain a signed affidavit in support of the Defendant's response from Ross Brummett. Mr. Brummett previously provided data from the agency database that showed the number of reports during a given period of time and then of those, how many were marked related to a "prolific offender check". The substantive information of the affidavit is contained in exhibits already within the record (Dkt. 120-2) and were provided to Plaintiff in a Rule 26 disclosure on March 22, 2022. The purpose of the affidavit is to have Mr. Brummett explain how the data was obtained. While Mr. Brummett during his deposition explained how some of the data was collected, he was not specifically asked how the numbers contained in his affidavit were collected.

4.     While the affidavit was prepared, it could not be signed by Mr. Brummett because he was at a conference in North Carolina and did not have the ability to have it notarized. Once that issue was discovered and prior to the filing of the response, Plaintiff's counsel was notified of the issue and that Defendant would be seeking leave from the court. Defendant also noted on page 7, footnote 4 in his response that he would be filing a motion for leave to submit the affidavit of Ross Brummett.

5.      Mr. Brummett's affidavit was completed and sworn to on July 26, 2022 using a video notary. Defendant mistakenly filed the affidavit prior to getting the Court's approval. (Dkt. 183)

6.      **LOCAL RULE 3.01(G) CERTIFICATION** – Pursuant to Local Rule 3.01(g) counsel for the Sheriff contacted Plaintiffs' Counsel who stated he acknowledges that it is not timely but is not opposed to Defendant's Motion for Leave to File Affidavit of Ross Brummett in support of Defendant's Response in Opposition to Plaintiffs' Corrected Motion for Summary Judgment.

## MEMORANDUM OF LAW

In considering whether to accept a response out of time, Courts look to the same standards as those outlined in Federal Rule of Civil Procedure 6(b) for motions for extension of time. See *Fisher v. Office of State Attorney 13th Judicial Circuit Florida*, 162 Fed.Appx. 937 (11th Cir. 2006). "The Federal Rules of Civil Procedure allow a court to extend the time for an act to be done, even if the motion for an extension was filed after the deadline for the party to act, provided that the court finds excusable neglect. Fed. R. Civ P. 6(b)(1)(B).

Factors determinative in a Court finding excusable neglect are: "the danger of prejudice to the [non-movant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Shropshire v.*

*Bank of America*, 6:19-cv-878-Orl-37EJK, 2019 WL 12536571, at *1 (M.D. Fla. September 27, 2019) (citing *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997–98 (11th Cir.1997).

"Excusable neglect encompasses all relevant circumstances regarding the party's tardiness". *Gupta v. U.S. Att'y Gen.*, No. 6:17-CV-2188-ORL-41GJK, 2018 WL 7436131, at *2 (M.D. Fla. Apr. 9, 2018). This includes "circumstances beyond the party's control." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388, 395 (1993)).

Plaintiffs' counsel was made aware of the affidavit and the subject it covers on the day the response was due, and the affidavit being filed one day after the due date does not prejudice Plaintiff nor impact judicial proceedings. Plaintiff was already aware of the data cited in the affidavit and had this data prior to deposing Mr. Brummett in this matter. Defendant made a good faith attempt to obtain the affidavit and when the issue was discovered, immediately notified Plaintiffs' counsel by phone of the delay. Discussions with Plaintiffs' counsel included reference to the Rule 26 disclosure which contained all of the data being referenced in Mr. Brummett's affidavit. Defendant also dropped a footnote in the response identifying this issue and the subjects the affidavit would cover.

Using the factors identified in *Shropshire*, the Defendant has shown excusable neglect and Defendant requests the Court accept the affidavit of Ross Brummett in

support of Defendant's Response in Opposition to Plaintiffs' Corrected Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  26th  day of July, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  **Ari S. Bargil, Esquire** (*abargil@ij.org*), Institute For Justice, 2 S. Biscayne Boulevard, Suite 3180, Miami, Florida 33131; **Joshua A. House, Esquire** (*jhouse@ij.org*) and **Caroline Grace Brothers, Esquire** (*cgbrothers@ij.org*), Institute For Justice, 901 N. Glebe Road, Suite 900, Arlington, Virginia 22203; and **Robert E. Johnson, Esquire** (*rjohnson@ij.org*), Institute For Justice, 16781 Chagrin Boulevard, Suite 256, Shaker Heights, Ohio 44120.

     *s/ Robert Holborn, Esq.*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
Email: *poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
Email: *grant@debevoisepoulton.com*
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.: 0044186
Email: *holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010
1035 S. Semoran Boulevard
Winter Park, Florida  32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Attorneys for Defendant Sheriff Nocco