UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALANEA TAYLOR; TAMMY
HEILMAN; DARLENE DEEGAN;
and ROBERT A. JONES III,

    Plaintiffs,

v.                                      CASE NO.: 8:21-cv-00555-SDM-CPT

CHRIS NOCCO, in his official
capacity as Pasco County Sheriff,

    Defendant.
_____/

**DEFENDANT'S MOTION FOR ALTERNATIVE RELIEF: 1) TO ALLOW THE PARTIES TO FILE SEPARATE STATEMENTS OF FACT; 2) TO ENLARGE TIME FOR FILING SECOND AMENDED SUMMARY JUDGMENT MOTIONS AND STATEMENT OF FACTS BY 30 DAYS; OR 3) FOR CASE MANAGEMENT CONFERENCE**

Defendant Pasco Sheriff Chris Nocco, by and through undersigned counsel, moves the Court for alternative relief in the form of either 1) allowing the parties to file separate statements of fact, 2) an enlargement of time of 30 days[1] to file a joint statement of facts and summary judgment motions, or 3) for a Case Management Conference, and states:

    1.    On June 6, 2022, the Plaintiffs and the Defendant filed motions for summary judgment. (Dkts. 115, 139). On June 27, 2022, the Plaintiffs filed a

---

[1] As noted in Paragraph 9, Plaintiffs ask that any extension be limited to 14 days.

corrected motion for summary judgment and the Defendant filed an amended motion for summary judgment. (Dkts. 160, 161).

2. On December 21, 2022, the Defendant filed an unopposed motion to supplement the record, specifically to address changes in the relevant policies and procedures at issue in the litigation and to propose limited additional discovery to address those changes and their effect on the parties' corrected and amended summary judgment motions. (Dkt. 204)

3. The Court held a hearing on December 27, 2022, concerning the matters raised in the motion to supplement, and after discussing the matter with counsel entered an endorsed order denying without prejudice the operative motions for summary judgment and setting February 28, 2023 as the due date for renewed motions for summary judgment, pending the additional discovery. (Dkt. 211).

4. The Court additionally ordered the parties to work together to clearly "set forth the material facts to which they agree and do not agree." (Dkt. 211). Counsel for the parties understand the Court's Order to mean that, in addition to their renewed motions for summary judgment, they should file with the Court a separate, single document, setting forth these agreed facts, endeavoring to agree to as much as possible, and setting forth disagreements in a fashion which ties the disagreements to specific facts, for efficiency of review.

5. Counsel for Plaintiffs provided to defense counsel an initial proposed draft of stipulated facts on February 14, 2023. The proposed facts are lengthy and range from basic facts about structure of the Sheriff's Office to facts concerning individual instances involving the Plaintiffs, of which there are many. The document as it was originally submitted includes 364 individual paragraphs of proposed facts.

6. The parties on February 22, 2023, moved for additional time to resolve these factual issues (Dkt. 214) and the Court granted that motion on February 23, 2023, making the due date for summary judgment motions and the statement of facts March 14, 2023. (Dkt. 215). The Court's Endorsed Order again stated in part that "the parties shall file any amended motions for summary judgment, along with a joint notice setting forth the material facts to which they agree and do not agree."

7. Counsel for the Defendant and for Plaintiffs have worked diligently on revisions to the proposed facts to try to condense the effort into one document. Many drafts have been exchanged and the parties have held a half dozen or so conferences to work through the facts. Counsel currently believe they could offer the Court a series of basic facts agreed to as to the Sheriff's written policies at issue; but after discussion amongst counsel it is clear that the effort to frame the facts as to the Plaintiffs or their individual incidents (or to in some way incorporate additional facts that one side or the other deems material or important to context) would take substantial additional time. Specifically, the main issues that have arisen have to do

with characterizations of incidents involving Plaintiffs and deputies, or the desire of one party to place additional context to an assertion of fact by the other. Given the volume of the relevant facts each party deems worthy of inclusion, counsel do not believe that the parties could reach a conclusion in one document, plus corollary summary judgment motions, in the time remaining, i.e. by March 14, 2023.

8. Defense counsel proposes and respectfully requests one of three alternative forms of relief: 1) allow the parties to file one joint statement of fact which will be somewhat limited to written document and policy matters, with each then filing a separate statement of facts (with each party responding to the other's statement of facts when responding to summary judgment motions; 2) an enlargement of time of 30 days to file a joint statement of facts and summary judgment motions; or 3) for a Case Management Conference so that the parties may describe the hurdles they have encountered more fully and to get the Court's direction as to how to proceed.

9. Plaintiffs propose that if the Court opts to extend the deadlines it do so by 14 days, not 30. Defense counsel notes that he is on a docket beginning on Monday, March 27, 2023, in a state court action (*Lingard v. Seminole Sheriff*) and, should that trial occur as scheduled, defense counsel would have to set this matter aside significantly prior to arriving at counsels' hoped-for singular facts document, plus the summary judgment motion, itself.

10. **LOCAL RULE 3.01(G) CERTIFICATION** –Counsel for all parties agree with this motion except that, as noted, if the Court extends deadlines Plaintiffs prefer it be by 14 days, not 30.

11. WHEREFORE, Defendant Pasco Sheriff Nocco moves the Court for entry of an Order as to one of the three requests for relief described above.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b)(1)(A) states, "When an act may or must be done within a specified time, the court may, for good cause, extend the time [on motion]...if a request is made…before the original time or its extension expires." Such an application for extension of time under Rule 6(b)(1)(A) "normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." Wright and Miller, §4B Fed. Prac. & Proc. Civ. § 1165 (4th ed). The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline. *Jozwiak v. Stryker Corp.*, 2010 WL 743834, at *2 (M.D.Fla.2010) (granting motion to extend to respond filed on due date of response).

In this case, counsel for Plaintiffs and for the Defendant are earnestly working on a means to provide the Court with a single document setting forth facts which are agreed to, or not agreed to. But, in order for all parties to feel comfortable submitting this one document, many different aspects of dozens of individual incidents

involving the four Plaintiffs has to be explored. Counsel have tried to do so, and are still trying, but it is a complicated task given the volume of material involved.

Counsel do not wish to delay matters. But at the same time, for there to a singular document to respond to the Court's direction, this will involve well over 100 pages of facts, responses to same, and discussion of context.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Ari S. Bargil, Esquire** (*abargil@ij.org*), Institute For Justice, 2 S. Biscayne Boulevard, Suite 3180, Miami, Florida 33131; **Joshua A. House, Esquire** (*jhouse@ij.org*) and **Caroline Grace Brothers, Esquire** (*cgbrothers@ij.org*), Institute For Justice, 901 N. Glebe Road, Suite 900, Arlington, Virginia 22203; and **Robert E. Johnson, Esquire** (*rjohnson@ij.org*), Institute For Justice, 16781 Chagrin Boulevard, Suite 256, Shaker Heights, Ohio 44120.

    *s/ Thomas Poulton, Esq.*
THOMAS W. POULTON, ESQ.
Florida Bar No.: 0083798
Email: *poulton@debevoisepoulton.com*
JEFFREY K. GRANT, ESQ.
Florida Bar No.: 0091197
Email: *grant@debevoisepoulton.com*
ROBERT D. HOLBORN, II, ESQ.
Florida Bar No.: 0044186
Email: *holborn@debevoisepoulton.com*
DeBEVOISE & POULTON, P.A.
Lakeview Office Park, Suite 1010

1035 S. Semoran Boulevard
Winter Park, Florida 32792
Telephone:  407-673-5000
Facsimile:   321-203-4304
Attorneys for Defendant Sheriff Nocco