

# INSTITUTE FOR JUSTICE

June 9, 2023

**Via Electronic Filing**
Hon. Christopher Tuite
Magistrate Judge
United States District Court, Middle District of Florida
Sam M. Gibbons United States Courthouse
801 North Florida Avenue, Room 1248
Tampa, Florida 33602

      Re:    *Taylor, et al. v. Nocco,* Case No. 8:21-cv-00555-SDM-CPT
             Supplemental Authority

Dear Judge Tuite,

      The purpose of this correspondence is to provide the Court with a complete citation to a case discussed at oral argument on the parties' renewed motions for summary judgment, held on June 6, 2023. During the hearing, Plaintiffs' counsel cited a decision, in response to an argument raised by Defendant's counsel (initially offered in its reply brief), on the topic of the statute of limitations. The case cited by Plaintiff's counsel is *Birch v. City of New York*, 675 F. App'x 43, 45 (2d Cir. 2017).

      In Defendant's reply brief, and again at oral argument, Defendant's counsel represented that a case previously cited by Plaintiffs, *Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir. 1995), had been "squarely disavowed" by the Second Circuit. *See* Dkt. 249 at 7–8 (citing the Second Circuit's unreported decision in *Lawson v. Rochester City School District*, 446 F. App'x 327, 329 (2d Cir. 2011)). Plaintiff thus offers *Birch*, a decision handed down after *Lawson*, which reaffirms the principle first espoused in *Pinaud*—that the statute of limitations period in a *Monell* case does not begin "upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a [municipality's] 'policy or custom.'" *Birch*, 675 F. App'x at 45 (quoting *Pinaud*).

      A copy of *Birch* is attached for your convenience.

                                               Sincerely,

                                               Ari Bargil
                                             Senior Attorney

Enclosure

cc:    Thomas W. Poulton, *Counsel for Defendants* (via ECF)
       Robert D. Holborn, *Counsel for Defendants* (via ECF)

ARLINGTON      AUSTIN      CHICAGO      MIAMI      SEATTLE      TEMPE

2 South Biscayne Boulevard, Suite 3180  Miami, FL 33131  (305) 721-1600  (305) 721-1601 Fax
general@ij.org    www.ij.org/florida

**675 Fed.Appx. 43**
This case was not selected for
publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE
PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY
1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1
AND THIS COURT'S LOCAL RULE 32.1.1. WHEN
CITING A SUMMARY ORDER IN A DOCUMENT
FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING A
SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

Michael BIRCH, Plaintiff-Appellant,

v.

CITY OF NEW YORK, Raymond
Kelly, William J. Bratton, Joseph Fox,
Constantin Tsachas, Defendants-Appellees.[*]

16-1746
|
January 12, 2017

**Synopsis**
**Background:** Police officer filed § 1983 action against city and police officials alleging that he was retaliated against in violation of his First Amendment rights after he complained about arrest quotas imposed on him. The United States District Court for the Eastern District of New York, Cogan, J., 184 F.Supp.3d 21, dismissed complaint, and officer appealed.

**Holdings:** The Court of Appeals held that:

continuing violation doctrine was inapplicable to officer's claim, and

officer failed to demonstrate causal connection between his complaints and alleged retaliatory acts.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion to Dismiss.

**\*44** Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

**Attorneys and Law Firms**

FOR APPELLANT: Chukwuemeka Nwokoro, Nwokoro & Scolo, Esquires, New York, NY.

FOR APPELLEES: Jane L. Gordon (with Deborah A. Brenner on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

PRESENT: DENNIS JACOBS, ROBERT D. SACK, SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

Michael Birch appeals from the judgment of the United States District Court for the Eastern District of New York (Cogan, J.), dismissing his complaint in which he alleges claims under 42 U.S.C. § 1983 against various police officials (collectively "the Police Department") and the City of New York ("the City"). Birch, a member of the Police Department, alleges that he criticized what he viewed as an illegal "quota" system imposed by his supervisors, and suffered retaliation for his protected speech. The alleged retaliatory acts occurred in 2011, 2012, 2014, and 2015. His claims against the City are pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Dismissal for failure to state a claim is reviewed de novo. Smith v. Campbell, 782 F.3d 93, 98 (2d Cir. 2015). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Retaliation claims brought under § 1983 must be asserted within three years of the offending acts. Id. at 100 ("The Statute of Limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New

York State law."). Because the complaint was filed on January 5, 2016, any claims based on acts prior to January 5, 2013, would normally be found untimely. Birch attempts to preserve his claims on the ground that all of the retaliatory acts were part of a single "practice and pattern" that "continue[d] into the statutory [limitations] period." Appellant's Br. at 12, 13. But the continuing violations doctrine is inapplicable here.

Birch contends that he "alleged a continuous practice and pattern of punishing officers ... who speak out against ... the illegal quota." Appellant's Br. at 12. However, the complaint is based primarily on a series of discrete alleged retaliatory events such as punitive transfers, undesirable assignments, and poor performance reviews. Such "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." [1] Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); see Chin v. Port Auth., 685 F.3d 135, 157 (2d Cir. 2012) ("Discrete acts of this sort, which fall outside the limitations period, cannot be brought within it, even when undertaken pursuant to a general policy that results in **\*45** other discrete acts occurring within the limitations period."). Because the continuing violation doctrine does not apply, all of Birch's retaliation claims based on pre-2013 acts are time-barred.

Birch's complaint does allege some retaliatory acts in 2014 and 2015. However, these claims fail nevertheless because Birch does not plausibly allege "that there was a causal connection between the protected speech and the adverse action[s]." Dolan v. Connolly, 794 F.3d 290, 294 (2d Cir. 2015) (quoting Espinal v. Goord, 558 F.3d 119, 128 (2d Cir. 2009)). "A plaintiff may establish causation either directly through a showing of retaliatory animus, or indirectly through a showing that the protected activity was followed closely by the adverse action." Smith v. Cty. of Suffolk, 776 F.3d 114, 118 (2d Cir. 2015) (citing Cobb v. Pozzi, 363 F.3d 89, 108 (2d Cir. 2004)). Birch's brief does not argue causation based on a showing of retaliatory animus, so Birch must allege causation by demonstrating that his "protected activity was followed closely by ... adverse action." Id.

Birch cannot make that showing. He alleges that he engaged in protected speech in December 2011 and August 2012, but he concedes that he suffered no adverse employment actions between September 2012 and February 2014. Hence, Birch's earliest, non-time-barred retaliatory action occurred at least seventeen months after Birch's most recent exercise of protected speech. This interval is too long to support an inference of causation. See Burkybile v. Bd. of Educ., 411 F.3d 306 (2d Cir. 2005) (declining to find a causal connection when "more than a year passed between [the plaintiff's] accusations ... and the initiation of disciplinary proceedings"); see also Murray v. Visiting Nurse Servs., 528 F.Supp.2d 257, 275 (S.D.N.Y. 2007) ("[D]istrict courts within the Second Circuit have consistently held that the passage of two to three months between the protected activity and the adverse employment action does not allow for an inference of causation.").

Therefore, all of Birch's retaliation claims are either time-barred or fail to adequately allege causation. [2]

2. Birch's claims against the City, brought pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), are also untimely. This is true even though the statute of limitations for Birch's Monell claims might have began to run later than it did for his retaliation claims:

> Since an actionable [Monell] claim ... against a ... municipality depends on a harm stemming from the municipality's "policy or custom," ... a cause of action against the municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should be clear, that the harmful act is the consequence of a [municipality's] "policy or custom."

Pinaud v. Cty. of Suffolk, 52 F.3d 1139, 1157 (2d Cir. 1995) (citing Monell, 436 U.S. at 694, 98 S.Ct. 2018). In light of Pinaud, the limitations period for Birch's Monell claims did not begin until such time as he should have known that his adverse actions resulted from the City's "policy or custom."

Assuming that Birch plausibly alleged the existence of a "policy or custom" that ***46** resulted in a deprivation of his First Amendment rights, Birch should have known about such a custom by 2012 at the latest. By that time, Birch had received several poor performance ratings, which he claims were part of a program "used [by the Police Department] to unfairly punish police officers who refuse to meet the illegal 'performance goals' imposed upon them." App'x at 38. Because Birch's statutory limitations period began no later than 2012, his filing of the complaint in January 2016 falls outside the three-year statute of limitations. Smith v. Campbell, 782 F.3d 93, 100 (2d Cir. 2015).

For the foregoing reasons, and finding no merit in Birch's other arguments, we hereby **AFFIRM** the judgment of the district court.

**All Citations**

675 Fed.Appx. 43

---

**Footnotes**

\*  The Clerk of Court is respectfully directed to amend the caption as set forth above.

1  Birch also alleges that, as a result of the (retaliatory) performance reviews, he was barred from certain types of work and from receiving certain benefits for a time period extending into the statutory limitations period. He argues that his claims based on acts occurring before 2013 are therefore timely because they led to negative repercussions occurring in 2013 or later. That argument is foreclosed by Harris v. City of New York, which held that "a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act." 186 F.3d 243, 250 (2d Cir. 1999) (citing Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997)).

2  Given this conclusion, we need not consider the individual defendants' alternative argument that they are entitled to qualified immunity.

---